1 | REGINALD D. STEER (SBN 056324)
rsteer@akingump.com
2 | MARIA ELLINIKOS (SBN 235528)
mellinikos@akingump.com
3 | **AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, 15th Floor
4 | San Francisco, California 94104-1036
Telephone:      415-765-9500
5 | Facsimile:       415-765-9501

6 | Attorneys for Defendants
TRANSFIRST HOLDINGS, INC., TRANSFIRST, LLC and
7 | TRANSFIRST THIRD PARTY SALES, LLC

8 |                UNITED STATES DISTRICT COURT

9 |                NORTHERN DISTRICT OF CALIFORNIA

10 |                  (SAN FRANCISCO DIVISION)

11 | JUST FILM, INC., RAINBOW BUSINESS      CASE NO.      1993
SERVICES, D/B/A PRECISION TUNE AUTO
12 | CARE; VOLKER VON GLASENAPP; AND
JERRY SU, on behalf of themselves, the general       **DEFENDANTS TRANSFIRST HOLDINGS,**
13 | public and those similarly situated                 **INC., TRANSFIRST, LLC, TRANSFIRST**
                                                     **THIRD PARTY SALES, LLC, AND**
14 |               Plaintiff,                           **NORTHERN LEASING SYSTEMS, INC.'S**
                                                     **NOTICE OF REMOVAL OF ACTION**
15 | vs.                                                 **PURSUANT TO 28 U.S.C. §§ 1331, 1332,**
                                                     **1441, 1446, 1453**
16 | MERCHANT SERVICES, INC.; UNIVERSAL
CARD, INC.; NATIONAL PAYMENT PROCESS-
ING; UNIVERSAL MERCHANT SERVICES
17 | CORPORATION; ATLAS PAYMENT PROCESS-
ING; UNITED BANK CARD OF AMERICA, INC.;
18 | SPC, INC. d/b/a FIRST NATIONAL MERCHANTS
SOLUTIONS; MBF LEASING LLC; MBF
19 | MERCHANT CAPITAL, LLC; NORTHERN
FUNDING, LLC; NORTHERN LEASING
20 | SYSTEMS, INC.; CONGRESS FINANCIAL
CORPORATION; GOLDEN EAGLE LEASING
21 | LLC; LEASE SOURCE, INC.; LEASE FINANCE
GROUP, LLC; TRANSFIRST HOLDINGS, INC.;
22 | TRANSFIRST FINANCIAL INSTITUTIONS
SERVICES; TRANSFIRST INDEPENDENT
23 | SALES SERVICES; FIRST NATIONAL BANK OF
OMAHA; COLUMBUS BANK AND TRUST CO.;
24 | MERRICK BANK; THIRD FIFTH BANK; RBL
CAPITAL GROUP, LLC; WILLIAM HEALY;
25 | ROBERT LATOUSEK; JAY COHEN; RICH
HAHN; SARA KRIEGER; JASON MOORE; LINA
26 | KRAVIC; BRIAN FITZGERALD; SAM BUONO;
PETER DEPALMA; FIONA WALSHE; AND ERIC
27 | MADURA AND DOES 1 THROUGH 75

28 |               Defendants.

---

                              1

1   TO THE CLERK OF THE ABOVE-TITLED COURT:

2       PLEASE TAKE NOTICE THAT defendants TransFirst Holdings, Inc., TransFirst, LLC,

3   TransFirst Third Party Sales, LLC, and Northern Leasing Systems, Inc. (collectively, the "Removing

4   Defendants"), by and through their attorneys, hereby remove to this Court the state court action

5   described below, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453. In support thereof,

6   Removing Defendants state as follows:

7   ## I.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8       1.     On or about March 26, 2010, Plaintiffs Just Film, Inc., Rainbow Business Services,

9   D/B/A Precision Tune Auto Care, Volker Von Glasenapp, and Jerry Su (collectively "Plaintiffs")

10  commenced this putative class action by filing a complaint ("Complaint" or "Comp.") under the

11  caption of *Just Film, Inc., et al, v. Merchant Services, Inc., et al,* in the Superior Court for the State of

12  California, City and County of San Francisco, Case No. CGC-10-498225 (the "State Court Action").

13  True and correct copies of the Summons, Civil Case Cover Sheet, Complaint, Proof of Service of

14  Summons and Complaint, and Notice to Plaintiff of the Case Management Conference served on the

15  Removing Defendants are attached as Exhibit A to the Declaration of Maria Ellinikos in Support of

16  Defendants' Notice of Removal of Action ("Ellinikos Dec.").

17      2.     There have been no further proceedings in the State Court Action, and no other

18  pleadings have been filed and served upon Plaintiff or the Removing Defendants in this action.

19  Ellinikos Dec. ¶ 3.

20      3.     Each of the Removing Defendants was served with or otherwise received a copy of the

21  complaint and summons in the State Court Action on or after April 8, 2010. Therefore, this Notice of

22  Removal is timely pursuant to 28 U.S.C. § 1446(b), in that it has been filed by Removing Defendants

23  within thirty (30) days of the date of that receipt.

24      4.     The United States District Court for the Northern District of California is the judicial

25  district embracing the place where the State Court Action was filed by Plaintiffs and is therefore the

26  appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

27      5.     By filing this Notice of Removal, Removing Defendants do not waive any defense to

28  the claims asserted by Plaintiffs which may be available to them and do not concede that Plaintiffs

2

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  have pled any claims upon which relief can be granted. Removing Defendants dispute Plaintiffs'

2  individual and putative class action claims and contend only that the nature of Plaintiffs' putative class

3  claims as pled demonstrate that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332, and that

4  removal is proper under 28 U.S.C. §§ 1441 and 1453.

5       6.    No previous application has been made for the relief requested herein.

6       7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon

7  Plaintiffs' counsel and a copy is being filed with the clerk for the Superior Court for the State of

8  California, City and County of San Francisco.

9  **II.    REMOVAL IS PROPER UNDER 28 U.S.C § 1331**

10       8.    This action is a civil action of which this court has original, federal question jurisdiction

11  under 28 U.S.C. § 1331, and is one which may be removed to this Court by Removing Defendants

12  pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under 18 U.S.C. § 1962 *et seq.*

13  (RICO).

14       9.    Under 28 U.S.C. § 1367(a) and 1441(c), this Court may exercise supplemental

15  jurisdiction over Plaintiffs' state law claims. Plaintiffs' federal and state law claims arise from the

16  same series of events. *See* Comp. ¶¶ 141-172 (alleging RICO claim based on acts underlying

17  remaining state law claims).

18       10.    All defendants served with process as of this date consent in the removal of this action.

19  *See* Joinder in Defendants TransFirst Holdings, Inc., TransFirst, LLC, TransFirst Third Party Sales,

20  LLC, and Northern Leasing Systems, Inc.'s Notice of Removal filed by Merchant Services, Inc.,

21  Universal Card, Inc., National Payment Processing, Inc., Atlas Payment Processing, SPC, Inc. d/b/a/

22  First National Merchants Solutions, MBF Leasing, LLC, MBF Merchant Capital, LLC, Northern

23  Funding, LLC, Golden Eagle Leasing, LLC, Lease Finance Group, LLC, United Bank Card, Inc.,

24  Congress Financial Corporation, First National Bank of Omaha, Columbus Bank and Trust Company,

25  Merrick Bank, Fifth Third Bank, RBL Capital Group, LLC, William Healy, Jay Cohen, Rich Hahn,

26  Sara Krieger, Jason Moore, Lina Kravic, Sam Buono, Fiona Walshe and Eric Madura.

27       11.    Removing Defendants exercised due diligence to ascertain whether all named

28  defendants were served with process in the State Court Action. Ellinikos Dec. ¶ 4.

3

1    12.    Defendants Lease Source, Inc. and Brian Fitzgerald have not been served with process.

2  *See* Declaration of Seema Tendolkar in Support of Defendants' Notice of Removal of Action

3  ("Tendolkar Dec."), ¶¶ 2-3.

4    13.    Removing Defendants exercised due diligence to locate defendants Robert Latousek

5  and Peter DePalma by reaching out to the entities listed as the employers of these individuals in

6  Complaint ¶¶ 22 and 30.  Removing Defendants learned that neither of these defendants is affiliated

7  with any of the defendants listed in Complaint ¶¶ 22 and 30, or any other defendant in this action.

8  Tendolkar Dec. ¶ 4.

9    14.    Removing Defendants learned that no proof of service in the State Court Action is on

10  file for defendants Robert Latousek and Peter DePalma as of May 7, 2010.  Ellinikos Dec. ¶ 5.

11    15.    The entity Universal Merchant Services Corporation does not exist.  *Id.* at ¶ 6; *see also*

12  Compl. ¶ 4 (alleging that Merchant Services, Inc. operates under the name of Universal Merchant

13  Services Corporation).

14    16.    The entities TransFirst Financial Institution Services and TransFirst Independent Sales

15  Services do not exist.  Ellinikos Dec. ¶ 7; *see also* Compl. ¶ 14 (alleging that other TransFirst entities

16  have operated under the names of TransFirst Financial Institutions Services and TransFirst

17  Independent Sales Services).

18    17.    There are no grounds that would justify this Court declining to exercise its jurisdiction

19  pursuant to 28 U.S.C. § 1367(c).

20    **III.    REMOVAL IS ALSO PROPER UNDER 28 U.S.C § 1332**

21    18.    The case is also properly removed to this Court because this Court has subject-matter

22  jurisdiction over the case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) in

23  that Plaintiffs have filed a putative class action in which: (1) there are 100 or more members in

24  Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship

25  from some defendants; and (3) the claims of the proposed class members exceed the sum or value of

26  $5,000,000 in the aggregate.

27

28

4

1               **A.**    **Class Action Consisting of More than 100 Members**

2       19.     Plaintiffs purport to represent a nationwide class of "[a]ll persons and business who,

3 from March 26, 2000 to the present, contracted for merchant card services and/or related equipment

4 with any of the Defendants..." *See* Comp. ¶ 132.

5       20.     Plaintiffs state that the purported class is "composed of more than 100 persons." *See*

6 Comp. ¶ 134.

7       21.     Accordingly, this case is brought as a putative "class action" within the meaning of 28

8 U.S.C. § 1332(d)(2).

9               **B.**    **Diversity of Citizenship**

10      22.     Plaintiffs are entities that operate their principal place of business in the State of

11 California, and are therefore citizens of the State of California for purposes of determining diversity.

12 28 U.S.C. § 1331(c)(1).

13      23.     Defendant TransFirst Holdings, Inc. ("TFH") is, and was at the time Plaintiffs

14 commenced this action, a corporation with its principal place of business in Dallas, Texas, and is

15 therefore a citizen of Texas for purposes of determining diversity. 28 U.S.C. § 1331(c)(1).

16      24.     Accordingly, at least one proposed class member and one defendant are diverse,

17 satisfying the requirement of 28 U.S.C. § 1332(d)(2)(A).

18               **C.**    **The Amount In-Controversy Requirement Is Satisfied**

19      25.     The Complaint does not specify the amount of damages that Plaintiffs seek.

20      26.     Where the Complaint "does not specify the amount of damages sought, the removing

21 defendant must prove by a preponderance of the evidence that the amount in controversy requirement

22 [of CAFA] has been met." *See Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 683 (9th Cir. 2006)

23 (internal citations omitted). Under such circumstances, removal is proper where the pleadings and

24 evidence allow a court to reasonably determine that the value of the claims and the rights being

25 litigated exceed the relevant jurisdictional amount. *See Brill v. Countrywide Home Loans,* 427 F.3d

26 446, 448-49 (7th Cir, 2005); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404-05 (9th Cir.

27 1996). Moreover, the claims of the individual class members "shall be aggregated to determine

28

5

1  whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and
2  costs." 28 U.S.C. § 1332(d)(6).

3      27.     Although Plaintiffs do not specify the amount of damages they seek on their claims,
4  Removing Defendants submit that a preponderance of the evidence demonstrates that the aggregate
5  "matter in controversy" raised by the putative class claims exceeds the "sum or value of $5,000,000."
6  28 U.S.C. § 1332(d)(2), (d)(6).

7      a.  Plaintiffs purport to represent"[a]ll persons and business who, from March 26, 2000
8          to the present, contracted for merchant car services and/or related equipment with
9          any of the Defendants..." *See* Comp. ¶ 132. The size of the proposed class, as
10         defined in the Complaint, could be tens of thousands of individuals and entities.

11     b.  Affiliates of Defendant TFH, including but not limited to Defendants TransFirst,
12         LLC and TransFirst Third Party Sales, LLC, currently do business with more than
13         100,000 merchant customers, who collectively process an annual transaction
14         volume run rate of approximately $20 billion. *See* Declaration of Stephen Cadden
15         in Support of Defendants' Notice of Removal of Action, ¶ 2.

16     c.  Based on the allegations contained in the Complaint and the number of merchants
17         with whom affiliates of TFH have contracted, an award of as little as $50 per
18         merchant would, in and of itself, put the amount in controversy in this action well
19         over $5,000,000.

20     d.  Since March 26, 2000, Defendant Northern Leasing Systems, Inc. ("NLS") has
21         entered into no less than 50,000 credit card equipment finance leases. *See*
22         Declaration of Sara Krieger in Support of Defendants' Notice of Removal, ¶ 2.

23     e.  The Complaint alleges that credit card equipment was leased by Plaintiffs for $4800
24         while the "same equipment can be purchased new for less than $500." Comp. ¶ 65.
25         Accordingly, an award of $4300 per NLS equipment lease would put the amount in
26         controversy for this issue alone well over $5,000,000.

27     f.  Plaintiffs allege two claims for racketeering activity under which they seek treble
28         damages and attorneys' fees. Comp. ¶¶ 141-172 (alleging RICO claim based on

                                           6

1     acts underlying remaining state law claims).  Given the breadth of the proposed

2     class, the amount sought by each individual or entity under these claims alone need

3     only be modest for the aggregated amount in controversy to exceed $5,000,000.

4     g.  Plaintiffs also allege claims for fraud, negligent misrepresentation, false advertising,

5     breach of contract, breach of the duty of good faith and fair dealing, and deceptive

6     trade practices.  Given the breadth of the proposed class, the amount sought by each

7     individual or entity under these claims alone need only be modest for the aggregated

8     amount in controversy for these claims to exceed $5,000,000.

9     h.  Plaintiffs also seek compensatory damages, punitive damages, and attorneys' fees.

10     Each of these claims for damages is properly included in the calculation for the

11     amount in controversy.  *See Richmond v. Allstate Ins. Co.,* 897 F.Supp 447 (S.D.

12     Cal. 1995); *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp. 2d 1004, 1009 (N.D.

13     Cal. 2002).

14     i.  Plaintiffs declined to stipulate that the amount in controversy in this action is less

15     than $5,000,000.  Tendolkar Dec. ¶ 5.

16     28.    Based on the foregoing, Removing Defendants are informed and believe that the

17     amount in controversy easily exceeds $5,000,000, satisfying the requirement of  28 U.S.C. §

18     1332(d)(2), although the Removing Defendants assert that Plaintiffs are not entitled to any relief in this

19     action.

20     //

21     //

22     //

23     //

24     //

25     //

26     //

27     //

28     //

1    WHEREFORE, Removing Defendants request that the above-titled action now pending against

2  them in the Superior Court of California, County of San Francisco, be removed therefrom to this

3  Court.

4

5  Dated: May 7, 2010                                  Respectfully submitted,

6                                                      AKIN GUMP STRAUSS HAUER & FELD LLP

7                                              By   _Maria Ellinikos_
                                                         Maria Ellinikos
8                                              Attorneys for Defendants TRANSFIRST
                                               HOLDINGS, INC., TRANSFIRST, LLC and
9                                              TRANSFIRST THIRD PARTY SALES, LLC

10  Dated: May 7, 2010                           MITCHELL SILBERBERG & KNUPP LLP
                                                 11377 West Olympic Blvd.
11                                               Los Angeles, CA 90064
                                                 Telephone: 310 312-3179
12                                               Fax: 310 312-3100

13
                                               By   _Adam Levin / ME_
14                                                       Adam Levin
                                               Attorneys for Defendant NORTHERN LEASING
15                                             SYSTEMS, INC.

16       I, Maria Ellinikos, am filing this Notice of Removal and hereby attest that Adam Levin

17  concurred in this filing.
                                               _Maria Ellinikos_
18                                                   Maria Ellinikos

19

20

21

22

23

24

25

26

27

28

                                               8
DEFENDANTS' NOTICE OF REMOVAL OF ACTION