IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MERCHANT SERVICES, INC., et al.,<br><br>    Defendants.<br>_____/<br><br>AND ALL RELATED CROSS-CLAIMS<br>_____/ | No. C 10-1993 CW<br><br>ORDER DENYING DEFENDANTS UNIVERSAL CARD, INC.; NATIONAL PAYMENT PROCESSING, INC.; AND JASON MOORE'S MOTION TO AMEND THE COURT'S NOVEMBER 29, 2010 ORDER, DENYING AS MOOT DEFENDANTS UNIVERSAL CARD, INC.; NATIONAL PAYMENT PROCESSING, INC.; AND JASON MOORE'S MOTION TO SHORTEN TIME AND TRANSFIRST ENTITIES AND COLUMBUS BANK AND TRUST'S MOTION TO DISMISS FOR IMPROPER VENUE, AND DENYING WITHOUT PREJUDICE DEFENDANTS UNIVERSAL CARD, INC.; NATIONAL PAYMENT PROCESSING, INC.; AND JASON MOORE'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br>(Docket Nos. 121, 186, 188 and 195) |

Defendants Universal Card, Inc.; National Payment Processing, Inc.; and Jason Moore (collectively, Movants) move to amend the Court's Order of November 29, 2010 and to shorten time for the briefing and the hearing on their motion to amend. Plaintiffs Just Film, et al., oppose the motion to amend. The motions were taken under submission on the papers. Thereafter, Movants sought partial summary judgment against Plaintiffs. Having considered the papers

submitted by the parties, the Court DENIES Movants' motion to amend, DENIES as moot Movants' motion to shorten time and DENIES without prejudice Movants' motion for partial summary judgment. Because TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC (collectively, TransFirst) and Columbus Bank and Trust Company (CB&T) are no longer Defendants in this action, their motion to dismiss for improper venue is DENIED as moot.

BACKGROUND

The Court's November 29, 2010 Order addressed seven motions to dismiss filed by Defendants. Based on a contractual provision requiring arbitration in Colorado, TransFirst and CB&T moved to dismiss for improper venue. The arbitration clause was purportedly contained in Merchant Card Processing Agreements (MCPAs) entered into by TransFirst, CB&T, and Plaintiffs Just Film, and its owner Volker Von Glasenapp; Rainbow Business Services d/b/a Precision Tune Auto Care, and its owner Jerry Su; Burlingame Motors, and its owner Verena Baumgartner; and Dietz Towing, Inc., and its owner Terry Jordan (collectively, Arbitration Plaintiffs). The arbitration clause on which TransFirst and CB&T relied did not apply to Plaintiffs The Rose Dress and Lewis Bae.[1] Although the other Defendants did not oppose TransFirst and CB&T's motion to dismiss, no other Defendant joined the motion or moved for similar relief. See Consol. Reply in Support of Mots. to Dismiss 6:10-12.

Movants sought to dismiss portions of Plaintiffs' complaint for failure to state a claim. With regard to Plaintiffs' claims for breach of contract and breach of the implied covenant of good

---

[1] These Plaintiffs purportedly entered into an MCPA with Fifth Third Bank and Fifth Third Processing Solutions, Inc.

2

faith and fair dealing, Movants asserted that they "are not parties to any of the alleged contracts" and that it "goes without saying that movants cannot breach a contract to which they are not parties." Merchant Servs., Inc., et al., Mot. to Dismiss 5:3-4. The contracts Movants disavowed included Arbitration Plaintiffs' MCPAs, which contained the contested arbitration clause on which TransFirst and CB&T relied.

The Court reserved its decision on TransFirst and CB&T's motion to dismiss for improper venue. Arbitration Plaintiffs asserted that the inclusion of the arbitration clause at issue was the product of fraud. To resolve this threshold matter, the Court allowed TransFirst, CB&T and Arbitration Plaintiffs to undertake limited discovery and to file cross-motions for partial summary judgment concerning the alleged fraud.

The Court granted Movants' motion to dismiss Plaintiffs' breach of contract claims, agreeing that the contracts at issue, including Arbitration Plaintiffs' MCPAs, did not name Movants as parties.

Since November 29, Plaintiffs have voluntarily dismissed their claims against several Defendants. On January 18, 2011, Plaintiffs voluntarily dismissed their claims against TransFirst. On January 19, 2011, they voluntarily dismissed their claims against CB&T.

DISCUSSION

Movants ask the Court to amend its November 29 Order so as to require Plaintiffs to respond to discovery propounded by TransFirst and CB&T before the claims against them were dismissed from this action. Movants also ask that the Order be amended to enable them to move for partial summary judgment regarding the enforceability

3

of the arbitration clauses, in the place of TransFirst and CB&T. Movants assert that, if the Court summarily adjudicates that the arbitration clauses in the MCPAs are enforceable, they intend to move to compel arbitration.[2]

Movants have not established good cause to amend the November 29 Order. That Order permitted TransFirst, CB&T and Arbitration Plaintiffs to undertake limited discovery in order to resolve TransFirst and CB&T's motion to dismiss for improper venue. As noted above, Movants neither joined that motion nor moved for similar relief. Because TransFirst and CB&T are no longer Defendants in this action, their motion to dismiss is denied as moot. The discovery and cross-motions for partial summary judgment related to TransFirst and CB&T's motion are no longer necessary to resolve that motion. Because the November 29 Order did not authorize Movants to seek, at this time, partial summary judgment on this point, their motion for partial summary judgment is denied without prejudice.

CONCLUSION

For the foregoing reasons, Movants' request to amend the Court's Order of November 29, 2010 is DENIED (Docket No. 186). The Court DENIES as moot their motion to shorten time (Docket No. 187) and TransFirst and CB&T's motion to dismiss for improper venue (Docket No. 121). Movants' motion for partial summary judgment is DENIED without prejudice. (Docket No. 195.)

---

[2] Notably, in their motion to dismiss, Movants asserted that they were not parties to MCPAs and, by extension, the contested arbitration clauses. Now, in their motion to amend, they suggest that they are entitled to avail themselves of contractual provisions they explicitly disavowed.

4

Because cross-motions for summary judgment based on TransFirst and CB&T's motion to dismiss for improper venue will not be filed, Plaintiffs shall file their second amended complaint (2AC) within fourteen days of the date of this Order. Defendants shall answer or move to dismiss the 2AC fourteen days after it is filed. Any motion to dismiss shall not seek dismissal of claims that have already been found cognizable, nor shall it repeat any arguments previously rejected by the Court. If Defendants intend to move to dismiss Plaintiffs' 2AC, those represented by the same counsel shall support their motion in a consolidated opening brief. Plaintiffs' opposition to the motions to dismiss shall be contained in a consolidated brief not to exceed forty-five pages filed fourteen days thereafter. Defendants may file their replies seven days after that. The motions will be decided on the papers, unless the Court sets a hearing. As stated in the Court's November 29 Order, the Merchant Services Companies, Jason Moore, Alicyn Roy and Fiona Walshe need not answer the claims the Court has already found cognizable until fourteen days after the Court enters an order on any motion to dismiss the 2AC.

The case management conference, previously scheduled for March 31, 2011, is continued to May 31, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: March 4, 2011

CLAUDIA WILKEN
United States District Judge