1
2
3
4
5
6
7       IN THE UNITED STATES DISTRICT COURT

8       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

**United States District Court**
**For the Northern District of California**

10                                    No. C 10-1993 CW

JUST FILM, INC., et al.,

11                                    ORDER GRANTING
            Plaintiffs,              SCHEIN & CAI, LLP'S
12                                    MOTION FOR
       v.                            WITHDRAWAL AS
13                                    COUNSEL FOR
MERCHANT SERVICES, INC., et al.,     DEFENDANTS,
14                                    CROSS-CLAIMANTS AND
            Defendants.              CROSS-DEFENDANTS
15 _____/ ATLAS PAYMENT
                                      PROCESSING; FIONA
16 AND ALL RELATED CROSS-CLAIMS       WALSHE; ANTHONY
   _____/ KUTSCHER; ROVER
17                                    ENTERPRISES, INC.;
                                      PROTÉGÉ
18                                    INVESTMENTS, INC.;
                                      AND MERCHANT
19                                    SERVICES F.A.,
                                      INC.
20                                    (Docket No. 193)

21

22      Attorneys James Cai and Seth W. Wiener, of Schein & Cai, LLP,

23 move to be relieved as counsel for Defendant Atlas Payment

24 Processing; Defendant, Cross-Claimant and Cross-Defendant Fiona

25 Walshe; and Cross-Claimants and Cross-Defendants Anthony Kutscher,[1]

26 Rover Enterprises, Inc., Protégé Investments, Inc. and Merchant

27      [1] Defendant Kutscher is currently in bankruptcy.  Thus, all
   proceedings against him in this case must be stayed.  (Docket No.
28 181.)

Services F.A., Inc. (collectively, Atlas Parties).  The Atlas Parties; Plaintiffs Just Film, Inc., et al.; and the other Defendants did not respond to Cai and Wiener's motion.

Cai and Wiener assert that their withdrawal is necessary based on Rule 3-700(C)(2) of the California Rules of Professional Conduct, which provides that "a member may not request permission to withdraw in matters pending before a tribunal . . . unless such request or such withdrawal is because . . . [t]he continued employment is likely to result in a violation of these rules or of the State Bar Act."  Cai and Wiener maintain that certain undisclosed conflicts of interest have arisen among the Atlas Parties.  Thus, Cai and Wiener assert, they must withdraw as counsel for the Atlas Parties.

Having considered the papers filed by Cai and Wiener, the Court GRANTS their motion.  (Docket No. 193.)  In accordance with Civil L.R. 11-5(b), Cai and Wiener are permitted to withdraw as counsel for the Atlas Parties on the condition that, for forwarding purposes, they continue to receive papers filed in this action until each of the Atlas Parties appears <u>pro se</u>, if possible, or through new counsel.  Cai and Wiener shall inform each of the Atlas Parties of this Order and the effect this Order has on that party in this action.

Atlas Payment Processing, Rover Enterprises, Protégé Investments, and Merchant Services F.A. are apparently legal entities.  Such entities must be represented by an attorney authorized to appear before the Court.  <u>In re Am. W. Airlines</u>, 40 F.3d 1058, 1059 (9th Cir. 1994) (citing <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194 (1993)).  If, by April 11, 2011, new counsel

has not appeared for these entity Defendants, any party having claims against them may ask the Clerk to enter default against them, and the Clerk shall do so.  Thirty days after the Clerk's entry of default, parties having claims against these entity Defendants shall move for default judgment.

　　　　IT IS SO ORDERED.


Dated: 3/15/2011

CLAUDIA WILKEN
United States District Judge