United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MERCHANT SERVICES, INC., et al.,<br><br>    Defendants.<br>_____/<br><br>AND ALL RELATED CROSS-CLAIMS<br>_____/ | No. C 10-1993 CW<br><br>ORDER GRANTING PLAINTIFFS' <u>EX PARTE</u> APPLICATION FOR TEMPORARY RESTRAINING ORDER, GRANTING IN PART DEFENDANT SKS ASSOCIATES'S MOTION TO ADJOURN RETURN DATE AND ENLARGE TIME, AND CONCERNING BRIEFING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION<br>(Docket Nos. 227 and 231) |

    On March 22, 2011, Plaintiffs Just Film, Inc., et al., filed a motion for a preliminary injunction against Defendant SKS Associates. Because Plaintiffs set the motion for hearing on May 5, 2011, SKS's response is due April 14, 2011. On April 4, 2011, SKS moved to "adjourn the return date" for Plaintiffs' motion for a preliminary injunction and to extend its deadline to respond to Plaintiffs' motion to May 5, 2011. On April 6, 2011, Plaintiffs filed an <u>ex parte</u> application for a temporary restraining order (TRO) against SKS, seeking the same injunctive relief they request in their motion for a preliminary injunction. On April 7, 2011, SKS responded to Plaintiffs' application for a TRO.

    Plaintiffs seek to enjoin SKS from withdrawing funds from Plaintiff Erin Campbell's and putative class members' bank accounts for fees and taxes they allegedly did not owe. Plaintiff Campbell

maintains that, on March 9, 2011, she received a letter from SKS indicating that she owed "certain taxes and related fees" on her lease with SKS's alleged predecessor-in-interest. Campbell Decl. ¶ 3, Ex. A. That lease was terminated in June 2007. Shortly after receiving the letter, SKS attempted to debit a bank account previously held by Plaintiff; it was ultimately unsuccessful because the bank account had been closed in 2007. Campbell contacted SKS about its letter and attempted debit. Campbell was told that the debit was for "unpaid taxes" and that, if she did not pay, the charge would be referred to a collection agency and that her credit report may be adversely impacted. Id. ¶ 5. SKS has not substantiated the amount it asks Campbell to pay.

Plaintiffs' application for a TRO is GRANTED. (Docket No. 231.) Plaintiffs have sufficiently demonstrated that SKS is withdrawing or attempting to withdraw funds to which it may not be entitled from Plaintiff Erin Campbell's and putative class members' bank accounts. Plaintiffs have also shown that SKS is threatening Campbell and putative class members with taking adverse action concerning their credit report. Further, Plaintiffs have demonstrated that they may suffer irreparable harm from SKS's conduct. SKS was apparently formed in March 11, 2011 and allegedly is related to a set of shell companies operated by other Defendants in this action. The failure to enjoin SKS may result in, among other things, Plaintiffs' and putative class members' inability to recover their funds at a later date. Plaintiffs have shown that the balance of hardships tips in their favor. SKS's response to Plaintiffs' application does not indicate that SKS will suffer any hardship if a TRO were to enter. Further, the public interest

2

weighs in favor of temporarily enjoining SKS.  The TRO will be issued in a separate document.

The Court GRANTS in part SKS's motion to extend time to respond to Plaintiffs' motion for a preliminary injunction. (Docket No. 227.)  SKS may respond to Plaintiffs' motion for a preliminary injunction on April 28, 2011 so long as it stipulates to extend the expiration date of the TRO to May 5, 2011.  If SKS so stipulates, Plaintiffs' reply in support of its motion for a preliminary injunction shall be due May 2, 2011.  A hearing on Plaintiffs' motion for a preliminary injunction will be held on May 5, 2011 at 2:00 p.m.

If SKS declines to so stipulate, by April 12, 2011, SKS shall show cause why a preliminary injunction should not enter.  In that event, Plaintiffs' reply in support of their motion for a preliminary injunction would be due April 14, 2011, and the motion would be heard on April 21, 2011 at 2:00 p.m.

IT IS SO ORDERED.

Dated: April 8, 2011

CLAUDIA WILKEN
United States District Judge