IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC.; RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; BURLINGAME MOTORS, INC.; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; LEWIS BAE; and ERIN CAMPBELL, on behalf of themselves, the general public and those similarly situated, <br><br>        Plaintiffs, <br><br>    v. <br><br> MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES, LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING, LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; GOLDEN EAGLE LEASING, LLC; LEASE SOURCE-LSI, LLC; LEASE FINANCE GROUP, LLC; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; BRIAN FITZGERALD; SAM BUONO; MBF MERCHANT CAPITAL, LLC; RBL CAPITAL GROUP, LLC; WILLIAM HEALY; JOSEPH I. SUSSMAN; JOSEPH I. SUSSMAN, PC; and SKS ASSOCIATES, LLC, <br><br>        Defendants. <br> ──────────────────────────────────/ <br> AND ALL RELATED CROSS-CLAIMS <br> ──────────────────────────────────/ | No. C 10-1993 CW <br><br> ORDER DENYING WITHOUT PREJUDICE DEFENDANT SKS ASSOCIATES, LLC'S MOTION TO STAY AND MBF MERCHANT CAPITAL AND WILLIAM HEALY'S MOTION FOR SANCTIONS (Docket Nos. 283 and 285) |

Defendant SKS Associates, LLC, moves to stay all proceedings against it pending its appeal of the Court's order denying its motion to compel arbitration. MBF Merchant Capital, LLC, and William Healy move for sanctions against Plaintiffs. Plaintiffs oppose the motions. The motions will be decided on the papers.

I.   SKS's Motion to Stay Pending Appeal

Courts have discretion to stay an action pending appeal of an order denying a motion to compel arbitration. Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); see also Perry v. Schwarzenegger, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010). The first two factors of this standard "are the most critical." Nken v. Holder, 129 S. Ct. 1749, 1761 (2009). Once these factors are satisfied, courts then assess "the harm to the opposing party" and weigh the public interest. Id. at 1762.

For the reasons stated in its June 13, 2011 Order denying SKS's motion to compel arbitration, the Court does not conclude that SKS is likely to succeed on the merits of its appeal. Nor does the Court find that SKS will face irreparable harm at this time. SKS may renew its motion for a stay at a later date if it can establish that discovery has become unduly burdensome. Alternatively, SKS may renew its motion in advance of any class certification proceedings. Any renewed motion to stay should be accompanied by some evidence that the monies SKS seeks to collect from Campbell are for taxes actually owed and paid during her lease term, which elapsed approximately four years before SKS sought to recover them.

This decision is not inconsistent with the Court's ruling in McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140 (N.D. Cal.

2009).  There, a stay was warranted because a decision on the plaintiff's fully-briefed class certification motion depended on matters being decided on appeal.  This case is not yet at that stage of litigation.

Accordingly, SKS's motion to stay is DENIED without prejudice.  (Docket No. 283.)  SKS may renew its motion at a later date if it can demonstrate that discovery has become unduly burdensome.  Alternatively, it may seek a stay as class certification proceedings approach.

II.  MBF Merchant Capital and Healy's Motion for Sanctions

Pursuant to Federal Rule of Civil Procedure 11, MBF Merchant Capital and Healy seek sanctions against Plaintiffs and their counsel.  They contend that Plaintiffs' allegations against them were false, that Plaintiffs' counsel failed to conduct an adequate investigation and that Plaintiffs did not have any good faith basis to bring claims against them.

When a defendant moves for Rule 11 sanctions based on a plaintiff's complaint, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)).  Here, the second prong of this test is not met.  As detailed further in the Court's orders on Defendants' motions to dismiss, this case has involved various legal entities with similar names and apparently common officers.  Thus, it is understandable that, given the limited facts they had about Defendants,

3

Plaintiffs' counsel endeavored to name all the appropriate entities and individuals.  The Court finds no evidence of improper purpose on the part of Plaintiffs' counsel.  Indeed, this case remains in its early stages.  Although Plaintiffs' claims against Healy and MBF Merchant Capital have been dismissed, they may seek leave to amend their complaint if discovery reveals evidence supporting claims against these Defendants.

Under the complicated circumstances of this case, sanctions are not justified.  Accordingly, MBF Merchant Capital and Healy's motion is DENIED.  (Docket No. 285.)

IT IS SO ORDERED.

Dated: 8/30/2011

CLAUDIA WILKEN
United States District Judge