IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC.; RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; BURLINGAME MOTORS, INC.; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; LEWIS BAE; and ERIN CAMPBELL, on behalf of themselves, the general public and those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES, LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING, LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; GOLDEN EAGLE LEASING, LLC; LEASE SOURCE-LSI, LLC; LEASE FINANCE GROUP, LLC; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; BRIAN FITZGERALD; SAM BUONO; MBF MERCHANT CAPITAL, LLC; RBL CAPITAL GROUP, LLC; WILLIAM HEALY; JOSEPH I SUSSMAN; JOSEPH I. SUSSMAN, P.C.; and SKS ASSOCIATES, LLC,<br><br>　　　　Defendants.<br>_____/ | No. C 10-1993 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO DISMISS ALL CLAIMS BY "BURLINGAME MOTORS, INC." AND AMEND THE SECOND AMENDED COMPLAINT (Docket No. 327) |

　　　Plaintiffs seek leave to dismiss all claims by Plaintiff Burlingame Motors, Inc. and to file an amendment to the Second Amended Complaint (2AC) to clarify that Burlingame Motors is a fictitious business name of Plaintiff Verena Baumgartner.

Defendants oppose only Plaintiffs' request to amend the 2AC. The Court takes Plaintiffs' motion under submission on the papers. Having considered the arguments made by both parties in their papers, the Court GRANTS Plaintiffs' motion.

BACKGROUND

Plaintiffs' counsel state that they erroneously plead in their first and second amended complaints that there was an entity called "Burlingame Motors, Inc." and that Baumgartner was its President and majority shareholder, when in fact Baumgartner does business as Burlingame Motors, which is a sole proprietorship and not a corporation. Mot. at 1. Both complaints named Baumgartner and Burlingame Motors, Inc. each as Plaintiffs. Plaintiffs' counsel copied the incorrect information from another document and Baumgartner, who speaks English as a second language, did not notice the error when reviewing the complaints before filing. Simplico Decl. ¶ 3.

Plaintiffs' counsel represent that they realized their mistake when preparing for depositions in early December 2011. Id. at ¶ 5; Mot. at 2. Shortly thereafter, on December 7, 2011, they notified Defendants of the error and corresponded with Defendants regarding Plaintiffs' requested stipulation to the instant amendment of the 2AC until January 3, 2012. Simplico Decl. ¶ 5, Ex. C. Defendants declined to stipulate on that date. Id. Plaintiffs filed the instant motion on January 5, 2012.

2

Defendants conducted a deposition of Baumgartner on January 11, 2012, more than a month after Plaintiffs notified them of the pleading mistake regarding the corporate status of Burlingame Motors and after Plaintiffs filed the instant motion. Simplico Reply Decl. ¶ 2. During that deposition, Defendants questioned Baumgartner about the business she conducted under the fictitious name Burlingame Motors. Id.

LEGAL STANDARD

Generally, Federal Rule of Civil Procedure 15(a) provides for liberal allowance of amendments to pleadings. Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531 (N.D. Cal. 1989) (citing Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)).

If a party seeks to amend the pleadings after the deadline to do so as established by a case management order, Rule 16(b) applies. Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Pro. 16(b).

DISCUSSION

Defendants argue that the proposed amendment would add a new plaintiff to this case and thus would be subject to the December 1, 2011 deadline to add additional parties or claims set in the

3

case management order.  See Docket No. 276.  Because Plaintiffs' motion was made after that date, Defendants argue that Plaintiffs must meet the standard required to amend the case management order set forth under Rule 16.

Defendants' argument is unpersuasive.  Baumgartner is already a party to this action.  She is the real party in interest for claims based on alleged wrongs suffered while she was doing business as Burlingame Motors.  See, e.g., York Group, Inc. v. Wuxi Taihu Tractor Co., 632 F.3d 399, 403 (7th Cir. 2011) ("A proprietorship is just a name that a real person uses when doing business . . . [The names of the proprietorship and the proprietor] are two names for the same person."); Asdourian v. Araj, 38 Cal. 3d 276, 284-85 (1985), superseded by statute on other grounds as stated in Pacific Custom Pools, Inc. v. Turner Construction Co., 79 Cal. App. 4th 1254, 1261 (2000) (in essence, a sole proprietorship is the individual).  While Defendants assert that Baumgartner in her "individual capacity" is distinct from "Baumgartner d/b/a Burlingame Motors" and would constitute two separate parties, Defendants cite no authority in support.

Further, even if Baumgartner were not already a plaintiff, when "an honest mistake has been made in choosing the party in whose name the action is to be filed," Rule 17 requires a court to allow a "reasonable time" for "the real party in interest to ratify, join, or be substituted into the action."  Federal Rule of Civil Procedure 17(a), advisory committee's note to 1966 amends.

Thus, the Court will analyze the motion under Rule 15. Defendants do not argue that Plaintiffs should not be granted

4

leave to amend under Rule 15 and thus do not meet their burden to show that leave should not be granted.

Accordingly, the Court GRANTS Plaintiffs' motion. Plaintiffs shall promptly file a third amended complaint incorporating the changes to paragraphs 4 and 8 of the 2AC contained in their proposed amendment. See Civil Local Rule 10-1 ("Any party filing . . . an amended pleading must reproduce the entire . . . pleading and may not incorporate any part of a prior pleading by reference.").

Defendants request that, if Plaintiffs' motion is granted, they be permitted to depose Baumgartner doing business as Burlingame Motors. The Court DENIES Defendants' request without prejudice to Defendants re-raising the issue in a discovery motion before the Magistrate Judge. In any such motion, Defendants shall explain what questions they would ask Baumgartner that they did not know to ask her during the January 11, 2012 deposition, given that they already knew of the pleading error at that time.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to dismiss all claims by Plaintiff Burlingame Motors, Inc. and amend the 2AC (Docket No. 303).

IT IS SO ORDERED.

Dated: 2/2/2012

CLAUDIA WILKEN
United States District Judge

5