IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC.; RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; BURLINGAME MOTORS, INC.; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; LEWIS BAE; and ERIN CAMPBELL, on behalf of themselves, the general public and those similarly situated, | No. C 10-1993 CW<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT (Docket No. 337) |

Plaintiffs,

v.

MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES, LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING, LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; GOLDEN EAGLE LEASING, LLC; LEASE SOURCE-LSI, LLC; LEASE FINANCE GROUP, LLC; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; BRIAN FITZGERALD; SAM BUONO; MBF MERCHANT CAPITAL, LLC; RBL CAPITAL GROUP, LLC; WILLIAM HEALY; JOSEPH I. SUSSMAN; JOSEPH I. SUSSMAN, P.C.; and SKS ASSOCIATES, LLC,

Defendants.

_____/

Moving Defendants Merchant Services, Inc., Universal Card, Inc., National Payment Processing, Inc., Universal Merchant Services, LLC, Jason Moore, Eric Madura, Nathan Jurczyk, Robert Parisi and Alicyn Roy (hereinafter, Movants) move for partial summary judgment on the claims brought against them by Plaintiff

Volker Von Glasenapp. Plaintiffs oppose the motion. The Court took the motion under submission on the papers. Having considered the papers filed by both parties, the Court DENIES the motion for partial summary judgment.

## BACKGROUND

The parties do not dispute the facts material to this motion.

On March 26, 2010, Von Glasenapp, among others, instituted this putative class action lawsuit, bringing claims against numerous Defendants, including Movants, for violations of the Racketeer Influenced and Corrupt Organizations Act, the Fair Credit Reporting Act, the Unfair Competition Law and the False Advertising Law, and for common law fraud, misrepresentation, breach of contract and conversion.

On August 31, 2010, Von Glasenapp filed an individual Chapter 7 bankruptcy petition. Chapter 7 Voluntary Petition, In re von Glasenapp, Case No. 10-13389 (Bankr. N.D. Cal.), Docket No. 1.[1] While Von Glasenapp informed the attorney who prepared the bankruptcy petition of the case before this Court, the attorney failed to include any reference to it in Von Glasenapp's

---

[1] Both parties request that the Court take judicial notice of certain documents filed in the bankruptcy action. Because these filings are "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy cannot be readily questioned," the Court grants their requests and takes judicial notice of all filings in the docket of the bankruptcy case. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006)(recognizing that a court "may take judicial notice of court filings and other matters of public record").

2

bankruptcy filing. Id.; Von Glasenapp Decl. ¶¶ 5-6. Von Glasenapp "did not notice or understand the oversight." Von Glasenapp Decl. ¶ 6.

On October 6, 2010, Von Glasenapp attended the Initial Meeting of Creditors in the bankruptcy proceeding. Id. at ¶ 7. At the meeting, he orally informed the trustee's representative of this litigation. Id.

On December 7, 2010, the Bankruptcy Court granted the bankruptcy petition and discharged Von Glasenapp's debts. Order Discharging Debtor and Final Decree, In re von Glasenapp, Case No. 10-13389 (Bankr. N.D. Cal.), Docket No. 7.

On February 8, 2012, Movants wrote to Plaintiffs, requesting dismissal of Von Glasenapp's claims as a named plaintiff in this action because of the failure to include this case in his bankruptcy petition. Sullivan Decl. ¶ 3, Ex. 2, at 2.

On February 14, 2012, Von Glasenapp's bankruptcy attorney filed a motion to reopen his bankruptcy case. Mot. to Reopen, In re von Glasenapp, Case No. 10-13389 (Bankr. N.D. Cal.), Docket No. 9. The Bankruptcy Court granted the petition on February 15, 2012 and appointed a trustee. Order Granting Mot. to Reopen, In re von Glasenapp, Case No. 10-13389 (Bankr. N.D. Cal.), Docket No. 10. On February 16, 2012, Von Glasenapp filed corrected schedules for his bankruptcy petition, disclosing the instant case, claims made and requests for various types of damages and awards. Amended Schedules B and C and Statement of Financial Affairs, In re von Glasenapp, Case No. 10-13389 (Bankr. N.D. Cal.), Docket Nos. 13, 15, 16.

3

On March 5, 2012, the bankruptcy trustee filed a trustee's report stating that he had "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." Chapter 7 Trustee's Report of No Distribution, In re von Glasenapp, Case No. 10-13389 (Bankr. N.D. Cal.). He certified "that the estate of the above-named debtor(s) has been fully administered" and requested that he "be discharged from any further duties as trustee." Id. The trustee took no action regarding the claims in this case before filing his report.

On March 8, 2012, the Bankruptcy Court found that Von Glasenapp's estate had been fully administered, discharged the trustee and closed the bankruptcy case. Final Decree, In re von Glasenapp, Case No. 10-13389 (Bankr. N.D. Cal.), Docket No. 17.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences

4

in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods:

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or

admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

## DISCUSSION

Movants move for summary judgment on Von Glasenapp's claims, arguing that he lacks standing to pursue his claims in this case and that, even if he has standing, he should be judicially estopped from doing so.

## I. Standing

Movants argue that Von Glasenapp lost standing to pursue these claims by filing the bankruptcy petition. Plaintiffs respond that the trustee has abandoned any interest in the claims and has been discharged, so the claims have reverted back to Von Glasenapp.

"Upon a declaration of bankruptcy, all of a petitioner's property becomes the property of the bankruptcy estate," including "'all legal or equitable interests of the debtor in property,' which has been interpreted to include causes of action." Flowers v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 75429, at *7-8 (N.D. Cal.) (citing, among other authority, 11 U.S.C. § 541(a); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986)). "Accordingly, a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims." Id. at *8 (citing In re Lopez, 283 B.R. 22, 28-32 (9th Cir. 2002); In re Pace, 146 B.R. 562, 565-66 (9th Cir. 1992)).

The petitioner may re-gain standing if the bankruptcy trustee abandons the claims. See, e.g., Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1454 (D. Haw. 1996). "Property of a bankruptcy

6

estate can be abandoned by three methods: (1) after notice and hearing, the trustee may unilaterally abandon property that is 'burdensome . . . or . . . of inconsequential value' (11 U.S.C. § 554(a)); (2) after notice and hearing, the court may order the trustee to abandon such property (11 U.S.C. § 554(b)); (3) any property which has been scheduled, but which has not been administered by the trustee at the time of closing of a case, is abandoned by operation of law. (11 U.S.C. § 554(c).)" Cloud v. Northrop Grumman Corp., 67 Cal. App. 4th 995, 1003 (1998).

"Abandonment under section 554(c), commonly referred to as 'technical abandonment,' occurs automatically." Sandres v. Corr. Corp. of Am., 2010 U.S. Dist. LEXIS 113959, at *6 (E.D. Cal.) (citing In re DeVore, 223 B.R. 193, 197 (B.A.P. 9th Cir. 1998)); see also 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . .").

Movants argue that Von Glasenapp cannot establish that the claims have been abandoned, because the bankruptcy trustee did not take an affirmative act to abandon the claims in this lawsuit and the Bankruptcy Court did not issue an order indicating that they were. While this may be true, Von Glasenapp has established that the claims were abandoned as a matter of law under 11 U.S.C. § 554(c). Von Glasenapp's claims were properly scheduled in the re-opened bankruptcy case, the trustee did not administer them, and the Bankruptcy Court subsequently closed the bankruptcy case, without ordering that the claims were not thereby deemed abandoned. Accordingly, by operation of law, the bankruptcy

7

1 trustee technically abandoned these claims and Von Glasenapp has
2 standing to pursue them.

## II. Judicial Estoppel

Movants argue that, even if Von Glasenapp has standing to pursue his claims, he should be judicially estopped from doing so, because of his failure to include them in his original bankruptcy filing.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) (citing Rissetto v. Plumbers & Steamers Local 343, 94 F.3d 597, 600-601 (9th Cir. 1996); Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). Courts also evoke this doctrine out of "'general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Id. (quoting Russell, 893 F.2d at 1037). Because, in either situation, "the purpose of the doctrine is to protect the integrity of the judicial process," the "doctrine of judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" Morris v. California, 966 F.2d 448, 453 (9th Cir. 1992) (quoting Russell, 893 F.2d at 1037).

The Ninth Circuit has stated that, under this doctrine, "in the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Hamilton, 270 F.3d at 783. "[T]he invocation of the

8

1  doctrine serves to protect the bankruptcy system, which depends on
2  full and honest disclosure by debtors of all their assets."
3  Yoshimoto v. O'Reilly Auto., Inc., 2011 U.S. Dist. LEXIS 60598, at
4  *10 (N.D. Cal.) (citing Hamilton, 270 F.3d at 785). "When a
5  debtor's disclosures are incomplete, they impair the interests of
6  the creditors (who plan their actions in the bankruptcy proceeding
7  based on information in the disclosures) and the bankruptcy court
8  (which decides to approve a plan based on the information)." Id.
9  (citing Hamilton, 270 F.3d at 785).
10     "[T]hree factors that courts may consider in determining
11 whether to apply the doctrine" are (1) whether the party's current
12 position is "clearly inconsistent" with its earlier position; (2)
13 whether the party "succeeded in persuading a court to accept that
14 party's earlier position;" and (3) whether the party "would derive
15 an unfair advantage or impose an unfair detriment on the opposing
16 party if not estopped." Id. at 782-83 (citing New Hampshire v.
17 Maine, 532 U.S. 742, 750-51 (2001)). The Ninth Circuit and the
18 Supreme Court have both emphasized that these factors are not
19 "'inflexible prerequisites or an exhaustive formula,'" and
20 "'[a]dditional considerations may inform the doctrine's
21 application in specific factual contexts.'" Id. at 782 (quoting
22 New Hampshire v. Maine, 532 U.S. at 751).
23     Plaintiffs argue that judicial estoppel should not be applied
24 here, because no advantage was gained through the initial error,
25 because Von Glasenapp did not act in bad faith and because the
26 application of judicial estoppel would result in injustice.
27     Plaintiffs argue that judicial estoppel should not prevent
28 Von Glasenapp from seeking injunctive relief and serving as a

9

representative on the class claims, because "none of these amounts or remedies are [sic] subject to distribution to his creditors." Opp. at 7. Movants do not respond to or dispute these arguments, and instead contend that Von Glasenapp's individual recovery on his monetary claims should at least be capped at the amount of his remaining personal exemption.

The parties dispute whether the re-opening of the bankruptcy estate and subsequent discharge remedies Von Glasenapp's omission. Plaintiffs argue that the eventual discharge demonstrates that Von Glasenapp did not gain an unfair advantage, because the outcome would have been the same even if he had initially made the appropriate disclosures. Movants respond that this is irrelevant. While Movants are correct that some courts have found that a late amendment did not remedy the initial failure to disclose, see, e.g., Burnes, 291 F.3d at 1288; Ortiz v. Sodexho Operations, LLC, 2011 WL 4499050, at *5 (S.D. Cal.), they are not correct that this is an absolute bar.

The Ninth Circuit has recognized that the district court retains discretion to allow a plaintiff to remedy his "inconsistent assertions by allowing him to reopen his bankruptcy case, thereby giving the bankruptcy trustee an opportunity to administer the unscheduled claims," instead of invoking judicial estoppel. Dunmore v. United States, 358 F.3d 1107, 1113 (9th Cir. 2004). In Dunmore, the court noted, "This approach prevented [the plaintiff] from having his cake and eating it too: [he] risked that the trustee would retain, rather than abandon, the . . . claims." Id. The court stated that this "approach was a permissible alternative to judicial estoppel that prevented [the

10

1 plaintiff] from deriving an unfair advantage if not estopped."
2 Id.; see also Zone Sports Ctr. LLC v. Red Head Inc., 2011 U.S.
3 Dist. LEXIS 98771, at *9-10 (N.D. Cal.) (denying a motion to
4 dismiss based on judicial estoppel, where the plaintiffs had
5 reopened the bankruptcy case and the trustee was given an
6 opportunity to administer the unscheduled claims, because the
7 plaintiffs' prior "inconsistent positions have been remedied").
8 Thus, under the law of this circuit, the failure to disclose may
9 be vitiated by reopening the bankruptcy case and properly
10 disclosing the claims.

11 Further, as Plaintiffs state, in a case that arose in a non-
12 bankruptcy context, the Ninth Circuit has held that when
13 "incompatible positions are based not on chicanery, but only on
14 inadvertence or mistake, judicial estoppel does not apply."
15 Johnson v. Oregon Dep't of Human Resources Rehab. Div., 141 F.3d

1361, 1369 (9th Cir. 1998).[2]  When determining whether to consider the reopening or modification of a bankruptcy proceeding as a means of curing a scheduling omission, many courts also consider whether the circumstances of the case indicate bad faith or the absence thereof on the part of the debtor-plaintiff in making the omission and subsequent amendment.  See, e.g., Cannata, 798 F. Supp. 2d at 1172-1174; Froshiesar, 2004 U.S. Dist. LEXIS 21463, at *23-31; see also White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 477 (6th Cir. 2010) (recognizing that the Sixth Circuit "has folded the absence of bad faith in under the inadvertence prong, made the determination of whether there was evidence of a 'motive or intention' to conceal the potential claim critical to a finding of bad faith," and has held that, in a particular case, "numerous attempts by the plaintiffs to cure an

---

[2] While Movants suggest that, in Hamilton, the Ninth Circuit rejected the application of the inadvertence or mistake exception in the bankruptcy context, this exception was not raised before the court in that case, and it thus did not consider or address the issue explicitly.  Without a clear indication to the contrary, several district courts have declined to read into Hamilton a strict liability standard for judicial estoppel in the bankruptcy context, finding that several factors counseled against such a result, including the policy underlying judicial estoppel as explained in Hamilton, the Ninth Circuit's clear statement outside of the bankruptcy context in Johnson, and the fact that estoppel is an equitable doctrine.  See Kinnee v. Shack, Inc., 2008 U.S. Dist. LEXIS 92005, at *13-20 (D. Or.); Schneider v. Unum Life Ins. Co. of America, 2007 U.S. Dist. LEXIS 97867, at *9-17, adopted by 2008 U.S. Dist. LEXIS 2112 (W.D. Wash); Otey v. Wal-Mart Stores, Inc., 2006 U.S. Dist. LEXIS 27149, at *4-6 (W.D. Wash.); Froshiesar v. Babij, 2004 U.S. Dist. LEXIS 21463, at *17-23 (D. Or.).  Absent a clear indication from the Ninth Circuit, this Court also declines to conclude that the inadvertence and mistake exception to estoppel cannot apply in the bankruptcy context.

initial omission" provided evidence "that the omission was inadvertent, not intentional") (discussing <u>Eubanks v. CBSK Financial Group, Inc.</u>, 385 F.3d 894, 895-99 (6th Cir. 2004)).

Movants argue that the circumstances here evidence bad faith. However, the undisputed evidence establishes that Von Glasenapp told his bankruptcy attorney about this case during the original bankruptcy proceedings, that she failed to include it in the schedule, and that Von Glasenapp directly told the trustee about this case at the initial creditors' meeting. Given this, along with the fact that Von Glasenapp has re-opened the case and remedied his error, risking that the trustee would decide to retain the case, the Court finds that Movants have not established that Von Glasenapp's failure to disclose these claims were an attempt to play "fast and loose with the courts" or a calculated move to obtain discharge through bankruptcy without disclosing his claims in this case. See <u>Kinnee v. Shack, Inc.</u>, 2008 U.S. Dist. LEXIS 92005, at *19-20 (finding no evidence of bad faith where plaintiff had told her bankruptcy attorney of her potential claim and the attorney failed to include it on her bankruptcy petition); <u>Rose v. Beverly Health & Rehab. Servs.</u>, 2006 U.S. Dist. LEXIS 91741, at *20-21 (E.D. Cal.) ("If evidence existed that Plaintiff had, in fact, attempted in good faith to inform both the creditors and the bankruptcy court that Plaintiff had pending claims, then a case could be made there was a good faith attempt to adequately disclose the existence of the claims against Defendants").

Further, "judicial estoppel is an equitable doctrine" and, thus, a court should decline to apply it "'where it would work an injustice.'" <u>Froshiesar v. Babij</u>, 2004 U.S. Dist. LEXIS 21463, at

13

*23 (D. Or.) (quoting In re Cassidy, 892 F.2d 637, 642 (7th Cir. 1990)). Here, neither Movants nor the other Defendants have been prejudiced by Von Glasenapp's error, and application of the doctrine would provide a windfall to them at the expense of the members of the putative class, in that Von Glasenapp is the only named Plaintiff with standing to pursue certain claims.

CONCLUSION

For the reasons set forth above, the Court DENIES the motion for partial summary judgment (Docket No. 337).

IT IS SO ORDERED.

Dated: 6/4/2012

CLAUDIA WILKEN
United States District Judge