IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC.; RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; BURLINGAME MOTORS, INC.; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; LEWIS BAE; and ERIN CAMPBELL, on behalf of themselves, the general public and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES, LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING, LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; GOLDEN EAGLE LEASING, LLC; LEASE SOURCE-LSI, LLC; LEASE FINANCE GROUP, LLC; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; BRIAN FITZGERALD; SAM BUONO; MBF MERCHANT CAPITAL, LLC; RBL CAPITAL GROUP, LLC; WILLIAM HEALY; JOSEPH I. SUSSMAN; JOSEPH I. SUSSMAN, P.C.; and SKS ASSOCIATES, LLC,<br><br>    Defendants.<br>_____/ | No. C 10-1993 CW<br><br>ORDER GRANTING DEFENDANTS' JOINT EMERGENCY MOTION FOR RELIEF FROM AND LEAVE TO SEEK RECONSIDERATION OF THE COURT'S OCTOBER 29, 2012 ORDER ON PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (Docket No. 407) |

    Defendants move for relief from and to seek reconsideration of the Court's October 29, 2012 order denying Plaintiffs' motion to seal. Defendants represent that they believed that the Court's August 31, 2012 order vacating the briefing schedule on Plaintiffs' motion for class certification had also vacated the

deadline under Civil Local Rule 79-5(d) for Defendants to file a declaration in support of Plaintiffs' motion to seal, which related in part to the motion for class certification. Defendants also represent that certain non-parties have designated the relevant documents as confidential.

Although the August 31, 2012 order did not address the motion to seal or vacate related deadlines and the motion to seal also relates to Plaintiffs' motion for leave to file a third amended complaint, which was unaffected by the prior order and is under submission, the Court finds good cause to extend the deadline for Defendants to file a declaration in support of Plaintiffs' motion to seal, GRANTS Defendants' request to extend the deadline to submit declarations in support of the motion to seal and ORDERS as follows:

The Court VACATES the October 29, 2012 order denying Plaintiffs' motion to seal.

Within three days of the date of this Order, Plaintiffs shall file a sworn declaration setting forth, in a table in a format similar to this example, which party or non-party has designated as sealable each document, or portion thereof, at issue in the motion to seal:

| Document | Portion | Designating Party |
|---|---|---|
| Doe declaration | None | N/A |
| Exhibit A | All | Defendant [name(s)] |
| Exhibit A | 1:18-2:5 | Non-party [name(s)] |
| Exhibit B | 1-2 | Plaintiff [name(s)] |
| Exhibit B | 3-10 | None |

2

At that time, Plaintiffs also shall submit the declaration in a word processing format to the Court's proposed order email box, cwPO@cand.uscourts.gov.  By that date, Plaintiffs shall serve all non-parties who have designated any of the material as confidential with a copy of the motion to seal, the relevant material, Local Rule 79-5 and this Order, and shall file a certificate of service showing that they have done so.  If Plaintiffs do not comply with the terms of this Order, the Court will not consider the material at issue in the motion to seal in connection with their motions for leave to file a third amended complaint and for class certification.

Within seven days of the date of service, non-parties shall file with the Court a declaration establishing that the designated information is sealable or withdrawing the designation of confidentiality.  Failure to do so will result in the information designated as confidential by that non-party being made part of the public record.

Defendants are granted leave to file, within seven days of the date of this Order, declarations establishing that their designated information is sealable or withdrawing their designations of confidentiality.  To the maximum extent possible, Defendants shall file a joint declaration on behalf of one or more Defendants and shall organize their statements in the format of a table matching that described above.  Defendants also shall submit their declarations in a word processing format to the Court's proposed order email box, cwPO@cand.uscourts.gov.  Failure by the designating Defendants to file a responsive declaration as

3

required by this Order will result in the information being made part of the public record.

IT IS SO ORDERED.

Dated: 10/31/2012

CLAUDIA WILKEN
United States District Judge