IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC.; RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; BURLINGAME MOTORS, INC.; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; LEWIS BAE; and ERIN CAMPBELL, on behalf of themselves, the general public and those similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES, LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING, LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; GOLDEN EAGLE LEASING, LLC; LEASE SOURCE-LSI, LLC; LEASE FINANCE GROUP, LLC; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; BRIAN FITZGERALD; SAM BUONO; MBF MERCHANT CAPITAL, LLC; RBL CAPITAL GROUP, LLC; WILLIAM HEALY; JOSEPH I. SUSSMAN; JOSEPH I. SUSSMAN, P.C.; and SKS ASSOCIATES, LLC,<br><br>      Defendants.<br>_____/ | No. C 10-1993 CW<br><br>ORDER SUPPLEMENTING OCTOBER 31, 2012 ORDER (DOCKET NO. 411) |

Having reviewed the declaration of Kristen Simplicio offered by Plaintiffs in response to the Court's October 31, 2012 order, Docket No. 411 (hereinafter, Simplicio declaration), the Court ORDERS as follows:

By November 14, 2012, Plaintiffs shall file in the docket of this action the written consents they have received from non-parties waiving their confidentiality designations to certain exhibits, or portions thereof, that are at issue in the pending motion to seal, and any communication that they have had with MasterCard regarding Exhibit Z after the Simplicio declaration was filed.

The Court notes that Plaintiffs did not address in the Simplicio declaration the portions of their pending motion for leave to file a third amended complaint that are at issue in the motion to seal. See Docket No. 383, 3:15, :26. By November 14, 2012, Plaintiffs shall file a supplemental declaration providing the information requested in the October 31, 2012 order for these portions.

In their original motion to seal and supporting declaration, Plaintiffs represented that Defendants had designated the documents that they sought to seal as confidential. Docket No. 385. In the Simplicio declaration, Plaintiffs now attest that it was actually they or certain nonparties, and not Defendants, that designated some of those documents as confidential. In the supplemental declaration that Plaintiffs must file by November 14, 2012, Plaintiffs shall provide an explanation for the incorrect statements made in the original motion to seal and supporting declaration.

In the Simplicio declaration, Plaintiffs purport to provide reasons that they have designated as confidential Exhibits W, PPPP, QQQQ, RRRR, WWWW, VVVV and XXXX. Because the public interest favors filing all court documents in the public record,

any party seeking to file a document under seal in connection with a non-dispositive motion must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). If the motion is dispositive, the Ninth Circuit requires that the party seeking to seal records meet a more stringent "compelling reasons" standard. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006). Neither standard can be met simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a). Although Plaintiffs have generally identified the contents of these exhibits as "bank statements and related banking documents" and "consumer credit reports," they have not provided specific reasons supporting the sealing of these documents, either in part or in their entirety. Plaintiffs are granted leave to do so in the supplemental declaration that they must file by November 14, 2012. Failure to do so will result in denial of their motion to seal as to these documents, subject to the privacy protections contained in Federal Rule of Civil Procedure 5.2(a).

    Finally, there appear to be multiple errors in the Simplicio declaration, including:

    (1) In Table C, Plaintiffs state that no portion of Exhibit U was designated as confidential, but identify Fiona Walshe as having designated Exhibit U as confidential;

(2) In Table C, Plaintiffs state that Exhibits HHH, III and JJJ have been designated as confidential in their entirety, but do not identify which party or non-party designated them as such; and

(3) In paragraph 3(b), Plaintiffs identify Exhibit XXXX as the "consumer credit reports for Plaintiffs Volker Von Glasenapp and Lewis Bae," but Exhibit XXXX does not contain a credit report and is not identified as confidential in Table C.  It appears Plaintiffs intended to identify Exhibit YYYY, which they state in Table C was designated as confidential by Plaintiffs.

Plaintiffs shall address these apparent errors in the supplemental declaration that they must file by November 14, 2012.

IT IS SO ORDERED.

Dated: 11/13/2012

CLAUDIA WILKEN
United States District Judge

4