IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST FILM, INC.; RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; BURLINGAME MOTORS, INC.; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; LEWIS BAE; and ERIN CAMPBELL, on behalf of themselves, the general public and those similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES, LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING, LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; GOLDEN EAGLE LEASING, LLC; LEASE SOURCE-LSI, LLC; LEASE FINANCE GROUP, LLC; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; BRIAN FITZGERALD; SAM BUONO; MBF MERCHANT CAPITAL, LLC; RBL CAPITAL GROUP, LLC; WILLIAM HEALY; JOSEPH I. SUSSMAN; JOSEPH I. SUSSMAN, P.C.; and SKS ASSOCIATES, LLC,<br><br>            Defendants.<br>_____/ | No. C 10-1993 CW<br><br>ORDER GRANTING LEASING DEFENDANTS LEAVE TO FILE A FURTHER DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL AND REQUIRING PLAINTIFFS TO EXPLAIN A DISCREPANCY |

     On November 13, 2012, the Court directed Plaintiffs to file a supplemental declaration in support of their motion to seal.

     On November 14, 2012, Leasing Defendants filed a declaration in support of Plaintiffs' motion for leave to file under seal, as required by the Court in Docket Nos. 408 and 413.  Docket No. 419.

In their filing, Leasing Defendants requested permission to submit a response to any declaration filed by Plaintiffs pursuant to the Court's November 13, 2012 order.

Later on November 14, 2012, Plaintiffs filed a supplemental declaration in support of their motion to seal. Docket No. 420. In the supplemental declaration, Plaintiffs corrected certain information that they had provided the Court previously identifying which party or nonparty had designated as confidential each portion of the documents that they sought to seal. Among other corrections, Plaintiffs stated for the first time that they sought to seal a portion of their motion for leave to amend because it contained facts and argument based on information that Leasing Defendants had designated as confidential.

Having reviewed the parties' filings, the Court finds good cause to grant Leasing Defendants leave to file a supplemental declaration in response to Plaintiffs' November 14, 2012 filing. Leasing Defendants shall do so by November 21, 2012.

The Court notes that, in the declaration filed by Leasing Defendants today, they make numerous conclusory statements that disclosure of certain information "will result in irreparable harm to Leasing Defendants if made publicly available to competitors." "'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal.'" In re NCAA Student-Athlete Name & Likeness Licensing Litig., 2012 U.S. Dist. LEXIS 140779, at *15 (N.D. Cal. 2012) (quoting Nixon v. Warner Communications, 435 U.S. 589, 597 (1978)) (formatting in original). However, "a decision to seal such records must still be based on articulated reasons." Id. (citing Apple Inc. v.

2

1  Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011); Contratto v.
2  Ethicon, Inc., 227 F.R.D. 304, 307 (N.D. Cal. 2005) (finding that
3  an assertion of good cause based on harm to competitive and
4  financial position requires a showing of "specific demonstrations
5  of fact, supported where possible by affidavits and concrete
6  examples").  Leasing Defendants may remedy these deficiencies in
7  their supplemental declaration.[1]  Failure to do so may result in a
8  court order permitting these documents to be filed in the public
9  record, subject to the privacy protections contained in Federal
10 Rule of Civil Procedure 5.2(a).
11      In Docket Nos. 411 and 420, Plaintiffs identified Leasing
12 Defendants as the only ones who designated Exhibit UUU as
13 confidential.  In Leasing Defendants' November 14, 2012
14 declaration, they state that a third-party, FNBCT, had also
15 produced this document and designated it as highly confidential.
16 Within one Court day of the date of this Order, Plaintiffs shall
17 explain this discrepancy to the Court.  If FNBCT designated this
18 document as confidential and later waived or withdrew its
19 designation, Plaintiffs shall provide a copy of any such written
20 waiver or, if the waiver was given in non-written form, a
21 declaration attesting under penalty of perjury that such a waiver
22 was given.
23     The Court warns the parties that, in the future, they will be
24 expected to comply with the requirements of Civil Local Rule 79-5,
25 General Order 62 and the Court's Orders, and to establish that

---

[1] Leasing Defendants should also review pages two and three of the Court's November 13, 2012 Order, which address the good cause and compelling reasons standards for sealing court records.

3

documents are sealable without repeated instructions from the Court. Further, absent good cause shown, the Court will not give parties extra opportunities to do so.

    IT IS SO ORDERED.

Dated: 11/15/2012

CLAUDIA WILKEN
United States District Judge