IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; ERIN CAMPBELL; and LEWIS BAE,

                Plaintiffs,

        v.

MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; SAM BUONO; and SKS ASSOCIATES, LLC,

                Defendants.

_____/

No. C 10-1993 CW

ORDER RESOLVING MOTIONS TO SEAL RELATED TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (Docket Nos. 385, 431, 458 and 478)

        The parties have filed several motions to seal documents associated with Plaintiffs' pending amended motion for class certification, including portions of the motion itself, Plaintiffs' reply brief, Plaintiffs' evidence in support of their motion and reply brief and Leasing Defendants' exhibits in support of their opposition.[1]  Docket Nos. 385, 431, 458 and 478.  A number of declarations have been submitted in support of the

_____

        [1] The Court directs the Clerk of the Court to update the caption of this action as indicated above.

United States District Court
For the Northern District of California

motions to seal.  See Docket Nos. 411, 415, 416, 419, 420, 422-24, 458-1, 483, 485.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal in connection with a non-dispositive motion must demonstrate good cause to do so.  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).[2]  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration

---

[2] If the motion is dispositive, the Ninth Circuit requires that the party seeking to seal records meet a more stringent "compelling reasons" standard.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006).  The Ninth Circuit has not yet addressed whether, or under what circumstances, a motion for class certification is a dispositive motion for the purposes of determining whether the "good cause" or "compelling reasons" standard applies to motions to seal, and courts within the Northern District of California have reached different conclusions.  Compare Nygren v. Hewlett-Packard Co., 2010 WL 2107434, at *1-3 (N.D. Cal.) (applying good cause standard); Pecover v. Electronic Arts, Inc., 2010 WL 8742757, at *25-26 (N.D. Cal.) (same); Rich v. Hewlett-Packard Co., 2009 WL 2168688, at *1-2 (N.D. Cal.) (same), with Labrador v. Seattle Mortgage Co., 2010 WL 3448523, at *2 (N.D. Cal.) (finding that "many of the concerns the Ninth Circuit identified in Kamakana for applying the 'compelling reasons' test to dispositive motions are present" in the context of a motion for class certification); see also Davis v. Devanlay Retail Group, Inc., 2012 U.S. Dist. LEXIS 109798, at *4 (E.D. Cal.) (applying compelling reasons standard when the motion for class certification "is one that will affect whether or not the litigation proceeds"); Dugan v. Lloyds TSB Bank, PLC, 2013 U.S. Dist. LEXIS 51162 (N.D. Cal.) ("Unless the denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of [] courts within this circuit' treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies.") (quoting In re High-Tech Emple. Antitrust Litig., 2013 U.S. Dist. LEXIS 6606, at *8-9 & n.1 (N.D. Cal.) (brackets in original)).  Here, because it is not clear whether denial of the motion for class certification would be case-dispositive, the Court considers the motions to seal under both standards.

demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

No party or non-party has submitted a declaration in support of sealing any portion of Plaintiffs' reply brief and leave to file the unredacted reply brief under seal is thus denied. However, a sufficient showing has been made to support the sealing of portions of Plaintiffs' amended motion for class certification, their evidence in support of that motion and their reply brief, and Leasing Defendants' evidence in support of their opposition. These portions are identified in tables below, along with a numerical code that indicates the reason that each section has been found to be sealable or not and grants permission to file the identified sections under seal, as set forth in the tables. Further, in the exhibits marked with an asterisk (*), Plaintiffs are directed to redact social security numbers, taxpayer identification numbers and financial account numbers in compliance with Federal Rule of Civil Procedure 5.2(a), as well as any residential addresses, personal telephone numbers and personal email addresses; Plaintiffs need not file an unredacted version of these documents under seal.

Within two weeks of the date of this Order, the parties shall file under seal the documents for which leave is granted herein and shall file in the public record those for which leave to seal is denied. As part of this filing, Plaintiffs shall file new public versions of their motion and reply brief that comply with

**United States District Court**
For the Northern District of California

1   the terms of this Order.[3]  The Court notes that Plaintiffs have

2   filed some, but not all, of the exhibits that they did not seek to

3   seal in the public record, in two large PDF files.  See Docket

4   Nos. 387-1, 479-1.  So that their exhibits can be located in the

5   docket more easily in the future, the Court directs Plaintiffs to

6   e-file, within fourteen days of the date of this Order, the

7   declarations of Kristen Simplicio in support of their motion for

8   class certification and reply brief again, with all exhibits

9   attached as separate PDF files, labeled with the exhibit letter in

10  the Description field.

    In addition, the chambers copies of the exhibits attached to

11  

12  the Simplicio declarations that Plaintiffs provided consist of

13  over a hundred loose exhibits not bound together.  Accordingly,

14  within fourteen days of the date of this Order, Plaintiffs shall

15  also provide an additional set of chambers copies of their

16  exhibits in support of their motion and reply, firmly bound

17  together in binders, separated by exhibit dividers.  Plaintiffs

18  shall include at the front of the binders a copy of the complete

19  declarations of Ms. Simplicio, in which the exhibits are

20  identified.

21  

22  

23  

24  
    [3] The Court DIRECTS the Clerk to remove Docket No. 432 from
25  the public record.  This docket entry contains Plaintiffs'
    redacted amended class certification motion.  In the document,
26  Plaintiffs failed to redact properly a portion of the motion that
    Merchant Services Defendants had designated as confidential and
27  that the Court grants permission to seal in this Order.  See
    Docket No. 432, 15:14-18.

28

The numerical codes have the meanings set forth in the following table:

| Code | Explanation |
|------|-------------|
| 1 | No party or non-party has submitted a declaration supporting that this information is sealable or the party that designated the information as confidential has waived this. |
| 2 | The designating party has not made a sufficient showing that the information at issue is sealable under either a good cause or compelling reason standard. |
| 3 | The designating party has shown that this exhibit is sealable in its entirety under both a good cause and a compelling reason standard because it is an audio file that contains personally identifiable information of individuals, including, for example, their social security numbers and account numbers, which cannot be redacted. |
| 4 | The designating party has shown that this exhibit or portion thereof is sealable under either standard because it contains particular information about the party's contractual agreements, including items such as pricing arrangements and the acquisition cost of leases, the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace. |
| 5 | The designating party has shown that this exhibit or portion thereof is sealable under either standard. It contains information about particular internal business practices of the designating party that it has dedicated substantial resources to developing. Public disclosure of this information would allow its competitors to copy or adopt these practices, taking the benefit of its investment in developing them and reducing or eliminating the competitive advantage that this information provides the designating party. |
| 6 | The designating party has shown that this exhibit or portion thereof is sealable under either standard. It contains information about the amount of compensation earned by its employees or independent contractors. In addition, the exhibit contains information about the designating party's compensation structure for its employees or independent contractors, the public disclosure of which would give its rivals a competitive advantage over it. |

United States District Court
For the Northern District of California

| Code | Explanation |
|------|-------------|
| 7 | The designating party has shown that this exhibit or portion thereof is sealable under either standard. It contains information about compensation paid to the designating party by its service providers. The designating party has shown that public disclosure of this information would provide insight into its pricing arrangements, business model and strategies, which its competitors could utilize to gain a competitive advantage over it. |
| 8 | These exhibits are credit reports that contain personal banking information for Plaintiffs Volker Van Glasenapp and Lewis Bae. Plaintiffs have shown that these exhibits, other than the portions that contain the names of Plaintiffs Volker Van Glasenapp and Lewis Bae and the inquiries and entries made by Defendants, are sealable because public disclosure of the information would violate the privacy rights of these Plaintiffs and put them at significant risk for identity theft and bank fraud. |

Plaintiffs' amended motion for class certification:

| Page | Lines | Designating Party | Granted | Denied | Notes |
|------|-------|-------------------|---------|--------|-------|
| 6 | 19-23 | Leasing Defendants | | X (1) | |
| 6 | 27-28 | Leasing Defendants | | X (1) | |
| 7 | 1-3 | Leasing Defendants | | X (1) | |
| 7 | 22-24 | Merchant Services Defendants | X (4) | | |
| 8 | 3-4 | Leasing Defendants and Merchant Services Defendants | X (6) as to compensation amount on line 3 only | X (1) as to remainder | |

6

| Page | Lines | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|---|
| 8 | 5–8 | Leasing Defendants and Merchant Services Defendants | | X (2) | |
| 10 | 13–17, 21–23 | Merchant Services Defendants | | X (2) | |
| 11 | 1 | Merchant Services Defendants | | X (2) | |
| 12 | 7–12 | Merchant Services Defendants | | X (2) | Although the Court finds below that there is good cause to seal some portions of the exhibits cited, Defendants have not shown good cause that the statements in the motion should be sealed. |
| 14 | 20–22 | Merchant Services Defendants | X (5) as to the sentence on lines 21–22, ending with a citation to Ex. HHH | X (2) as to the clause on lines 20–21, ending with a citation to Ex. GGG | The same information in lines 20 to 21 also appear in Plaintiffs' reply brief, where Defendants do not seek to seal it. |
| 15 | 14–18 | Merchant Services Defendants | X (5) | | |
| 15 | 26–27 | Merchant Services Defendants | | X (1) | |

United States District Court
For the Northern District of California

| Page | Lines | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|---|
| 16 | 17-20 | Merchant Services Defendants | X (5) | | |
| 20 | 16-19 | Leasing Defendants | | X (1) | |
| 24 | 6-7 | Leasing Defendants | | X (1) | |
| 24 | 9-10 | Leasing Defendants | | X (1) | |
| 29 | 7-12 | Leasing Defendants and Merchant Services Defendants | | X (1, 2) | |
| 34 | 1 | Leasing Defendants | | X (1) | |
| 44 | 5-6 | Leasing Defendants | | X (1) | |

Plaintiffs' exhibits in support of their motion for class certification:

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Sands Decl. ¶ 8 | Merchant Services Defendants; Leasing Defendants | X (4) as to the dollar amount on line 27 | X (2) as to the remainder | Defendants do not provide sufficiently good cause for sealing the number of leases that appears on line 26. |
| Sands Decl. ¶ 9 | Merchant Services Defendants; Leasing Defendants | X (4) as to the dollar amount on line 7 | X (2) as to the remainder | Defendants do not provide sufficiently good cause for sealing the number of leases that appears on line 6. |
| Sands Decl. ¶ 10 | Leasing Defendants | | X (2) | |

United States District Court
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Sands Decl. ¶ 11 | Leasing Defendants | | X (2) | |
| Ex. A | | | X (1) | |
| Ex. B | Leasing Defendants | X (4) as to 65-69, 258:2-16, 280-81 | X (1, 2) as to remainder | |
| Ex. C | | | X (1) | |
| Ex. D | Merchant Services Defendants | X (5) as to pages 473:16-498:25 | X (1) as to remainder | |
| Ex. E | Leasing Defendants | X (4) as to field labeled "Acquisition Cost" | X (1, 2) as to remainder | Leasing Defendants seek to prevent public disclosure of a field called "equipment basis"; however, no such field exists. |
| Ex. F | Leasing Defendants | X (4) as to 41:2-42:20 | X (1) as to remainder | |
| Ex. G | Merchant Services Defendants; Leasing Defendants | X (4) as to sections 2, 3 and 9 | X (1, 2) as to remainder | |
| Ex. H | Merchant Services Defendants; Leasing Defendants | X (4) as to section 1 | X (2) as to remainder | |
| Ex. I * | | | X (1) | |
| Ex. J * | | | X (1) | |
| Ex. K * | | | X (1) | |
| Ex. L * | | | X (1) | |

**United States District Court**
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. M | | | | Plaintiffs state that this exhibit was intentionally omitted. |
| Ex. N | Leasing Defendants | X (4) | | |
| Ex. O | Leasing Defendants | X (4) as to sections 2, 3 and 9 | X (2) as to remainder | |
| Ex. P | Leasing Defendants | | X (2) | Exhibit P does not contain "excerpts from the vendor agreements" (Exhibits G and H) as represented by Leasing Defendants, Krieger Decl. ¶ 12, and instead is an email chain dated March 6, 2008 involving complaints made about Leasing Defendants. |
| Ex. Q | Merchant Services Defendants | X (4) | | |
| Ex. R | Merchant Services Defendants | | X (1) | |
| Ex. S | Merchant Services Defendants | | X (1) | |
| Ex. T | | | | Plaintiffs state that this exhibit was intentionally omitted. |
| Ex. U | | | X (1) | |
| Ex. V * | Merchant Services Defendants | | X (1) | |

United States District Court
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. W * | Plaintiffs | | X (1) | Plaintiffs shall also redact account balances and withdrawals for expenses unrelated to the instant litigation. Plaintiffs need not file an unredacted version under seal. |
| Ex. X | Merchant Services Defendants | | X (1) | |
| Ex. Y * | Merchant Services Defendants; Leasing Defendants | X (6) as to the compensation amount | X (1) as to remainder | |
| Ex. Z | Non-parties Visa and MasterCard | | X (1) | |
| Ex. AA | Merchant Services Defendants | X (4, 7) as to sections 3(b), 5, 15, 17(a), 17(c)-(d), 17(f) | X (2) as to remainder | |
| Ex. BB | Merchant Services Defendants | X (4, 7) as to sections 2.2, 4.2, 5.2, 8.1(a), 10.4(a) and Exhibit A | X (2) as to remainder | |
| Ex. CC | Non-party MasterCard | | X (1) | |
| Ex. DD | Non-party MasterCard | | X (1) | |
| Ex. EE | Merchant Services Defendants | | X (1) | |
| Ex. FF | Merchant Services Defendants | X (5) | | |
| Ex. GG | Merchant Services Defendants | X (5) | | |

11

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. HH | Merchant Services Defendants | | X (1) | |
| Ex. II | | | X (1) | |
| Ex. JJ | Merchant Services Defendants | | X (2) | |
| Ex. KK | Merchant Services Defendants | X (5) as to pages 194:1-199:25 | X (1) as to remainder | |
| Ex. LL | Merchant Services Defendants | | | Although Plaintiffs indicate that Merchant Services Defendants designated Exhibit LL as confidential, no Exhibit LL was included in the chambers copies provided to the Court. |
| Ex. MM | Merchant Services Defendants | X (5) | | |
| Ex. NN | Merchant Services Defendants | X (5) as to the emails sent on May 13, 2008 | X (2) as to the emails sent on May 14, 2008 | |
| Ex. OO | Merchant Services Defendants | X (5) as to unnumbered pages | X (1) as to page MSI 088057 | |
| Ex. PP * | Merchant Services Defendants | | X (1) | |

United States District Court
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. QQ | Fiona Walshe; Merchant Services Defendants | X (6) as to section entitled "Merchant Account Deal Minimums" and Schedules A, B and C | X (1, 2) as to remainder | |
| Ex. RR | Merchant Services Defendants | X (6) as to section 1 | X (1) as to remainder | |
| Ex. SS | Merchant Services Defendants | X (6) as to email sent at 12:36 p.m. | X (1) as to remainder | |
| Ex. TT | Merchant Services Defendants | | X (2) | |
| Ex. UU | Merchant Services Defendants | | X (2) | |
| Ex. VV | Merchant Services Defendants | X (5) | | |
| Ex. WW | Merchant Services Defendants | X (5) | | |
| Ex. XX | Merchant Services Defendants | | X (1) | |
| Ex. YY | Merchant Services Defendants | | X (1) | |
| Ex. ZZ | Merchant Services Defendants | | | Although Plaintiffs indicate that Merchant Services Defendants designated this exhibit as confidential, no Exhibit ZZ was included in the chambers copies provided to the Court. |

**United States District Court**
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. AAA | | | X (1) | |
| Ex. BBB | Merchant Services Defendants | | X (1) | |
| Ex. CCC | Merchant Services | | X (1) | |
| Ex. DDD | | | X (1) | |
| Ex. EEE | Fiona Walshe; Merchant Services Defendants | X (5) | | |
| Ex. FFF | Merchant Services Defendants | X (5) | | |
| Ex. GGG | Merchant Services Defendants | X (5) | | |
| Ex. HHH | Merchant Services Defendants | X (5) as to the emails sent on January 17, 2007 | X (1) as to remainder | |
| Ex. III | Merchant Services Defendants | | X (1) | |
| Ex. JJJ | Merchant Services Defendants | X (5) | | |
| Ex. KKK | Merchant Services Defendants | | X (1) | |
| Ex. LLL | Nonparty Transfirst | | X (1) | |
| Ex. MMM | | | X (1) | |
| Ex. NNN | Merchant Services Defendants | | X (1) | |

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. OOO | | | | Plaintiffs indicate that Exhibit OOO was intentionally left blank. See, e.g., Docket No. 420, 7. They appear to have inadvertently included an Exhibit OOO in their chambers copy, a single page that is Bates numbered MSI 115783. Because Plaintiffs appear not to have included this Exhibit OOO intentionally or to have provided it to Defendants, see Docket No. 424, 13, the Court disregards it. |
| Ex. PPP | | | X (1) | |
| Ex. QQQ | Leasing Defendants | | X (2) | Exhibit QQQ does not contain "excerpts from the vendor agreements" (Exhibits G and H) as represented by Leasing Defendants. Krieger Decl. ¶ 12. |
| Ex. RRR | Leasing Defendants | | X (1) | |
| Ex. SSS | Leasing Defendants | | X (1) | |
| Ex. TTT | | | X (1) | |

**United States District Court**
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. UUU * | Leasing Defendants | | X (1, 2) | Leasing Defendants have made only conclusory assertions that the "transaction profiles (monetary thresholds)" and Wells Fargo Bank, N.A.'s routing number are confidential and should be protected from public view, which is insufficient under either legal standard. |
| Ex. VVV | | | X (1) | |
| Ex. WWW * | | | X (1) | |
| Ex. XXX | Leasing Defendants | | X (2) | Leasing Defendants make only conclusory statements that the information contained on page MPB00032 is "highly confidential and is typically only shared among Northern's accounting and finance department and the ACH processor." Krieger Decl. ¶ 14. This is insufficient under either legal standard. |
| Ex. YYY | Leasing Defendants | | X (1, 2) | Leasing Defendants assert that pages 15 and 20 should be sealed but fail to provide any reason for this. |
| Ex. ZZZ | Leasing Defendants | | X (1) | |

16

United States District Court
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. AAAA | Leasing Defendants | | X (1) | |
| Ex. BBBB | Leasing Defendants | | X (1) | |
| Ex. CCCC | | | X (1) | |
| Ex. DDDD | | | X (1) | |
| Ex. EEEE | | | X (1) | |
| Ex. FFFF | Merchant Services Defendants | | X (1) | |
| Ex. GGGG | | | X (1) | |
| Ex. HHHH | | | X (1) | |
| Ex. IIII | | | X (1) | |
| Ex. JJJJ | | | X (1) | |
| Ex. KKKK | | | X (1) | |
| Ex. LLLL | | | X (1) | |
| Ex. MMMM | | | X (1) | |
| Ex. NNNN * | Plaintiffs | | X (1) | |
| Ex. OOOO | | | X (1) | |
| Ex. PPPP * | Plaintiffs | | X (1) | Plaintiffs shall also redact account balances and withdrawals for expenses unrelated to the instant litigation. Plaintiffs need not file an unredacted version under seal. |

United States District Court
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. QQQQ * | Plaintiffs | | X (1) | Plaintiffs shall also redact account balances and withdrawals for expenses unrelated to the instant litigation. Plaintiffs need not file an unredacted version under seal. |
| Ex. RRRR * | Plaintiffs | | X (1) | Plaintiffs shall also redact account balances and withdrawals for expenses unrelated to the instant litigation. Plaintiffs need not file an unredacted version under seal. |
| Ex. SSSS * | Nonparty Transfirst | | X (1) | |
| Ex. TTTT * | | | X (1) | |
| Ex. UUUU * | | | X (1) | |
| Ex. VVVV | Plaintiffs | X (8) | | Plaintiffs shall file a redacted version of this exhibit in the public docket as proposed. |
| Ex. WWWW * | Plaintiffs | | X (1) | Plaintiffs seek to seal the amounts on the checks unrelated to this litigation, as well as the bank account information. Plaintiffs shall redact this information and need not file an unredacted version under seal. |
| Ex. XXXX | | | X (1) | |

**United States District Court**
For the Northern District of California

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. YYYY | Plaintiffs | X (8) | | Plaintiffs shall file a redacted version of this exhibit in the public docket as proposed. |
| Ex. ZZZZ | | | X (1) | |
| Ex. AAAAA | | | X (1) | |
| Ex. BBBBB | Leasing Defendants | X (4) as to field labeled "Acquisition Cost" | X (1, 2) as to remainder | Leasing Defendants also seek to prevent public disclosure of a field called "equipment basis"; however, no such field exists. |
| Ex. CCCCC * | Non-Party Experian; Merchant Services Defendants | | X (1, 2) | Experian has not offered good cause or compelling reasons to file the entirety of this document under seal. Merchant Services Defendants, including Defendant Moore, have waived any possible privacy interest in the information, other than Moore's social security number, home address and telephone number, which the Court has directed be redacted, and Experian has not demonstrated sufficiently that disclosure would allow its competitors to compete unfairly with it. |
| Ex. DDDDD | | | X (1) | |

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. EEEEE | | | X (1) | |
| Ex. FFFFF | | | X (1) | |
| Ex. GGGGG | | | X (1) | |

Leasing Defendants' exhibits in support of their opposition to Plaintiffs' motion for class certification

| Document | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| Ex. 24 | Leasing Defendants | X (3) | | |
| Ex. 25 | Leasing Defendants | X (3) | | |
| Ex. 26 | Leasing Defendants | X (3) | | |
| Ex. 27 | Leasing Defendants | X (3) | | |
| Ex. 28 | Leasing Defendants | X (3) | | |
| Ex. 29 | Leasing Defendants | X (3) | | |

Plaintiffs' exhibits in support of their reply brief

| Exhibit | Designating Party | Granted | Denied | Notes |
|---|---|---|---|---|
| HHHHH | Merchant Services Defendants | | X (1) | |
| IIIII | | | X (1) | |
| JJJJJ | | | X (1) | |
| KKKKK | | | X (1) | |
| LLLLL | | | X (1) | |
| MMMMM | | | X (1) | |
| NNNNN | Leasing Defendants and Merchant Services Defendants | X (7) as to pages 253:11 through 255:25 | X (1) as to remainder | |
| OOOOO | | | X (1) | |

| Exhibit | Designating Party | Granted | Denied | Notes |
|---------|-------------------|---------|--------|-------|
| PPPPP   |                   |         | X (1)  |       |
| QQQQQ   |                   |         | X (1)  |       |

IT IS SO ORDERED.


Dated:   5/10/2013

CLAUDIA WILKEN
United States District Judge