IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUST FILM, INC., ET AL.,

    Plaintiffs,

    v.                        No. CV 10-01993

MERCHANT SERVICES, INC.,

ET AL.,

    Defendants.

_____/

Deposition of

SARA KRIEGER

Monday, July 16, 2012

PORTIONS CONFIDENTIAL -

ATTORNEYS' EYES ONLY

Reported by:  Adam D. Miller, RPR

NOGARA REPORTING SERVICE
5 Third Street, Suite 415
San Francisco, California 94103
(415) 398-1889

CERTIFIED COPY

```
 1                        INDEX

 2   EXAMINATION BY MR. KUO                        6
     EXAMINATION BY MR. KUO (Resumed)             86
 3


 4                       ---oOo---


 5                       EXHIBITS


 6   PLAINTIFFS'        DESCRIPTION            PAGE NUMBER

 7   380            Declaration of Sara Krieger       17

 8   289            Credit Notification, 6/15/07      30

 9   276            MBF Leasing, Inc. Program         55
                    Agreement
10
     271            Northern Leasing Systems          68
11                  Promotional Material and Sales
                    Guide, LD00459133 to '56
12
     290            MBF Leasing, Inc. Program         73
13                  Agreement, 4/7/04

14   291            Program Agreement Amendment,     93
                    11/1/06
15
     381            ACH Authorization for The Rose   105
16                  Dress, Inc.

17   295            Email to Krieger, et al, from    117
                    Fitzgerald, 10/26/06
18
     280            Email to Cohen from Fitzgerald,  119
19                  11/6/06

20   382            Email to Kravic from             121
                    Fitzgerald, 10/18/06
21
     233            Email to Fitzgerald from         125
22                  Parisi, 8/1/07

23   383            Email to Jurczyk, et al., from   129
                    Krieger, 4/20/10
24
     384            Email to Jurczyk from Krieger,   131
25                  5/6/10
```

EXHIBITS

| PLAINTIFFS' | DESCRIPTION | PAGE NUMBER |
|---|---|---|
| 385 | Email to Parisi from Krieger, 5/11/10 | 134 |
| 386 | Email to Krieger from Parisi, 5/26/10 | 144 |
| 369 | Email to Parisi from Krieger, 5/24/10 | 146 |
| 387 | Email to Minor from Krieger, 4/27/10 | 153 |

1       You can answer.   11:15

2       THE WITNESS:  Well, $60 for a specific piece of   11:15

3   equipment for us would mean that that is the cost   11:15

4   that the market would bear.  So it's, if it's, if   11:15

5   it's $60 or it's $50, dependent on what we have seen   11:15

6   historically, that's the guide or that's the, really   11:15

7   the guideline to the vendor as to what he can, what   11:16

8   he can sell to, to his merchant.   11:16

9       MR. KUO:  Q.  Where a proposed lease has a set   11:16

10  monthly payment that is, for example, three times   11:16

11  what the rate cap would otherwise indicate, does MBF   11:16

12  believe that in this instance, the market can bear a   11:16

13  monthly lease that is that high?   11:16

14      MS. NIGRO:  Objection.   11:16

15      You can answer if you know for --   11:16

16      THE WITNESS:  It really depends.  If you, I   11:16

17  guess if you give me a specific, I could answer   11:16

18  better.   11:16

19      MR. KUO:  Q.  For example, check -- take a piece   11:16

20  of check-reading equipment that has a rate cap of   11:16

21  $30.  Is that -- is that a -- in your recollection,   11:16

22  is that about what a check reader normally would   11:17

23  have, about $30?   11:17

24      MS. NIGRO:  Objection; vague.   11:17

25      THE WITNESS:  Possibly.  Without looking, I   11:17

1 don't know off the top of my head. 11:17

| | | |
|---|---|---|
| 21 | Q. Did -- was MBF aware that Merchant | 11:19 |
| 22 | Services was offering both service fees and | 11:19 |
| 23 | equipment as part of the amount showing on the | 11:19 |
| 24 | equipment finance lease as a monthly payment? | 11:19 |
| 25 | MS. NIGRO: Objection; lacks foundation. | 11:20 |

| | | |
|---|---|---|
| 1 | reference what the retail price of equipment is on | 11:40 |
| 2 | the market today? | 11:40 |
| 3 |     A.   I -- do we have a reference?  I'm not sure | 11:40 |
| 4 | I understand the question. | 11:40 |
| 5 |     Q.   In other words, you testified that the | 11:40 |
| 6 | lease caps reflect what the market will bear in your | 11:41 |
| 7 | understanding.  As part of understanding what the | 11:41 |
| 8 | market will bear, do you or any person working under | 11:41 |
| 9 | you research what the, what the equipment could be | 11:41 |
| 10 | purchased for for retail? | 11:41 |
| 11 |     MS. NIGRO:  Objection. | 11:41 |
| 12 |     You can answer. | 11:41 |
| 13 |     THE WITNESS:  It might be something that's | 11:41 |
| 14 | looked at, but it has no relevance to what the | 11:41 |
| 15 | vendors can sell the unit for in the market. | 11:41 |
| 16 |     MR. KUO:  Q.  Do you have an understanding that | 11:41 |
| 17 | MBF needs to pay to taxing jurisdictions property | 11:41 |
| 18 | taxes based on the equipment that was leased by it? | 11:41 |
| 19 |     MS. NIGRO:  Objection. | 11:41 |
| 20 |     You can answer. | 11:41 |
| 21 |     THE WITNESS:  Do I have -- I'm sorry.  Do I | 11:41 |
| 22 | have an understanding that MBF is required to pay | 11:41 |
| 23 | property tax for the equipment? | 11:41 |
| 24 |     MR. KUO:  Q.  Yes. | 11:41 |
| 25 |     A.   Yes, I'm aware of that. | 11:41 |

| | | |
|---|---|---|
| 1 | Q.   And it thereafter collects back the | 11:41 |
| 2 | property taxes in certain circumstances from the | 11:41 |
| 3 | merchant? | 11:41 |
| 4 | MS. NIGRO:  Objection. | 11:41 |
| 5 | You can answer. | 11:41 |
| 6 | THE WITNESS:  Yes.  I'm aware of that. | 11:41 |
| 7 | MR. KUO:  Q.  And do you have an understanding | 11:42 |
| 8 | of how presently the company determines the tax | 11:42 |
| 9 | basis on which that property tax is calculated? | 11:42 |
| 10 | A.   I'm not aware of the calculations or | 11:42 |
| 11 | anything of that... | 11:42 |
| 12 | Q.   Is this document, Exhibit 276, a form | 11:42 |
| 13 | vendor agreement that was in place in 2008? | 11:42 |
| 14 | A.   I believe so. | 11:42 |
| 15 | Q.   Is it not prepared with any specific | 11:42 |
| 16 | vendor in mind?  In other words, it's not a | 11:42 |
| 17 | prenegotiated -- I mean, it's a prenegotiated or | 11:42 |
| 18 | standard contract? | 11:42 |
| 19 | A.   It's the standard -- it's a standard | 11:42 |
| 20 | template of contract. | 11:42 |
| 21 | Q.   In negotiating with ISOs for the first | 11:42 |
| 22 | time, is this the starting point of the negotiations | 11:42 |
| 23 | or is -- generally speaking? | 11:43 |
| 24 | MS. NIGRO:  Objection. | 11:43 |
| 25 | You can answer. | 11:43 |

Sara Krieger
c/o Moses & Singer
405 Lexington Avenue, 12th Floor
New York, New York 10174-1299
Attn: Jennifer Nigro, Esq.

Date: July 31st, 2012
Re: Just Film vs. Merchant Services, et al.
Deposition Date: Monday, July 16th, 2012

Dear Ms. Krieger,

     Please be advised the original transcript of your deposition is ready for your review.
     Pursuant to CCP Section 2025.520(a), you have 30 days following the date of this notice to read, correct if necessary, and sign your transcript unless the attending parties and the deponent agree on the record or otherwise in writing to a longer or shorter time period. The deponent may change the form or the substance of the answer to a question, and may either approve the transcript of the deposition by signing it, or refuse to approve the transcript by not signing it. You are not required by law to read and sign your deposition transcript. All parties will be informed of the corrections. The original transcript will then be sealed and sent to the examining attorney pursuant to the applicable law.
     You may either come to our office to read and sign the original transcript, or you may contact your attorney or the attorney who arranged for you to be present at your deposition. If they have ordered a copy of the transcript, you may review their copy and make corrections by submitting, signing and returning the attached form. If you choose to review your transcript at our office, please call first to make an appointment. Should you have any question regarding these instructions, please call.

Sincerely,

NOGARA REPORTING SERVICE
5 Third Street, Suite 415
San Francisco, California 94103
(415) 398-1889
cc: All counsel, original deposition