1

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)

2

KRISTEN SIMPLICIO (State Bar No. 263291)
835 Douglass Street

3

San Francisco, California 94114
Telephone: (415) 336-6545

4

Facsimile:  (415) 449-6469

5

Attorneys for Plaintiffs

6

(Additional counsel listed on signature page)

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

15

**NORTHERN DISTRICT OF CALIFORNIA**

16

**OAKLAND DIVISION**

17

18

RAINBOW BUSINESS SOLUTIONS, ET AL.

Case No. CV 10-01993 CW

19

Plaintiffs,

**STIPULATION RE AMENDED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER OF PRELIMINARY APPROVAL**

20

v.

21

22

MERCHANT SERVICES, INC.; ET AL.,

23

Defendants.

24

25

26

27

28

1  The parties, through their undersigned counsel, hereby stipulate as follows:

2          WHEREAS, at the May 2, 2013 hearing on Plaintiffs' Motion for Preliminary Approval

3  of Class Action Settlement, the Court raised certain issues regarding the proposed settlement

4  agreement,

5          WHEREAS, the parties to the settlement (collectively, "Settling Parties") are: Plaintiffs;

6  Defendants Merchant Services, Inc., Universal Card, Inc., National Payment Processing, Inc.,

7  Jason Moore, Eric Madura, Nathan Jurczyk, Robert Parisi, Alicyn Roy and Universal Merchant

8  Services, LLC ("collectively Merchant Services Defendants"); and Fiona Walshe,

9          WHEREAS, the Settling Parties have agreed to amend the settlement agreement and

10  exhibits thereto as reflected in Exhibit 1 to this Stipulation, and

11          WHEREAS, due to out of town travel, some of the Settling Parties were unable to remit

12  signature pages for Exhibit 1 by today but they will file via ECF, on or before June 10, 2013, all

13  missing signature pages;

14          NOW THEREFORE, the Settling Parties respectfully request entry of the proposed order

15  attached as Exhibit 3 hereto, preliminarily approving the amended settlement and directing notice

16  to the settlement class.

17          The parties hereto have attached to this stipulation the following exhibits:

18          Exhibit 1:  Signed Amended Settlement Agreement (with exhibits).

19          Exhibit 2: a redline showing changes made to the original agreement and exhibits.

20          Exhibit 3: a copy of the amended proposed order of preliminary approval.

21

22  Date: June 6, 2013                           Respectfully submitted,

23                                               **GUTRIDE SAFIER LLP**

24                                               /s/ Kristen Simplicio
                                                 Adam J. Gutride, Esq.
25                                               Seth A. Safier, Esq.
                                                 Kristen Simplicio, Esq.
26                                               835 Douglass Street
                                                 San Francisco, California 94114
27
                                                 Attorneys for Plaintiffs
28

STIPULATION REGARDING AMENDMENT TO SETTLEMENT AGREEMENT

1

JONES DAY

/s/ Cary D. Sullivan

2

Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com

3

Cary D. Sullivan (State Bar No. 228527)
carysullivan@jonesday.com

4

3161 Michelson Drive, Suite 800
Irvine, California 92612

5

Telephone:  (949) 553-7593
Facsimile:  (949) 553-7539

6

Brian Hershman (State Bar No. 168175)

7

bhershman@jonesday.com
555 South Flower Street

8

Fiftieth Floor
Los Angeles, California 90071-2300

9

Telephone:  (213) 243-2445
Facsimile:  (213) 243-2539

10

Attorneys for Defendants Merchant Services,

11

Inc., Universal Card, Inc., National Payment
Processing, Inc., Jason Moore, Eric Madura,

12

Nathan Jurczyk, Robert Parisi, Alicyn Roy and
Universal Merchant Services, LLC

13

14

BROWN, WEGNER & BERLINER LLP

15

_/s/ Matthew K. Wegner
Matthew K. Wegner (State Bar No. 223062)

16

mwegner@bwb-lawyers.com
2603 Main Street, Suite 1050

17

Irvine, CA  92614
Telephone:  (949) 705-0080

18

Facsimile:   (949) 794-4099

19

Attorneys for Defendant Fiona Walshe

20

21

I, Kristen G. Simplicio, am the ECF user whose ID and password are being used to file

22

this document.  In compliance with section X(B) of General Order 45, I hereby attest that Cary

23

Sullivan and William Brown concurred in this filing.

24

*/s/ Kristen G. Simplicio*

25

26

27

28

STIPULATION REGARDING AMENDMENT TO SETTLEMENT AGREEMENT

# EXHIBIT 1

<u>**AMENDED SETTLEMENT AGREEMENT**</u>

This Amended Settlement Agreement is entered into this 6th day of June 2013 between Plaintiffs, on the one hand,  Merchant Services Defendants, as defined herein, and Fiona Walshe (collectively, the "Settling Defendants"), on the other hand.  It supercedes the Settlement Agreement dated March 20, 2013.

**I.      RECITALS**

1.1.    On March 26, 2010, Plaintiffs filed a complaint against Settling Defendants and others in the Superior Court of California, County of San Francisco, Case No. CGC-10-498225, alleging claims for:  violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); fraud, deceit and/or misrepresentation; negligent misrepresentation; breach of contract; breach of the duty of good faith; false advertising under California Business and Professions Code sections 17500, *et seq.*; and unfair business practices under California Business and Professions Code sections 17200, *et seq.*

1.2.    On May 11, 2010, certain defendants removed the Litigation, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d), *et seq.*, to the United States District Court for the Northern District of California.

1.3.    Settling Defendants and other defendants subsequently moved to dismiss. In response to those motions, Plaintiffs filed a first amended complaint, and added a claim for fraudulent conveyance.  Settling Defendants and other defendants then moved to dismiss the first amended complaint.  The Court granted those motions in part, with leave to amend.  Plaintiffs then filed a second amended complaint which re-pled all of the above claims except the claim for fraudulent conveyance, and added common law conversion claims and claims under the Fair

Credit Reporting Act ("FCRA").  Settling Defendants and other defendants again moved to

dismiss.  The Court granted those motions in part but permitted each of the above-listed claims

to remain pending against one or more of the defendants.  On December 7, 2012, with leave of

Court, Plaintiffs filed a third amended complaint.  On August 24, 2012, Plaintiff moved for class

certification.  The Court has not yet ruled on class certification.

       1.4.     In the third amended complaint, Plaintiffs re-pled the above claims and

included additional claims for false advertising and breach of contract, and alleged additional

RICO predicate acts.  With respect to the Settling Defendants, the claims are based on

allegations that the defendants (1) misrepresented and/or failed adequately to disclose their

corporate affiliations, pricing, contract length, compatibility with existing equipment,

commissions, termination fees, cancellation provisions, taxes, personal guarantees and forum

provisions; (2) altered and/or failed to comply with contractual documents, (3) violated Visa and

MasterCard regulations, (4) made unlawful debits from customer bank accounts and (5) accessed

personal credit reports unlawfully

       1.5.     Settling Defendants deny all of Plaintiffs' allegations and all charges of

wrongdoing or liability against them arising out of any of the conduct, statements, acts or

omissions alleged, or that could have been alleged, in the Litigation.  Settling Defendants also

deny allegations that Plaintiffs or any other member of the Settlement Class has suffered damage

or harm by reason of any alleged conduct, statement, act or omission of any defendant, or in any

amount and type. Settling Defendants further deny that the Litigation meets the requirements for

certification as a class action under Rule 23 of the Federal Rules of Civil Procedure, except for

purposes of settlement, or that the evidence is sufficient to support a finding of liability.

1.6.     Plaintiffs' Counsel conducted a thorough examination and investigation of the facts and law relating to the matters in the Litigation, including but not limited to engaging in intensive discovery, both formal and informal, examining Settling Defendants' documents, deposing Settling Defendants and their representatives pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and requesting and receiving written discovery responses from Settling Defendants.  Plaintiffs also obtained documents, written discovery responses, and oral testimony from other defendants to this litigation and from more than eighteen former defendants and third parties, including banks, processors and interchanges.

1.7.     Since the filing of the Litigation, the Parties have engaged in several rounds of settlement discussions.  On November 7, 2012 and March 20, 2013, the Parties participated in all-day mediation sessions conducted by Antonio Piazza of Mediated Negotiations in San Francisco, California (the "Mediation").

1.8.     The undersigned Parties agree, subject to approval by the Court, that the Litigation between Plaintiffs, on the one hand, and Settling Defendants, on the other hand, shall be fully and finally compromised, settled and released on the terms and conditions set forth in this Agreement.  The Parties agree that the Litigation as between Plaintiffs and all other defendants will continue.

1.9.     Plaintiffs' Counsel has analyzed and evaluated the merits of all Parties' contentions and this settlement as it impacts upon all Parties and the Settlement Class Members. Among the risks of continued litigation are the risks of succeeding in a motion to certify a class and proving liability or damages on a classwide or individual basis.  In particular, there will be difficulties establishing: (1) that all class members were subjected to any or the same allegedly deceptive marketing practices; (2) that alleged marketing methods were likely to deceive

reasonable persons; (3) that alleged misrepresentations and omissions were material to reasonable persons; (4) that class members have the right to assert alleged violations of Visa or MasterCard regulations or enforce alleged contractual obligations of Merchant Services Defendants; (5) that criminal acts or conspiracies occurred that are predicate to the alleged RICO claims; (6) that credit reports were accessed unlawfully and shared with other defendants; (7) that common questions predominate over individual issues such that a class may be certified; and (8) the amount of damages or restitution due to the class or to any class member.

1.10.    Plaintiffs and Plaintiffs' Counsel, after taking into account the foregoing along with the risks and costs of further litigation, as well as the numerous potential appellate issues, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Litigation and the prompt provision of effective relief to the Settlement Class are in the best interests of the Settlement Class Members.

1.11.    Settling Defendants, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, consider it desirable to resolve the Litigation on the terms stated herein, in order to avoid further expense, inconvenience, and interference with ongoing business operations, and to dispose of burdensome litigation.  Therefore, Settling Defendants have determined that settlement of this Litigation on the terms set forth herein is in their best interests.

1.12.    This Agreement is contingent upon the issuance by the Court of both Preliminary Approval and Final Approval.  Settling Defendants do not waive, and instead expressly reserve, their rights to defend this Litigation, including, *inter alia*, challenging the sufficiency and propriety of all claims alleged and class certification for any purpose, and all rights of writ and appeal, should the Court not issue Preliminary Approval and Final Approval.

1.13.   This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of Settling Defendants, and all such allegations are expressly denied.  Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this settlement, subject to Court approval, under the following terms and conditions:

## II.   DEFINITIONS

Capitalized terms in this agreement shall be defined as follows:

2.1.   "Agreement" means this Amended Settlement Agreement, including all exhibits hereto.

2.2.   "Claim Administrator" means Kurtzman Carson Consultants, LLC or another third party administrator agreed to by the Parties and approved by the Court.

2.3.   "Claim Form" means a form in substantially the same form as Exhibit A hereto.

2.4.   "Claim Period" means the period beginning on the Notice Date and continuing until thirty (30) days after Final Approval.

2.5.   "Class Period" means the period from March 26, 2006 to March 20, 2013, inclusive.

2.6.   "Complaint" means the currently operative complaint in the Litigation.

2.7.    "Court" means the Honorable Judge Claudia Wilken of the United States District Court for the Northern District of California.

2.8.    "Effective Date" means the later of:  (i) the expiration date of the time for filing or noticing an appeal from Final Approval or (ii) if an appeal is filed, but the Final Approval is affirmed or the appeal is dismissed, the date upon which the mandate of the Court of Appeals is spread to the Court.

2.9.    "Escrow Account" means the settlement fund account as described in Section 6.2 of this Agreement.

2.10.    "Excluded Persons" are (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) the Honorable Judge Claudia Wilken and any member of her immediate family; (4) Antonio Piazza and any member of his immediate family; (6) any government entity; (6) any of the Released Parties; and/or (7) any persons who timely opt-out of the Settlement Class.

2.11.    "Final Approval" means issuance of judgment, substantially in the form of Exhibit D, granting final approval of this Agreement as binding upon the Parties, which shall constitute a judgment respecting the Parties

2.12.    "Fiona Walshe's Counsel" means the law firm of Brown, Wegner & Berliner, LLP.

2.13.    "Litigation" means *Just Film, Inc., et al. v. Merchant Services, Inc., et al.,* United States District Court for the Northern District of California, Case No. 10-CV-01993-CW.

2.14.    "Mediation" means the mediation conducted by Antonio Piazza of Mediated Negotiations in San Francisco, California in person on November 7, 2012 and March 20, 2013.

2.15.    "Merchant Services Defendants" means Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; and Alicyn Roy.

2.16.    "Merchant Services Defendants' Counsel" means the law firm of Jones Day.

2.17.    "Non-Released Parties" means the Northern Leasing Parties, RBL Capital Group, LLC; William Healy; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal representatives.

2.18.    "Notice" means the Court-approved form of notice to Settlement Class Members in substantially the same form as Exhibit B, which will notify Settlement Class Members of the conditional certification of the Settlement Class, preliminary approval of the settlement, and scheduling of the Final Approval Hearing, among other things.

2.19.    "Notice Date" means the day on which the Claim Administrator mails the Notice.

2.20.    "Northern Leasing Parties" means Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source –LSI, LLC; Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian Fitzgerald; Sam

Buono; MBF Merchant Capital, LLC; Joseph I. Sussman; Joseph I. Sussman, P.C.; SKS

Associates, LLC; Pushpin Holdings, LLC; and Cucumber Holdings, LLC.

    2.21.   "Parties" means Plaintiffs and Settling Defendants, collectively.

    2.22.   "Party" means any one of Plaintiffs or Settling Defendants.

    2.23.   "Plaintiffs" means Rainbow Business Solutions, d/b/a/ Precision Tune

Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a

Burlingame Motors; and Terry Jordan.

    2.24.   "Plaintiffs' Counsel" means the law firm of Gutride Safier LLP.

    2.25.   "Preliminary Approval" means issuance of an order, substantially in the

form of Exhibit C, granting preliminary approval of the settlement described in this Agreement.

    2.26.   "Released Claims" means the claims released as set forth in Sections 8.1

through 8.3 of this Agreement.

    2.27.   "Released Parties" means all of the Settling Defendants, and all of Settling

Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors,

agents, assigns, and legal representatives.  However, even if they would otherwise be included in

the above definition, "Released Parties" excludes the Non-Released Parties.

    2.28.   "Settlement Benefit" means the benefits provided to Settlement Class

Members as set forth in section 3.4 of this Agreement.

    2.29.   "Settlement Class" or "Settlement Class Members" means all persons

other than Excluded Persons, who, during the Class Period, were entered into an agreement for

bankcard processing services and an associated lease for bankcard processing equipment through

one or more of the Merchant Services Defendants.

2.30.    "Settlement Website" means an internet website created and maintained by the Claim Administrator.  The URL of the Settlement Website shall be "www.justfilmsettlement.com".   Each Settlement Class Member will receive, in the Notice postcard, the URL of the Settlement Website.

2.31.    "Undertaking" means an undertaking signed by Adam Gutride and Seth Safier substantially in the form of Exhibit E hereto.

2.32.    "Valid Claim" means a claim submitted in compliance with Part III of this Agreement.

## III.    CHANGED PRACTICES, SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

3.1.    Within 180 days after Preliminary Approval, Settling Defendants shall change their business practices as follows:

(a)    In all oral and written communications with any prospective customer (including telephone calls, business cards, and all other marketing materials) Merchant Services Defendants shall not use the name "Merchant Services" unless in connection with a complete corporate name as registered with the California Secretary of State and/or any duly registered fictitious business name.

(b)    If any written or electronic document created by any of the Settling Defendants is shown to a prospective customer to project the customer's debit card or credit card processing costs through any of the Settling Defendants as compared to a competitor, the document shall contain the following preprinted information or lines with preprinted headings on which the following information must be filled in:

1.    The name of:

        a.     the registered ISO that would be involved in the transaction;

        b.     the entity through which bankcard processing services would be provided; and

        c.     the entity through which leasing services (if any) would be provided,

    2.     The fact that processing rates are estimated and that higher rates may apply depending on the type of card, including mileage and rewards cards;

    3.     The fact that equipment leasing is optional; and

    4.     The fact that a cancellation fee will apply for early termination;

and in addition, the sales representative also must leave with the prospective customer a copy of the above document and a current business card containing his or her current business address, phone number, and email address.

    3.2.    Every Settlement Class Member shall have the right to submit a claim for Settlement Benefits.  A claim shall be valid only if submitted on the Claim Form pursuant to the procedures set forth herein.

    3.3.    Claim Forms must be submitted to the Claim Administrator in paper form via first class mail or online through the Settlement Website.  On the Claim Form, the Settlement Class Member must certify all of the following under the penalty of perjury:

    (a)    The Settlement Class Member's name and address;

    (b)    That he/she/it is a member of the Settlement Class;

    (c)    That he/she/it is not an Excluded Person;

(d)     That the Settlement Class Member was not aware of or did not agree to fees or terms applied in connection with the processing contract and/or equipment lease.

3.4.     Merchant Services Defendants shall be permitted to submit evidence to their Counsel to dispute any claimant's purported membership in the Settlement Class.  Merchant Services Defendants' Counsel shall, in turn, aver to the Claim Administrator and Plaintiffs' Counsel as to the evidence submitted by the Merchant Services Defendants.  Such evidence shall be made available, upon reasonable notice, to Plaintiffs' Counsel for inspection.  In addition, Merchant Services Defendants may produce evidence establishing that any claimant is an Excluded Person, as defined in section 2.10.

3.5.     Each Settlement Class Member who submits a valid claim shall receive a check for $350, offset by any cash or cash-equivalent reimbursement previously paid to the claimant by any of the Merchant Services Defendants as a result of a previous complaint by the Settlement Class Member to any of the Merchant Services Defendants about the price point and/or length of the Settlement Class Member's equipment lease and/or processing agreement. There shall be no offset for waiver or reduction of cancellation fees.  Merchant Services Defendants may produce evidence to their Counsel establishing that they previously paid such amounts to any claimant.  Merchant Services Defendants' Counsel shall, in turn, aver to the Claim Administrator and Plaintiffs' Counsel as to the evidence submitted by Merchant Services Defendants.  Such evidence shall be made available, upon reasonable notice, to Plaintiffs' Counsel for inspection.

3.6.     Within ten (10) days of the Effective Date, Settling Defendants shall pay to the Claim Administrator the amount the Claim Adminstrator deems necessary to satisfy all valid claims.  All valid claims shall be paid by the Claim Administrator within thirty (30) days of

the Effective Date.  In the event that an appeal is filed from Final Approval that pertains only to the awards of attorneys' fees, expenses and/or incentive awards and not to remainder of the settlement, then for purposes of this section 3.6, the Effective Date shall be computed under section 2.8(i) rather than 2.8(ii).

3.7.     The Parties agree that all settlement checks shall be subject to a one hundred eighty (180) day void period, after which the checks shall no longer be negotiable.  If a settlement check is not negotiated within this period, the claimant shall not be entitled to any further payment under this Agreement.

3.8.     No deductions will be taken from the payment at the time of distribution; claimants are responsible for paying all taxes due on such payments.  All settlement payments shall be deemed to be paid solely in the year in which such payments are actually issued. Counsel do not purport to provide legal advice on tax matters.  To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot be used, by any person or entity for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

3.9.     The Claim Administrator shall be responsible for processing Claim Forms and administering the Settlement Website, opt-out process, and fulfilling Settlement Benefit claims, as described herein.

3.10.    Merchant Services Defendants shall bear all fees and expenses incurred by the Claim Administrator, including the costs of paying all claims.

3.11.   Plaintiffs' Counsel and Merchant Services Defendants' Counsel shall monitor the Claim Administrator's work and upon request shall receive copies from the Claim Administrator of all Claim Form data and any associated documentation provided by the Claimant.  Should Plaintiffs dispute the rejection of any claim, Plaintiffs may contact the claimant for additional information, and Plaintiffs and Merchant Services Defendants will meet and confer in good faith to attempt to resolve the dispute.  Any unresolved disputes between Plaintiffs and Merchant Services Defendants regarding claim administration or the payment of a claim shall be resolved by the Court, unless the Parties mutually agree on another dispute resolution process.  Upon rejection of any claim, the Claim Administrator shall send a letter to the claimant stating the reasons for the rejection.

## IV.   NOTICE

4.1.   Prior to the Notice Date, the Claim Administrator shall establish the Settlement Website, which shall contain the Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions; a Contact Information page that includes the address for the Claim Administrator and addresses and telephone numbers for Plaintiffs' Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's Counsel; the Agreement; the signed order of Preliminary Approval; a downloadable version of the Claim Form; a downloadable and online version of the form by which persons may opt out of the Settlement Class; and (when it becomes available) Plaintiffs' application for attorneys' fees, expenses and incentive awards.

4.2.   Not later than ten (10) days following Preliminary Approval, Merchant Services Defendants and Plaintiffs shall provide the Claim Administrator with the names, business names, and last known addresses of all persons who may be Settlement Class Members.

13

As soon as reasonably practicable, but not later than twenty-one (21) days following Preliminary Approval, the Claim Administrator shall send the Notice postcard via first class mail to each Settlement Class Member using the information provided, as updated through a skiptracing process including use of the National Change of Address Database.

      4.3.    Within the statutory notice period, Settling Defendants shall provide the notices to the appropriate state and federal officials as required by 28 U.S.C. § 1715, et seq. Within fourteen (14) days after Preliminary Approval, Settling Defendants shall provide an additional notice to those same officials alerting them to the deadline for filing any objections to the settlement.

      4.4.    At least seven (7) days prior to the final approval hearing referenced in Part VII of this Agreement, the Claim Administrator and Settling Defendants shall certify to the Court that they have complied with the notice requirements set forth herein.

## V.    CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

      5.1.    Solely for the purposes of this settlement and the proceedings contemplated herein, the Parties stipulate that a Settlement Class shall be certified in accordance with the definition set forth in this Agreement, that the Plaintiffs shall represent the Settlement Class for settlement purposes, and that Plaintiffs' Counsel shall be appointed as the attorneys for the Settlement Class.

      5.2.    In the event that the Court fails to enter the Preliminary Approval order or fails to grant Final Approval (or enters any order that increases the cost or burden to Merchant Services Defendants beyond what is set forth in this Agreement), Plaintiffs' Counsel,  Merchant Services Defendants' Counsel, and Fiona Walshe's Counsel shall endeavor, consistent with this Agreement, to resolve any issues identified by the Court; provided, however, that any of the

Settling Defendants shall have the right to notify Plaintiffs of their election to terminate this Agreement if such resolution involves any increase in the cost (including, but not limited to, administration costs) or burden of the Agreement to Settling Defendants.

5.3.    In the event that this Agreement and the Settlement proposed herein are not finally approved, or are terminated, cancelled, or fail to become effective for any reason whatsoever, this class certification, to which the parties have stipulated solely for the purpose of the settlement of the Litigation, shall be null and void and the Litigation shall revert to its status as existed prior to the date of this Agreement.  In such event, neither this Agreement nor any document filed or created in connection with this Settlement may be used as an admission or as evidence concerning the appropriateness or inappropriateness of class certification or in any other manner whatsoever.

## VI.    ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

6.1.    <u>Attorneys' Fees, Costs, Expenses and Incentive Awards</u>.  Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees and expenses not to exceed $990,000.00.  Each Plaintiff may additionally apply to the Court for an incentive award as compensation for (a) the time and effort undertaken in and risks of pursuing this Litigation, including the risk of liability for the Parties' costs of suit, and (b) the general release set forth in paragraph 8.2.  Such incentive awards shall be subject to the following limits: Rainbow Business Solutions d/b/a/ Precision Tune Auto Care and Jerry Su:  $8,750.00 collectively; Verena Baumgartner d/b/a Burlingame Motors: $8,750.00; Dietz Towing, Inc. and Terry Jordan: $8,750.00 collectively; Volker Von Glasenapp: $8,750.00.

6.2.    Settling Defendants agree not to oppose or to submit any evidence or argument challenging or undermining such application for attorneys' fees, costs, expenses, or

incentive awards.  The attorneys' fees and expenses awarded by the Court as set forth under

paragraph 6.1 shall be the total obligation of Settling Defendants to pay attorneys' fees and

expenses of any kind to Plaintiffs' Counsel.  The incentives awarded to Plaintiffs by the Court as

set forth in paragraph 6.1 shall be the total obligation of Settling Defendants to pay money to any

Plaintiff, in connection with the Litigation and this settlement, other than amounts due to any

Plaintiff for any valid claims submitted pursuant to Part III of this Agreement.  Plaintiffs'

Counsel and Plaintiffs agree that the denial, downward modification or failure to grant the

request for attorneys' fees, costs or incentive awards shall not constitute grounds for

modification or termination of the settlement.

      6.3.    Within thirty (30) days following Preliminary Approval of the settlement,

Merchant Services Defendants will pay $990,000.00 into a neutral, interest-bearing settlement

fund account with Merrill Lynch, or, at Plaintiffs' election, another bank ("Escrow Account").

Merrill Lynch, or at Plaintiff's election, another bank, shall use reasonable efforts to obtain an

interest rate equal to or greater than the Vanguard Prime Institutional money market fund for a

deposit of that size.  The banking and administration fees, if any, shall be paid by Plaintiffs'

Counsel.

      6.4.    All attorneys' fees and costs awarded to Plaintiffs' Counsel shall be paid

from the Escrow Account to Plaintiffs' Counsel within seven (7) days after all of the following

occur: (1) the Court enters Final Approval; (2) the Court makes an award of attorneys' fees

and/or expenses to Plaintiffs' Counsel; and (3) Plaintiffs' Counsel execute the Undertaking. Any

balance remaining in the Escrow Account, after payment of awarded Plaintiffs' Counsel

attorneys' fees and costs, will be paid to Merchant Services Defendants.  All interest accrued on

any attorneys' fees and costs awarded and paid to Plaintiffs' Counsel will be paid to Merchant

Services Defendants.

6.5.     Within seven (7) days of the Effective Date, Settling Defendants shall pay

the Court-approved incentive award to Plaintiffs.

## VII.    CLASS SETTLEMENT PROCEDURES

7.1.    <u>Settlement Approval</u>.  As soon as practicable after the signing of this

Agreement, Plaintiffs shall move, with the support of Settling Defendants, for a Preliminary

Approval order, substantially in the form of Exhibit C, conditionally certifying the Settlement

Class; preliminarily approving this Agreement and this settlement as fair, just, reasonable and

adequate; approving Class Notice to the Settlement Class Members as described in Part IV

above; and setting a hearing to consider Final Approval of the settlement and any objections

thereto.

7.2.    <u>Final Approval Order and Judgment</u>.  At or before the hearing on Final

Approval, Plaintiffs, with the support of Settling Defendants, shall move for entry of an order of

Final Approval, substantially in the form of Exhibit D, granting final approval of this settlement

and holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement

Class Members who have not excluded themselves as provided below, and ordering that the

settlement relief be provided as set forth in this Agreement, ordering the releases as set forth in

Part VII, below, and entering judgment in this case.

7.3.    <u>Opt-Outs, Objections and Requests to Intervene</u>.  The Notice shall advise

prospective Settlement Class Members of their rights:  (a) to forego the benefits of this

settlement and pursue an individual claim; (b) to object to this settlement individually or through

counsel; and/or (c) to request the opportunity to intervene in this case.

7.4.    If, within such time as is ordered by the Court and contained in the Notice, any Settlement Class Member wishes to object to the settlement and/or to be heard, the Settlement Class Member must file a written notice of objection by the deadlines established by the Court and, if not filed through the Electronic Case Filing system, serve the same upon the Claim Administrator.  Each such objection must include the name, address and telephone number of the Settlement Class Member; shall provide documents or testimony sufficient to establish membership in the Settlement Class; and shall provide a detailed statement of any objection asserted, including the grounds therefor and reasons, if any, for requesting the opportunity to appear and be heard at the final approval hearing.  Failure to include the foregoing information shall be grounds for striking an objection.

7.5.    If, within such time as is ordered by the Court and contained in the Notice, any Settlement Class Member wishes to be excluded from this settlement, the Settlement Class Member may do so by downloading or completing the form at the Settlement Website and submitting a valid request to opt-out, as described in the Notice, to the Claim Administrator. Requests to opt-out must be received (not just postmarked) by the opt-out deadline or they shall not be valid.  A Settlement Class Member who elects to opt-out of this Settlement shall not be permitted to object to this settlement or request the right to intervene.  The proposed Preliminary Approval order and Notice will provide that any Settlement Class Member wishing to object or opt-out who fails to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.  At least fifteen (15) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Notice described herein, have excluded themselves from the Settlement Class in a

18

valid and timely manner, and Settling Defendants shall file that list with the Court, with service on Plaintiffs' Counsel.

   7.6. Merchant Services Defendants have the exclusive right to void this Settlement if more than 200 Settlement Class Members timely and properly submit opt-out requests.

   7.7. If a Settlement Class Member submits both a claim form and an opt-out request, the claim form shall take precedence and be considered valid and binding, and the opt-out request shall be deemed to have been sent by mistake and rejected.

   7.8. <u>Effect if Settlement Not Approved or Agreement is Terminated</u>.  This Agreement was entered into only for purposes of settlement.  In the event that Preliminary or Final Approval of this Settlement and this Agreement does not occur for any reason, including without limitation termination of this Agreement by Defendant pursuant to Section 5.2, or if Final Approval is reversed on appeal, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Litigation, or in any other proceeding; the Litigation may continue as if the settlement had not occurred; and any order conditionally certifying or approving certification of a settlement class shall be vacated.  The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and only for purposes of the Litigation.

## VIII.   RELEASES

8.1.   <u>Nature of Release</u>.  The obligations incurred by Settling Defendants pursuant to this Agreement shall be a full and final disposition and settlement of all claims, actions, suits, obligations, debts, demands, rights, causes of action, liabilities, controversies, costs, expenses, and attorneys' fees, known or unknown, which actually were, or could have been, asserted in the Litigation, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, all of which shall be finally and irrevocably compromised, settled, released, and discharged with prejudice, subject to the provisions of Sections 8.2 and 8.3 below.

8.2.   <u>Release Regarding Plaintiffs and Released Parties</u>.  Upon Final Approval, Plaintiffs (for purposes of this Section 8.2, Plaintiffs includes Plaintiffs and their predecessors, successors, agents, assigns, attorneys and members of their families) on the one hand, and the Released Parties on the other hand, shall mutually release and forever discharge each other from and shall be forever barred from instituting, maintaining, or prosecuting:

(a)     any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, that Plaintiffs, on the one hand, and Settling Defendants, on the other hand, have had in the past, or now have, related in any manner to the Released Parties' products, services or business affairs;

(b)     any and all other claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Plaintiffs, on the one hand, and Settling Defendants, on the other hand, have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.  Plaintiffs and Settling Defendants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity.  Plaintiffs and Settling Defendants explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Settling Defendants with the knowledge of the possibility of such unknown claims, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and Settling Defendants expressly waive all provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law).  **Section 1542 provides:**

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

(c)     Each and every term of this section shall be binding upon, and inure to the benefit of Plaintiffs and the Released Parties, and any of their successors and personal representatives, which persons and entities are intended to be beneficiaries of this section.

       8.3.   <u>Release Regarding Settlement Class Members and Released Parties</u>.  Upon Final Approval, the members of the Settlement Class (except any such person who has filed a proper and timely request for exclusion from the Settlement Class) shall release and forever discharge the Released Parties from and shall be forever barred from instituting, maintaining, or prosecuting:

       (a)   any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation related in any manner to the allegations set forth in the Complaint, which are summarized in section 1.4;

       (b)   With respect to the released claims set forth in Subsection 8.3(a), each Settlement Class Member shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law).  **Section 1542 provides:**

       **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

       (c)   Each and every term of this section shall be binding upon the Settlement Class Members and any of their successors and personal representatives, and inure to

the benefit of the Released Parties, and any of their successors and personal representatives, which persons and entities are intended to be beneficiaries of this section.

(d)     The Parties shall be deemed to have agreed that the release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding based on the released claims.

(e)     No release is given by Plaintiffs or Settlement Class Members to the Non-Released Parties.

(f)     Nothing in this Section 8.3 shall operate to bar or release any defense, cross-claim or counter-claim in any action initiated by any of the Released Parties against any Settlement Class Member.

8.4.    <u>Effectuation of Settlement</u>.  None of the above releases include releases of claims to enforce the terms of the settlement.

8.5.    <u>No Admission of Liability</u>. This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party. Settling Defendants expressly deny the allegations of the complaints in the Litigation. Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Parties, or be offered or received in evidence as an admission, concession,

presumption, or inference of any wrongdoing by the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

## IX.    ADDITIONAL PROVISIONS

9.1.    Best Efforts.  The Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement and settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, and to obtain Final Approval of this Agreement.

9.2.    Change of Time Periods.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's counsel, without notice to Settlement Class Members except that the Claim Administrator shall ensure that such dates are posted on the Settlement Website.

9.3.    Time for Compliance.  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

9.4.    Public Comment.  Plaintiffs and Settling Defendants, and their respective counsel, recognize and accept that the provisions of the Protective Order entered into in the Litigation shall remain in full force and effect and that all documents, testimony, or pleadings in the Litigation designated as Confidential or Highly Confidential pursuant to the Protective Order shall not be disclosed except as set forth in that Order.  The Parties further recognize and affirm that all aspects of mediation proceedings herein remain subject to the mediation privilege and shall not be disclosed except to the Court as necessary for the approval and enforcement of the

Settlement.  No press release or public statement of any type, whether oral or in writing, shall be made or issued, nor shall any notice be published by any Party (including on any website), regarding this Agreement, the settlement of the Litigation, or the surrounding circumstances, except a notice substantially in the form of Exhibit F hereto.  Nothing in this paragraph shall preclude Plaintiffs' Counsel from discussing and answering questions about this Agreement, the settlement of the Litigation, and the surrounding circumstances with the Court, Settlement Class Members, and other individuals necessary to effectuate the terms of this Agreement.

9.5.    <u>Governing Law</u>.  This Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

9.6.    <u>Entire Agreement</u>.  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties hereto, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Agreement.  Any amendment or modification of the Agreement must be in writing signed by Plaintiffs, Plaintiffs' Counsel, Merchant Services Defendants, Merchant Services Defendants' Counsel, Fiona Walshe, and Fiona Walshe's counsel.

9.7.    <u>Advice of Counsel</u>.  The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel.  The presumption found in California Civil

Code section 1654 that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

       9.8.   <u>Binding Agreement</u>.  This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Parties hereto.

       9.9.   <u>No Waiver</u>.  The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

       9.10.   <u>Execution in Counterparts</u>.  This Agreement shall become effective upon its execution by all of the undersigned.  The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

       9.11.   <u>Captions</u>.  Captions and section numbers herein are inserted merely for the reader's convenience, and in no way define, limit, construe, or otherwise describe the scope or intent of the provisions of this Agreement.

       9.12.   <u>Extensions of Time</u>.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

       9.13.   <u>Enforcement of this Agreement</u>.  The Court shall retain jurisdiction to enforce, interpret, and implement this Agreement.

       9.14.   <u>Plaintiffs to be Included in Settlement Class</u>.  Plaintiffs hereby agree not to request to opt out or otherwise be excluded from the Settlement Class.  Any such request shall be void and of no force or effect.

       9.15.   <u>Notices</u>.  All notices to the Parties or counsel required by this Agreement, shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiffs or Plaintiffs' Counsel:

        Adam Gutride, Esq.
        Kristen Simplicio, Esq.
        Gutride Safier LLP
        835 Douglass Street
        San Francisco, CA  94114
        Telephone:  (415) 271-6469
        Fax:  (415) 449-6469
        Email:  adam@gutridesafier.com, kristen@gutridesafier.com


If to Merchant Services Defendants or Merchant Services Defendants' Counsel:

        Cary D. Sullivan, Esq.
        Jones Day
        3161 Michelson Drive, Suite 800
        Irvine, CA 92612
        Telephone: (949) 553-7513
        Fax: (949) 553-7539
        Email : carysullivan@jonesday.com

If to Fiona Walshe or Fiona Walshe's Counsel:

        Matthew K. Wegner, Esq.
        Brown Wegner & Berliner LLP
        2603 Main Street, Suite 1050
        Irvine, CA 92614
        Telephone: (949) 705-0080
        Fax: (949) 794-4099
        Email : mwegner@bwb-lawyers.com

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.


**APPROVED AS TO FORM:**

DATED:   June 6, 2013                    GUTRIDE SAFIER LLP

_____
Adam Gutride
Seth A. Safier
Kristen Simplicio
Attorneys for Plaintiffs



DATED: June __, 2013                     JONES DAY


_____
Thomas R. Malcolm
Brian Hershman
Cary D. Sullivan
Attorneys for Defendants Merchant Services, Inc.; National
Payment Processing, Inc.; Universal Merchant Services,
LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk;
Robert Parisi; Eric Madura; and Alicyn Roy


DATED: June __, 2013                     BROWN WEGNER & BERLINER LLP


_____
William J. Brown, Jr.
Matthew K. Wegner
Matthew A. Berliner
Attorneys for Defendant Fiona Walshe

28

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.


**APPROVED AS TO FORM:**

DATED:  June __, 2013                    **GUTRIDE SAFIER LLP**


_____
Adam Gutride
Seth A. Safier
Kristen Simplicio
Attorneys for Plaintiffs


DATED: June __, 2013                     **JONES DAY**

_____
Thomas R. Malcolm
Brian Hershman
Cary D. Sullivan
Attorneys for Defendants Merchant Services, Inc.; National
Payment Processing, Inc.; Universal Merchant Services,
LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk;
Robert Parisi; Eric Madura; and Alicyn Roy


DATED: June __, 2013                     **BROWN WEGNER & BERLINER LLP**


_____
William J. Brown, Jr.
Matthew K. Wegner
Matthew A. Berliner
Attorneys for Defendant Fiona Walshe

**APPROVED AND AGREED:**

DATED: June ___, 2013

RAINBOW BUSINESS SOLUTIONS, D/B/A/
PRECISION TUNE AUTO CARE

Jerry Su
Its _____

DATED: June ___, 2013

Jerry Su

DATED: June ___, 2013

DIETZ TOWING, INC.

Terry Jordan
Chief Financial Officer

DATED: June ___, 2013

Terry Jordan

DATED: June _6_, 2013

Verena Baumgartner d/b/a/ Burlingame Motors

DATED: June ___, 2013

Volker Von Glasenapp

DATED: June ___, 2013

MERCHANT SERVICES, INC.

By:_____

Name:_____

Its: _____

29

**APPROVED AND AGREED:**

DATED: June __, 2013       RAINBOW BUSINESS SOLUTIONS, D/B/A/
PRECISION TUNE AUTO CARE

_____

Jerry Su
Its _____

DATED: June __, 2013

_____

Jerry Su

DATED: June _6_, 2013       DIETZ TOWING, INC.

_____

Terry Jordan
Chief Financial Officer

DATED: June _6_, 2013

_____

Terry Jordan

DATED: June __, 2013

_____

Verena Baumgartner d/b/a/ Burlingame Motors

DATED: June __, 2013

_____

Volker Von Glasenapp

DATED: June __, 2013       MERCHANT SERVICES, INC.

By:_____

Name:_____

Its: _____

DATED: June __, 2013          NATIONAL PAYMENT PROCESSING, INC..

By:_____

Name:_____

Its: _____

DATED: June __, 2013          UNIVERSAL MERCHANT SERVICES, LLC


By:_____

Name:_____

Its: _____


DATED: June __, 2013          UNIVERSAL CARD, INC.


By:_____

Name:_____

Its: _____



DATED: June __, 2013          _____
                              Jason Moore

DATED: June __, 2013          _____
                              Nathan Jurczyk

DATED: June __, 2013          _____
                              Robert Parisi

DATED: June __, 2013          _____
                              Eric Madura

DATED: June ___, 2013

_____

Alicyn Roy

DATED: June ___, 2013

_____

Fiona Walshe

# EXHIBIT A

*Just Film, Inc., et al. v. Merchant Services, Inc., et al.*
**Class Action Settlement Claim Form**
INSTRUCTIONS

As set forth in the Amended Settlement Agreement, there has been a settlement involving certain parties in a lawsuit entitled *Just Film, Inc., et al. v. Merchant Services, Inc., et al.*, Case No. CV 10-01993 CW.

If you wish to participate in the settlement and make a claim, you must complete and return this Claim Form.  All information will be kept private, will not be disclosed to anyone other than the Court, the Claim Administrator, and the settling parties in this case, and will be used solely to administer the settlement.

YOUR COMPLETED CLAIM FORM **MUST BE RECEIVED (NOT POSTMARKED) BY [DATE]**.  YOU MAY SEND THE FORM BY FIRST-CLASS MAIL, OR THE EQUIVALENT, TO THE FOLLOWING ADDRESS, OR YOU MAY SUBMIT THE FORM THROUGH THIS WEBSITE.  (If you wish to have acknowledgement of receipt of your mailed form, you must send the form by certified mail, or the equivalent.):

Claim Administrator
c/o Kurtzman Carson Consultants, LLC
[address]

If you move, please send your new address to the Claim Administrator at the address listed above.  If you provide incomplete, incorrect, or inaccurate information, your claim may be denied.

Returning this Claim Form does not ensure that you will receive a payment.  You will receive a payment *only* if (1) the settlement receives final approval from the Court, and (2) your claim is verified.  If both occur, you will receive a check for $350.00.[*]  Checks will be sent via first-class mail after the Effective Date.  Checks will be valid only for 180 days after issuance.  Please save a copy of this completed form for your records.

Only settlement class members or their legal representatives may submit a Claim Form.  Any executor, administrator, guardian, conservator, or trustee who submits a Claim Form on behalf of a settlement class member or his/her estate must (1) sign the Claim Form on the settlement class member's behalf; (2) indicate his or her title as representative (*e.g.*, executor, trustee); and (3) submit proof of his or her authority to act on the settlement class member's behalf.

For purposes of this claim form, "Settling Defendants" means Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe.  "Northern Leasing Parties" means Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source –LSI, LLC; Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian Fitzgerald; Sam Buono; MBF Merchant Capital, LLC; Joseph I. Sussman; Joseph I. Sussman, P.C.; SKS Associates, LLC; Pushpin Holdings, LLC; and Cucumber Holdings, LLC.

**For further information, visit www.justfilmsettlement.com.**

---

[*] This amount will be reduced by any cash or cash-equivalent reimbursement that the Settling Defendants demonstrate that they previously paid to you as a result of any complaint about the price point and/or length of your equipment lease or processing agreement.

EXHIBIT A

*Just Film, Inc., et al. v. Merchant Services, Inc., et al.*
**Class Action Settlement Claim Form**

Business Name:_____

Claimant ID (if available):* _____

First Name: _____ Last Name:_____

Position/Title: _____

Mailing Address: _____

City:_____ State: _____ Zip: Code_____

Email Address:_____@_____._____

I certify the following:

1.  Between March 26, 2006 and March 20, 2013, our business entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Settling Defendants.

2.  Our business did not remain in a bankcard processing agreement through any of the Settling Defendants for more than sixty (60) days after the expiration of its initial processing agreement.

3.  Our business did not continue to lease bankcard processing equipment through any of the Settling Defendants for more than sixty (60) days after the expiration of our initial equipment lease.

4.  Our business was not aware of or did not agree to fees or terms applied in connection with the processing contract and/or equipment lease.

5.  I understand and acknowledge that I am releasing and waiving certain claims, including but not limited to unknown claims and potential claims, against the Released Parties, as set forth in the Settlement Agreement, available at www.justfilmsettlement.com.  I understand that I am *not* releasing any claims against the Northern Leasing Parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed: _____ Date: _____

**[Submit]**

**[If printed]: Mail this claim form to: Claim Administrator, [address].**

---

* If you received notice of the settlement by mail, this number appears on the front of the notice. It is not necessary; your claim will be processed even if you did not receive the mailed notice or no longer have it.

EXHIBIT A2

# EXHIBIT B1

**Attention customers of:**
**Merchant Services, Inc.; National Payment Processing, Inc.;**
**Universal Merchant Services, LLC; And Universal Card, Inc.:**

**If you processed bankcard transactions and were enrolled in a lease for**
**bankcard processing equipment between March 26, 2006 and March 20, 2013,**
**this notice may affect your rights.  Please read it carefully.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The class action settlement will resolve a lawsuit over whether Merchant Services, Inc. and affiliated entities misled customers when enrolling them in agreements for bankcard processing services and leases, or took other inappropriate action.

- Each member of the class who submits a valid claim form will receive up to $350.

- The two sides disagree on how much money could have been won if class members won a trial.

- The lawyers who brought the lawsuit will separately ask the Court for up to $990,000 to be paid separately by the Settling Defendants, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The Only Way To Get Payment |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Settling Defendants, about the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

EXHIBIT B1: LONG FORM NOTICE

## Contents                                                                          .

**[Clickable table of contents linking to bold paragraph headings]**

## How Do I Know If I Am Affected By The Settlement?                                  .

For purposes of settlement only, the Court has certified a settlement class.  You are a member of the Settlement Class if, between March 26, 2006 and March 20, 2013, you entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through the one or more of the Settling Defendants (defined below).  However, the Settlement Class excludes (1) all persons or companies who remained in a bankcard processing agreement through any of the Settling Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons or companies who continued to lease bankcard processing equipment through any of the Settling Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) the Honorable Judge Claudia Wilken and any member of her immediate family; (4) Antonio Piazza and any member of his immediate family; (5) any government entity; (6) any of the Released Parties; and (7) any persons who timely opt out of the Settlement Class.

If you are a member of the Settlement Class, you will be bound by the settlement and judgment in this case, unless you request to be excluded.

## What Is The Lawsuit About?                                                         .

The settlement resolves claims in a lawsuit against Merchant Services, Inc. and affiliated companies, and certain of their officers, employees, and current and former independent contractors.  The lawsuit is continuing to go forward against all other entities and individuals.

The companies and individuals who are participating in the settlement are Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe (collectively, "Settling Defendants").

The lawsuit is continuing against Northern Leasing Systems, Inc.; MBF Leasing LLC;

EXHIBIT B1: LONG FORM NOTICE

Northern Funding LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Sam Buono; and SKS Associates, LLC (collectively, "Northern Leasing Defendants.")

The lawsuit was filed in March 2010 by several merchants and their owners or personal guarantors. The Plaintiffs' names are: Rainbow Business Solutions d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Just Film, Inc., which has been dissolved; Volker Von Glasenapp; Jerry Su; Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan (collectively, "Plaintiffs").

In the lawsuit, Plaintiffs allege that Settling Defendants do business under the name "Merchant Services" and misleadingly state or imply that they are affiliates of other companies. Plaintiffs allege that Settling Defendants enrolled merchants in bankcard processing agreements with banks and processors such as Transfirst LLC, Chase Paymentech, and FirstData. Plaintiffs further allege that Settling Defendants enrolled merchants in leases for bankcard processing equipment with MBF Leasing, LLC and Northern Leasing Systems, Inc. Plaintiffs allege that Settling Defendants misrepresented and omitted the costs, term, early termination penalties, and other provisions of the processing agreements and leases and unlawfully collected commissions, cancellation fees and other amounts via automatic withdrawals from merchant bank accounts. Plaintiffs also allege that Settling Defendants forged signatures and modified contracts and authorization forms for electronic debits after those contracts and forms had been signed. Plaintiffs additionally contend that Settling Defendants' sales practices violated rules of MasterCard. Plaintiffs further assert that if customers defaulted on payment, Settling Defendants engaged in improper collection efforts by making unlawful credit inquiries on the personal credit reports of the personal guarantors who signed the agreements. Plaintiffs allege that many of the credit inquiries appeared with the trade line "Universal Merchant Services." Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Fair Credit Reporting Act ("FCRA"); fraud, deceit and/or misrepresentation; negligent misrepresentation; conversion; breach of contract; breach of the duty of good faith; false advertising under California Business and Professions Code sections 17500, *et seq.*; unfair business practices under

EXHIBIT B1: LONG FORM NOTICE

California Business and Professions Code sections 17200, *et seq*.

Settling Defendants deny that there is any factual or legal basis for Plaintiffs' allegations. By way of example, Settling Defendants produced thousands of audio recordings that they contend conclusively establish that merchants were aware of and consented to the price point and length of their contracts. Settling Defendants deny any liability and deny that Plaintiffs or any other members of the Settlement Class have suffered injury or are entitled to monetary or any other relief. Settling Defendants also deny that this case can be certified as a class action, except for purposes of settlement.

The Court has not determined whether Plaintiffs or Settling Defendants are correct.

**Why Is This Case Being Settled?**

In the lawsuit, Plaintiffs sought to obtain restitution of all monies paid by Settlement Class members to Settling Defendants, Northern Leasing Defendants, and associated companies, for credit card processing and leasing services. Plaintiffs also sought statutory damages of $1000 per violation under FCRA for unlawful accessing of consumer credit reports. Plaintiffs further sought treble damages and punitive damages, which could increase the amount by a factor of three or more.

Plaintiffs' counsel believes, however, that they are exceedingly unlikely to recover all the amounts sought for, at least, the following reasons. First, it is not clear that the case can proceed as a class action. Settling Defendants have argued, among other things, that there were no common sales scripts or marketing materials, that each merchant experiences a unique sales presentation, and that Settlement Class members knowingly enrolled in processing services and leases for a variety of individualized reasons. Second, even if the case goes forward as a class action, it would be difficult to prove that Settling Defendants' conduct violated the law. For example, it is not clear that FCRA prohibits credit inquiries on a personal guarantor or that Plaintiffs can prove any RICO violation based on Settling Defendants' alleged failure to follow rules imposed by MasterCard, or that Settling Defendants violated any such rules. Third, even if legal violations were proven, it would be difficult to prove damages, because Settling Defendants

EXHIBIT B1: LONG FORM NOTICE

argue that customers paid *less* for the bankcard processing and equipment they received than they would have paid elsewhere.  Settling Defendants also contend that they cannot be required to refund amounts paid by Settlement Class members to the Northern Leasing Defendants.  Finally, even if a class were certified or damages were awarded, there is a likelihood that Settling Defendants would appeal, placing the ultimate outcome in further doubt and causing further delay.

The Parties have conducted substantial investigation of Settling Defendants' business practices, as well as the business practices of the Northern Leasing Defendants and other companies who provide bankcard processing or leasing services in association with Settling Defendants.  Settling Defendants have produced more than 300,000 pages of documents, which Plaintiffs' counsel reviewed.  Plaintiffs also have obtained and reviewed more than 1 million pages of documents and 30 GB of databases from the Northern Leasing Defendants and non-parties.  In addition, the Parties have taken depositions of 18 witnesses.  The Parties also have exchanged written responses, under oath, to questions posed by other Parties.

The Parties are not aware of any other pending lawsuits against the Settling Defendants that seek class action relief for any of the issues raised in this lawsuit.

In November 2012 and March 2013, Plaintiffs and Settling Defendants participated in all-day mediation sessions in San Francisco, California with Antonio Piazza of Mediated Negotiations.  As a result of the mediations, the Plaintiffs and Settling Defendants reached a settlement.   (Plaintiffs did not reach a settlement with the Northern Leasing Defendants.) Plaintiffs and Plaintiffs' Counsel, after taking into account the foregoing issues along with the other risks and costs of further litigation, are satisfied that the terms and conditions of the proposed settlement are fair, reasonable, adequate and equitable, and that a settlement of the Litigation, as it concerns the Settling Defendants, and the prompt provision of effective relief to the Settlement Class are in the best interest of the Settlement Class Members.

**What Can I Get In The Settlement?**

Every Settlement Class member who files a Valid Claim (defined below) will receive a

EXHIBIT B1: LONG FORM NOTICE

check for $350, offset by any cash or cash-equivalent reimbursement previously paid to the claimant by any of the Settling Defendants as a result of a previous complaint by the Settlement Class member to any of the Settling Defendants about the price point and/or length of the Settlement Class member's equipment lease and/or processing agreement.

A "Valid Claim" is one filed by a Settlement Class member who attests, under penalty of perjury, that the merchant was not aware of or did not agree to fees or terms applied in connection with the processing contract and/or equipment lease.

**How Do I Make A Claim?**

To make a claim, you must fill out a Claim Form.  The Claim Form is available on the Settlement Website, www.justfilmsettlement.com, or you may request a copy from the Claim Administrator.  The Claim Form may be submitted online at the Settlement Website, or you may print and mail it to the Claim Administrator at: [address]**.  CLAIM FORMS MUST BE RECEIVED, NOT JUST POST MARKED, BY [30 days after scheduled final approval hearing].**

**What Do Plaintiffs And Their Lawyers Get?**

To date, Plaintiffs' Counsel has not been compensated for any of its work on this case. Plaintiffs' Counsel estimates that its lawyers have spent more than 5000 hours litigating this case.  In addition, Plaintiffs' Counsel has paid out-of-pocket expenses (including fees to expert witnesses, deposition transcript fees, court reporter fees, filing fees, service costs, copying costs, and travel expenses) of more than $100,000.  None of these expenses has yet been reimbursed. As part of the settlement, Plaintiffs' Counsel may apply to the Court to award them up to $990,000 to pay their attorneys' fees, costs, and expenses.

In addition, the named Plaintiffs in this case may apply to the Court for incentive awards of up to $8,750 each, for a combined total of up to $35,000.  These incentives are designed to compensate the named Plaintiffs for the time, effort and risks they undertook in pursuing this Litigation, including producing their documents and being deposed under oath.

Plaintiffs and Plaintiffs' Counsel will file a motion with the Court on or before [42 days

EXHIBIT B1: LONG FORM NOTICE

before final approval hearing] in support of their applications for attorneys' fees, costs and expenses and incentive awards.  A copy of that motion will be available on the Settlement Website at www.justfilmsettlement.com.

Under the Parties' settlement agreement, the award of attorneys' fees, costs, and expenses is subject to a "quick-pay" provision, meaning that it will be paid to Plaintiffs' Counsel within seven (7) days of Final Approval of the settlement.  If Final Approval of the settlement is later reversed on appeal, Plaintiffs' Counsel will be required to repay to Settling Defendants the previously awarded fees, costs and expenses, plus interest.

The Court will determine the amount of fees, costs, expenses, and incentives to award, up to the limits set forth above.

## What Claims Are Released By The Settlement?

The settlement releases all claims by Settlement Class members against the Released Parties that were or could have been asserted in the Litigation and that are related in any manner to the allegations set forth in the Complaint.  This release includes claims that may not yet be known or suspected.

The Released Parties are the all of the Settling Defendants, and all of Settling Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors, agents, assigns, and legal representatives, but excluding the Non-Released Parties.  The Non-Released Parties are the Northern Leasing Defendants; Golden Eagle Leasing LLC; Lease Source –LSI, LLC; Lease Finance Group, LLC; Brian Fitzgerald; RBL Capital Group, LLC; William Healy; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal representatives.

For further information, please see Section 8.3 of the Settlement Agreement.

## How Do I Exclude Myself From The Settlement?

You can exclude yourself from the Settlement Class if you want to be able to sue any

EXHIBIT B1: LONG FORM NOTICE

defendant separately for the claims released by the settlement.  If you exclude yourself, you cannot file a claim or object to the settlement.

To exclude yourself, you must complete and submit the online opt-out form at the Settlement Website or mail a request to opt out of the settlement to the Claim Administrator,[address].  (An exclusion request can also be submitted on your behalf by your attorney, trustee, or legal representative.)  The exclusion request must contain your name, address, the words "I wish to be excluded from the Just Film Class Action Settlement," and your signature.

If submitted online, exclusion requests must be made by [28 days before Final Approval Hearing].  Exclusion requests submitted by mail must be *received* by the Claim Administrator (not postmarked) by [28 days before Final Approval Hearing].

**How Do I Object To The Settlement?**

You can object to the settlement by filing papers in Court.  If you object to the settlement, you also can ask to appear at the Final Approval hearing or can hire your own attorney to appear at your own expense.

All objections and requests to appear must show the name and number of this case: *Just Film, Inc., et al.  v. Merchant Services, Inc., et al.,* N.D. Cal. Case No. 4:10-cv-01993-CW. You also must include documents or testimony sufficient to establish your membership in the Settlement Class and state the reasons for your objection.  You must file the documents by mailing them or having them delivered to the Clerk's Office, United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612.  (Attorneys registered to use the electronic filing system must file documents through ecf.cacd.uscourts.gov.) The documents must be received by the Clerk (not postmarked) is [28 days before Final Approval Hearing].

If you file any papers in Court (other than papers filed through the electronic filing system), you must also serve copies of those papers on the Just Film v. Merchant Services Claim Administrator, [address].

EXHIBIT B1: LONG FORM NOTICE

**When Will The Court Decide If The Settlement Is Approved?** .

The Court will hold a hearing on [hearing date] to consider whether to approve the settlement. The hearing will be held in Courtroom 2, 4th Floor, 1301 Clay St., Oakland, CA 94612. The hearing is open to the public. However, only persons who have filed a request to appear at the hearing may actually address the Court. The date or time of the hearing may change, and the new date and time will be posted on the Settlement Website, but you will not be sent further notice of the change.

**How Do I Get More Information?** .

You can inspect many of the court documents connected with this case on the Settlement Website. Other papers filed in this lawsuit are available through PACER, the online service for the United States District Courts, at ecf.cacd.uscourts.gov.

You can also obtain additional information by contacting Plaintiffs' Counsel at *Just Film, Inc., et al. v. Merchant Services, Inc., et al.* Settlement, Gutride Safier LLP, P.O. Box 460823, San Francisco, CA 94146 or the Claim Administrator at [address].

Do not call or contact the Court concerning this notice, the settlement or the lawsuit.

IRI-51894v1

EXHIBIT B1: LONG FORM NOTICE

# EXHIBIT B2

# NOTICE OF CLASS ACTION SETTLEMENT

*Just Film, Inc., et al. v. Merchant Services, Inc., et al.*
Claims Administrator
[Address]
[Phone]

First-Class
Mail
US Postage
Paid
Permit #__

## To certain merchants enrolled in bankcard processing and leasing services

### Please read to learn your rights in the settlement



Postal Service: Please do not mark barcode

«Claimant ID»
«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip»

---

A proposed class action settlement has been reached with Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe (collectively, "Defendants"), regarding bankcard processing and leasing services provided to merchants. The settlement resolves part of a lawsuit entitled *Just Film, Inc., et al. v. Merchant Services, Inc., et al.*, Case No. CV 10-01993 CW (the "Lawsuit"), United States District Court, Northern District of California (the "Court"). The lawsuit will continue against other defendants. The Court authorized this notice.

The Lawsuit alleges, among other things, that Defendants misrepresented the terms and cost of bankcard processing and leasing services provided to merchants and improperly accessed merchant credit reports. Defendants deny all claims, assert that they have fully complied with the law at all times, and have vigorously defended against the Lawsuit, including by producing thousands of audio recordings that they contend conclusively establish merchants' awareness and consent to the price point and length of their contracts.

You received this notice because Defendants' records reflect that you may be a member of the Settlement Class. The Settlement Class includes merchants who entered into agreements for bankcard processing and leasing services through one or more of the Defendants between March 26, 2006 and March 20, 2013, except those who remained in a bankcard processing or lease agreement through any of the Defendants for more than sixty days after the expiration of the term of the initial agreement.

If you are a member of the Settlement Class, file a valid claim, and the Court approves the settlement, you will receive a payment of $350, less any cash or cash-equivalent reimbursement that Defendants previously paid to you as a result of your complaint about the price point and/or length of your processing or lease agreement. To make a valid claim, you must attest under penalty of perjury that you were not aware of or did not agree to fees or terms applied in connection with the processing contract and/or equipment lease.

If you wish to receive benefits and you qualify to do so, you must complete and submit a claim form. These forms must be received (not postmarked) by the Claims Administrator no later than [Deadline]. To access and print a claim form, please visit the settlement website at www.justfilmsettlement.com. The website also contains a more detailed notice of the terms of the settlement, answers to frequently asked questions, and other information about the Lawsuit. If you cannot access the website, you can obtain the claim form and detailed notice by contacting the Claims Administrator listed on the reverse side of this card.

If the settlement is approved by the Court, any legal claims you have against Defendants that were or could have been raised in the Lawsuit related to the allegations in the Lawsuit will be released. If you wish to preserve your right to bring a separate lawsuit, you must opt out of the settlement. Alternatively, you have the right to object to the settlement. Your opt-out request or objection must be received (not postmarked) by [Deadline]. For details on how to opt-out or object, visit the settlement website at www.justfilmsettlement.com.

The Court will hold a final approval hearing on [Date] at [Time] to consider whether to approve the settlement. The hearing date and time may change; check the Settlement Website for updates. The attorneys for the class will ask the court to award them up to $990,000 in fees and costs, and up to $35,000 as incentives for the named plaintiffs. You may appear at the hearing but you do not have to.

**For more information, please visit the settlement website at www.justfilmsettlement.com.**

# EXHIBIT C

1

GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181446)

2

SETH A. SAFIER (State Bar No. 197427)
KRISTEN SIMPLICIO (State Bar No. 263291)

3

835 Douglass Street
San Francisco, California 94114

4

Telephone: (415) 336-6545
Facsimile: (415) 449-6469

5

6

Attorneys for Plaintiffs

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

OAKLAND DIVISION

10

11

JUST FILM, INC.; et al.

Plaintiffs,

12

13

v.

14

MERCHANT SERVICES, INC.; et al.,

15

Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 10-CV-01993-CW

[PROPOSED] ORDER GRANTING MO-
TION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

DATE:
JUDGE:   Hon. Claudia Wilken
CTRM:  2, 4th Floor

-1-

1

2        Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing,

3  Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry

4  Jordan ("Plaintiffs" or "Class Representatives") have moved the Court for preliminary approval

5  of a proposed class action settlement, the terms and conditions of which are set forth in the

6  Amended Settlement Agreement filed with the Court on June 6, 2013 (Dkt.# ___) ("Settlement

7  Agreement"). Defendants Merchant Services, Inc.; National Payment Processing, Inc.; Universal

8  Merchant Services LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric

9  Madura; and Alicyn Roy ("Merchant Services Defendants") and Defendant Fiona Walshe do not

10  oppose the motion for preliminary approval.

11        Having considered all matters submitted to it at the hearing on the motion the and other-

12  wise, including the complete record of this action, and good cause appearing therefore, the Court

13  hereby finds and concludes as follows:

14        1.    The capitalized terms used in this Order shall have the same meaning as defined

15  in the Settlement Agreement except as otherwise expressly provided.

16        2.    The Court preliminarily approves the Settlement as within the range of possible

17  final approval, and as meriting submission to the Settlement Class for its consideration.

18        3.    For purposes of the Settlement only, the Court certifies the Settlement Class,

19  which consists of all persons who, between March 26, 2006 and March 20, 2013, entered into an

20  agreement for bankcard processing services and an associated lease for bankcard processing

21  equipment through one or more of the Merchant Services Defendants, except for (1) all persons

22  who remained in a bankcard processing agreement through any of the Merchant Services Defen-

23  dants for more than sixty (60) days after the expiration of their initial processing agreement; (2)

24  all persons who continued to lease bankcard processing equipment through any of the Merchant

25  Services Defendants for more than sixty (60) days after the expiration of their initial equipment

26  lease; (3)  the Honorable Judge Claudia Wilken and any member of her immediate family; (4)

27  Antonio Piazza and any member of his immediate family; (5) any government entity; (6) any of

28  the Released Parties; and/or (7) any persons who timely opt out of the Settlement.

        4.    The Court preliminarily finds, solely for purposes of considering this Settle-

ment, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative is typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5.    The Court conditionally designates the law firm of Gutride Safier LLP as Class Counsel and Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan as Class Representatives for purposes of this Settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.  The Court designates, and approves, Kurtzman Carson Consultants, LLC to serve as Claims Administrator.

6.    Not later than August 1, 2013 [49 days before final approval hearing], Representative Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs and incentive awards to the Representative Plaintiff.

7.    A Final Approval Hearing shall be held before this Court at 1:30 p.m. on September 19, 2013, at the United States District Court for the Northern District of California, Oakland Division, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and incentive awards should be approved

8.    The Court approves, as to form and content, the Claim Form and the Notice, substantially similar to the forms attached as Exhibits A and B to the Settlement Agreement. The parties shall have discretion to jointly make non-material minor revisions to the notice before mailing.  Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed the Claim Administrator, subject to the oversight of

1

the parties and this Court described in the Settlement Agreement.

2

9.    A settlement website shall be operative no later than the Notice Date.  The set-

3

tlement website shall contain downloadable copies of this Preliminary Approval Order, the No-

4

tice, the Settlement Agreement, the Claim Form, and, when filed, Class Counsel's application for

5

attorneys' fees, costs, and incentive awards. The settlement website shall also contain appropriate

6

links through which Settlement Class Members can submit online requests to opt out of the class.

7

10.    Within twenty-one (21) days after this Preliminary Approval Order is entered,

8

Notice will be provided by mail to all Settlement Class Members for whom an address is known

9

to any of the parties, as is set forth in section IV of the Settlement Agreement.

10

11.    The Court finds that the parties' plan for providing notice to the Settlement

11

Class (the "Notice Plan") described in section IV of the Settlement Agreement is the best practi-

12

cable notice in the circumstances and is reasonably calculated to provide notice to the Settlement

13

Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settle-

14

ment Agreement, and the Final Approval Hearing, and complies fully with the requirements of

15

Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

16

12.    Any member of the Settlement Class who desires to submit a claim must mail to

17

the Claim Administrator or submit online, pursuant to the instructions set forth in the Notice and

18

on the settlement website, a timely and valid Claim Form, received (not postmarked) no later than

19

30 days after Final Approval is issued.

20

13.    Any member of the Settlement Class who desires to be excluded from the Set-

21

tlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit

22

an online request for exclusion by August 22, 2013 [28 days prior to Final Approval Hearing] or

23

mail to the Claim Administrator, pursuant to the instructions set forth in the Notice and on the

24

settlement website, a timely and valid written request for exclusion, received (not postmarked) no

25

later than August 22, 2013 [28 days prior to Final Approval Hearing].  No one shall be permitted

26

to exercise any exclusion rights on behalf of any other person, whether as an agent or representa-

27

tive of another or otherwise, except upon proof of a legal power of attorney, conservatorship,

28

trusteeship, or other legal authorization, and no one may exclude other persons within the Settle-

ment Class as a group, class, or in the aggregate unless such person has been appointed by a court of competent jurisdiction to represent that group, class or aggregation.

14.    At least fifteen (15) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiff's Counsel shall file that list with the Court.  The Court retains jurisdiction to resolve any disputed exclusion requests.

15.    Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the Action.

16.    Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court (and, if not filed through the Electronic Case Filing system, serve upon the Claim Administrator at the address set forth in the Class Notice) a written objection to the Settlement ("Objection"). The Objection must satisfy the requirements set forth in section 7.4 of the Settlement Agreement and must be filed and served, not postmarked, no later than August 22, 2013 [28 days prior to Final Approval Hearing]. Any Settlement Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the Settlement.

17.    Any Class Member who wishes to appear at the Final Approval Hearing must file a notice of his or her intention to do so with the Court (and, if not filed through the Electronic Case Filing system, serve the notice upon the Claim Administrator at the address set forth in the Class Notice) no later than August 22, 2013 [28 days prior to Final Approval Hearing].

18.    Any federal or state official who wishes to object to this settlement or intervene in Action must file, not postmark, all relevant documents with the Court and contemporaneously serve them upon Class Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's

counsel at the addresses set forth in the Class Notice by August 22, 2013 [28 days prior to Final Approval Hearing].  Any lawyer who wishes to appear on behalf of any such federal or state official at the Final Approval Hearing must file and serve, not postmark, a notice of appearance by August 22, 2013 [28 days prior to Final Approval Hearing].  Within 14 days of this Order, Merchant Services Defendants shall serve a copy of this Order on all federal and state officials to whom notice of settlement is required by the Class Action Fairness Act.

19.   The Parties shall file their motions for Final Approval no later than August 1, 2013 [49 days prior to Final Approval Hearing] and their reply in support of that motion and responses to any objections and requests to intervene no later than September 5, 2013 [14 days prior to Final Approval Hearing].

20.   In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

21.   The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by Order of the Court.  The Claim Administrator shall post on the Settlement Website the dates and deadlines set forth in this Order and shall revise that posting if the dates or deadlines are subsequently modified by the Court.

**IT IS SO ORDERED** this ____ day of _____, 2013.

1

2                                                  _____
                                                   HON. CLAUDIA WILKEN
3                                                  CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT
4
   IRI-51896v1
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN SIMPLICIO (State Bar No. 263291)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUST FILM, INC.; et al. | CASE NO. 10-CV-01993-CW |
| Plaintiffs, | |
| v. | [PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT |
| MERCHANT SERVICES, INC.; et al., | DATE: |
| Defendants. | JUDGE:  Hon. Claudia Wilken |
| | CTRM:  2, 4th Floor |

1    Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing,

2   Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry

3   Jordan ("Plaintiffs" or "Class Representatives"); Defendants Merchant Services, Inc.; National

4   Payment Processing, Inc.; Universal Merchant Services LLC; Universal Card, Inc.; Jason Moore;

5   Nathan Jurczyk; Robert Parisi; Eric Madura; and Alicyn Roy ("Merchant Services Defendants")

6   and Defendant Fiona Walshe have moved the Court for final approval of a proposed class action

7   settlement, the terms and conditions of which are set forth in the Amended Settlement Agreement

8   filed with the Court on _____, 2013 (Dkt.# ___) ("Settlement Agreement").

9    Having considered all matters submitted to it at the hearing on the motion the and other-

10  wise, including the complete record of this action, and good cause appearing therefore, the Court

11  hereby finds and concludes as follows:

12   1.   The capitalized terms used in this Final Approval Order and Judgment shall have the

13  same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

14   2.   The Court has jurisdiction over this case and over all claims raised therein and all Par-

15  ties thereto.

16   3.   The Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and

17  (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes be-

18  cause: Settlement Class Members are ascertainable and are so numerous that joinder of all mem-

19  bers is impracticable; there are questions of law and fact common to the Settlement Class; the

20  claims and defenses of the Class Representatives are typical of the claims and defenses of the Set-

21  tlement Class they represent; the Class Representatives have fairly and adequately protected the

22  interests of the Settlement Class with regard to the claims of the Settlement Class they represent;

23  the common questions of law and fact predominate over questions affecting only individual Set-

24  tlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class

25  settlement; and the certification of the Settlement Class is superior to individual litigation and/or

26  settlement as a method for the fair and efficient resolution of this matter.

27   4.   For purposes of the Settlement and this Final Approval Order and Judgment, the

28  Court hereby finally certifies the following Settlement Class: all persons who, between March 26,

2006 and March 20, 2013, entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Merchant Services Defendants, except for (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) the Honorable Judge Claudia Wilken and any member of her immediate family; (4) Antonio Piazza and any member of his immediate family; (5) any government entity; (6) any of the Released Parties; and/or (7) any persons who timely opt out of the Settlement.

     5.     For the purpose of this Settlement, the Court hereby finally certifies Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan as Class Representatives, and Gutride Safier LLP as Class Counsel.

     6.     The Parties complied in all material respects with the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in section IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Litigation; the existence and terms of the Settlement Agreement; their rights to make claims, opt out, or object; and the matters to be decided at the Final Approval Hearing.  Further, the Notice Plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law including Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Merchant Services Defendants provided notice of the Settlement to the appropriate state and federal government officials and filed with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice").

     7.     The Court has determined that full opportunity has been given to the members of the Settlement Class, and federal and state officials, to opt out of the Settlement, object to the terms

1  of the Settlement or to Class Counsel's request for attorneys' fees and expenses and incentive

2  awards, and otherwise participate in the Final Approval Hearing held on [          ], 2013.  The

3  Court has considered all submissions and arguments made at the final approval hearing objecting

4  to the Settlement as well as the Parties' responses to those objections, and has determined, for all

5  the reasons set forth in the Parties' responses, that none of the objections have any merit or war-

6  rant disapproval of the Settlement Agreement.  In addition, [     ].  All such objections to the Set-

7  tlement are overruled.

8       8.     The Court finds that the Settlement is in all respects fair, reasonable and adequate.

9  The Court therefore finally approves the Settlement for all the reasons set forth in the Motion for

10  Final Approval including, but not limited to, the fact that the Settlement Agreement was the prod-

11  uct of informed, arms-length negotiations between competent, able counsel and conducted with

12  the oversight and involvement of an independent, well respected, and experienced mediator; the

13  record was sufficiently developed and complete through meaningful discovery and motion pro-

14  ceedings to have enabled counsel for the Parties to have adequately evaluated and considered the

15  strengths and weaknesses of their respective positions; the Litigation involved disputed claims,

16  and this dispute underscores the uncertainty and risks of the outcome in this matter; the Settle-

17  ment provides meaningful remedial and monetary benefits for the disputed claims; and the Parties

18  were represented by highly qualified counsel who, throughout this case, vigorously and ade-

19  quately represented their respective parties' interests.

20      9.     The Settlement is in the best interests of the Settlement Class in light of the degree of

21  recovery obtained in relation to the risks faced by the Settlement Class in litigating the Class

22  Claims. The relief provided to the settling Class Members under the Settlement Agreement is ap-

23  propriate as to the individual members of the settling Class and to the Class as a whole. All re-

24  quirements of statute, rule, and Constitution necessary to effectuate the Settlement have been met

25  and satisfied. The Parties shall effectuate the Settlement Agreement in accordance with its terms.

26      10.    By operation of this Final Approval Order and Judgment, Plaintiffs on the one hand,

27  and the Released Parties (defined below) on the other hand, shall have unconditionally, com-

28  pletely, and irrevocably released and discharged released and forever discharged each other from

and shall be forever barred from instituting, maintaining, or prosecuting any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, that Plaintiffs on the one hand, and Merchant Services Defendants and Fiona Walshe on the other hand, have had in the past, or now have, related in any manner to the Released Parties' products, services or business affairs, and any and all other claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Plaintiff on the one hand, and Merchant Services Defendants and Fiona Walshe on the other hand, have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.

11. By operation of this Final Approval Order and Judgment, Settlement Class Members shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses of any kind whatsoever, including any known or unknown claims, which Plaintiffs or Class Members that actually were, or could have been, asserted in the Litigation that relate to the facts alleged in the Complaint.

12. "Released Parties" means each of the Merchant Services Defendants; all of Merchant Services Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns, and legal representatives; and Fiona Walshe. Even if they would otherwise be included in the above definition, "Released Parties" shall exclude Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source – LSI, LLC; Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian Fitzgerald; Sam Buono; MBF Merchant Capital, LLC; RBL Capital Group, LLC; William Healy; Joseph I. Sussman; Joseph I. Sussman, P.C.; SKS Associates, LLC; Pushpin Holdings, LLC; Cucumber Holdings, LLC; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party

Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal representatives.

13.     Plaintiffs and Settlement Class Members shall, by operation of this Final Approval Order and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code § 1542, and any similar law of any state or territory of the United States or principle of common law.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

14.     Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

15.     No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party.  Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Agreement, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Agreement, in any proceeding in any court, administrative agency, or other tribunal. Merchant Services Defendants' and Fiona Walshe's agreement not to oppose the entry of this Final Approval Order shall not be construed as an admission or concession by Merchant Services Defendants or Fiona Walshe that class certification was appropriate in the Litigation or would be appropriate in any other action.

16.     For the reasons stated in the separate Order on Class Counsel's Application for an

award of attorneys' fees and costs and incentives, Merchant Services Defendants and Fiona Walshe shall pay Class Counsel $[      ] in fees and expenses and shall pay incentive awards as follows:

> Jerry Su and Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care, collectively: $_____
>
> Terry Jordan and Dietz Towing, Inc., collectively: $_____
>
> Volker Von Glasenapp $_____
>
> Verena Baumgartner d/b/a Burlingame Motors $_____

Such amounts shall be paid according to the terms of the Settlement Agreement.

17.    Except as provided in this Order, Plaintiffs shall take nothing against Merchant Services Defendants or Fiona Walshe by their Complaint, and final judgment shall be entered thereon, as set forth in this Order.

18.    Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement.

19.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

20.    There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.    The Litigation between plaintiffs and all defendants other than Merchant Services Defendants and Fiona Walshe shall continue.

**IT IS SO ORDERED** this _____ day of _____, 2013.


_____
HON. CLAUDIA WILKEN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

# EXHIBIT E

GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN SIMPLICIO (State Bar No. 263291)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile: (415) 449-6469


Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUST FILM, INC.; et al. | CASE NO. 10-CV-01993-CW |
| Plaintiffs, | |
| v. | UNDERTAKING RE: ATTORNEYS' FEES AND COSTS |
| MERCHANT SERVICES, INC.; et al., | |
| Defendants. | |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREAS**, Class Counsel (as defined in the Amended Settlement Agreement) along with their principals Adam Gutride and Seth Safier (collectively "Obligors" ) desire to give an undertaking for repayment of its award of attorney fees and costs ("Undertaking"), as is required by the Agreement,

**NOW, THEREFORE**, each of the undersigned Obligors, on behalf of themselves as individuals and as agents for their law firm Gutride Safier LLP, hereby submit themselves and Gutride Safier LLP to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking. Capitalized terms used herein without definition have the meanings given to them in the Agreement. The obligations of Obligors are joint and several.

In the event that the Final Approval Order is reversed or modified on appeal, in whole or in part, Obligors shall, within seven (7) days after the order reversing or modifying the Final Approval Order, in whole or in part, becomes final, repay the Claim Administrator the full amount of the attorneys' fees and costs paid by the Claim Administrator to Class Counsel, plus the amount of Interest that would have accrued had the monies remained in the Escrow Account rather than been paid to Gutride and Safier.

In the event the Final Approval Order is not reversed on appeal but the attorneys' fees and costs awarded by the Court are vacated or reduced on appeal, Obligors shall, within seven (7) days after the order vacating or modifying the award of attorney fees and costs becomes final, repay to the Claim Administrator the amount of the vacated or reduced attorneys' fees and costs that the Claim Administrator paid to Class Counsel plus the amount of Interest that would have accrued had that amount remained in the Escrow Account rather than been paid to Class Counsel.

In the event Obligors fail to repay the Claim Administrator any amounts that are owed to it pursuant to this Stipulated Undertaking, the Court shall, upon application of Merchant Services Defendants or the Claim Administrator and notice to Obligors, summarily issue orders, including but not limited to judgments and attachment orders against each Obligor, and may make appropriate findings for sanctions for contempt of court.  Any such judgments shall accrue Interest as set forth herein.

2

UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

Each Obligor hereby pledges and grants a continuing security interest to Merchant Servies Defendants in all of his or its assets (collectively, "Assets") to secure the obligations set forth in this Undertaking, and hereby agrees to execute and deliver such further documentation and take such further action as Merchant Services Defendants may request in order to enforce their security interest.  "Assets" means all properties and assets of any nature, including, without limitation, the full extent of each Obligor's right, title and interest in and to the following property (whether now existing or hereafter arising or acquired, wherever located):

(1)  All present and future accounts, accounts receivable, agreements, contracts, leases, contract rights, rights to payment (including, without limitation, any award or other legally enforceable payment of attorneys' fees, costs, and expenses for services rendered), instruments, documents, chattel paper, security agreements, guaranties, letters of credit, undertakings, surety bonds, insurance policies, notes and drafts, and all forms of obligations owing to each Obligor or in which each Obligor may have any interest, however created or arising and whether or not earned by performance;

(2)  All goods and equipment now owned or hereafter acquired, including, without limitation, all machinery, fixtures, vehicles, and any interest in any of the foregoing, and all attachments, accessories, accessions, replacements, substitutions, additions, and improvements to any of the foregoing, wherever located;

(3)  All other contract rights and general intangibles now owned or hereafter acquired, including, without limitation, goodwill, trademarks, service marks, trade styles, trade names, patents, patent applications, leases, license agreements, purchase orders, customer lists, route lists, infringements, claims, computer programs, computer discs, computer tapes, literature, reports, catalogs, design rights, income tax refunds, payments of insurance and rights to payment of any kind;

(4)  All deposit accounts, securities, securities entitlements, securities accounts, investment property, letters of credit and certificates of deposit now owned or hereafter acquired and each Obligor's books relating to the foregoing; and

3

(5) Each Obligor's books and records relating to the foregoing and any and all claims, rights and interests in any of the above and all substitutions for, additions and accessions to and proceeds thereof.

Each Obligor agrees, as applicable, that he or it will not change its state of organization or locations at which the Assets are located without giving Merchant Services Defendants at least thirty (30) days prior written notice thereof.  In addition, Gutride Safier LLP agrees that it will not (i) change its name, federal employer identification number, entity structure or identity, or (ii) create or operate under any new fictitious name without giving Merchant Services Defendants at least thirty (30) days prior written notice thereof.

Each Obligor hereby authorizes Merchant Services Defendants to file UCC financing statements covering the Assets without Obligor's signature in all applicable jurisdictions.

In the event of a default by Obligors in their repayment obligations, the Obligors each shall cooperate with Merchant Services Defendants in identifying their respective Assets and shall take no steps to conceal any such Assets or otherwise render them unavailable to satisfy their repayment obligations.

This Undertaking and all obligations set forth herein shall expire on the first day after which the Final Approval and any Fee Award have been affirmed on appeal and are not subject to further judicial review, or if no such appeal is filed, upon the expiration of the time in which to bring such an appeal.

///

///

///

///

///

///

///

///

4

UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

1    ///

2    ///

3    ///

4          The undersigned stipulate, warrant and represent that they have both actual and apparent

5    authority to enter into this stipulation, agreement and Undertaking on behalf of their respective

6    law firm.  This Undertaking may be executed in one or more counterparts, each of which shall be

7    deemed an original but all of which together shall constitute one and the same instrument.

8    Signatures by facsimile shall be as effective as original signatures.  The undersigned declare

9    under penalty of perjury under the laws of the State of California that they have read and

10   understand the foregoing and that it is true and correct.

11
                                            ADAM GUTRIDE
12                                          GUTRIDE SAFIER LLP

13

14
     DATED: _____, 2013          _____
15                                   Adam Gutride, on behalf of himself and Gutride Safier LLP

16

17                                          SETH SAFIER
                                            GUTRIDE SAFIER LLP
18

19
     DATED: _____, 2013          _____
20                                   Seth Safier, on behalf of himself and Gutride Safier LLP

21

22

23

24

25

26

27

28

UNDERTAKING RE: ATTORNEYS' FEES AND COSTS

# EXHIBIT F

**PRESS RELEASE/PUBLIC STATEMENT**

(Oakland, California)  Certain parties to a federal lawsuit here have [applied for/obtained] [preliminary/final] approval for a class action settlement involving agreements for bankcard processing services and leases for bankcard processing equipment.

The lawsuit alleges that a group of companies did not disclose the costs and length of their merchant processing and leasing agreements, unlawfully collected various fees, and made unlawful credit inquiries.  The lawsuit claims violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); Fair Credit Reporting Act ("FCRA"); and California state law.

Under the settlement, class members can apply for a payment of $350, less any prior refunds they received.  Class members must have enrolled through one or more of the Settling Defendants (defined below) in an agreement for bankcard processing service and a lease for bankcard processing equipment between March 26, 2006 and March 20, 2013.  They are ineligible, however, if they continued to process or lease for more than sixty (60) days after the expiration of the initial term of their processing or lease agreement.  Class members who wish to receive a payment also must attest, under penalty of perjury, to certain items.  The settling Defendants also agreed to make various changes to their business practices.

The lawsuit was filed in March 2010 by several merchants, including Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Just Film, Inc., which has been dissolved; Volker Von Glasenapp; Jerry Su; Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan.

The Settling Defendants are Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe.

Settling Defendants deny any wrongdoing, and the Court has made no determinations regarding liability or damages. [United States District Judge Claudia Wilken granted preliminary/final approval of the settlement on _____.] [A final approval hearing for the settlement is scheduled for _____.]

The lawsuit will continue to go forward against other defendants that have not settled, including Northern Leasing Systems, Inc., MBF Leasing LLC, and SKS Associates, LLC.

Adam Gutride, one of the lawyers representing the class, said "We believe that our case against these Defendants is strong and that the merchants who are members of the class were defrauded.  However, there were serious risks that we would be unable to recover any compensation for class members.  We believe that this settlement is a fair result, and we urge class members to participate."

According to Cary Sullivan, one of the attorneys representing the Settling Defendants, "We do not believe there is any merit to the claims brought in the lawsuit, as evidenced by, among other things, thousands of audio recordings in which merchants expressly confirmed their awareness of and consent to the price point and length of their contracts, and we believe our clients' business practices fully complied with all applicable laws at all times.  Nevertheless, because of the expense and burden of litigation, we believe resolving this matter through settlement is in the best interests of our clients."

# EXHIBIT 2

<h1 style="text-align:center"><span>AMENDED</span> <u>SETTLEMENT AGREEMENT</u></h1>

This Amended Settlement Agreement is entered into this ~~20th~~6th day of

~~March~~June 2013 between Plaintiffs, on the one hand,  Merchant Services Defendants, as defined

herein, and Fiona Walshe (collectively, the "Settling Defendants"), on the other hand.  It

supercedes the Settlement Agreement dated March 20, 2013.

## I.    RECITALS

1.1.    On March 26, 2010, Plaintiffs filed a complaint against Settling

Defendants and others in the Superior Court of California, County of San Francisco, Case

No. CGC-10-498225, alleging claims for:  violations of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"); fraud, deceit and/or misrepresentation; negligent

misrepresentation; breach of contract; breach of the duty of good faith; false advertising under

California Business and Professions Code sections 17500, *et seq.*; and unfair business practices

under California Business and Professions Code sections 17200, *et seq.*

1.2.    On May 11, 2010, certain defendants removed the Litigation, pursuant to

the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d), *et seq.*, to the United States District

Court for the Northern District of California.

1.3.    Settling Defendants and other defendants subsequently moved to dismiss.

In response to those motions, Plaintiffs filed a first amended complaint, and added a claim for

fraudulent conveyance.  Settling Defendants and other defendants then moved to dismiss the first

amended complaint.  The Court granted those motions in part, with leave to amend.  Plaintiffs

then filed a second amended complaint which re-pled all of the above claims except the claim for

fraudulent conveyance, and added common law conversion claims and claims under the Fair

1

Credit Reporting Act ("FCRA").  Settling Defendants and other defendants again moved to

dismiss.  The Court granted those motions in part but permitted each of the above-listed claims

to remain pending against one or more of the defendants.  On December 7, 2012, with leave of

Court, Plaintiffs filed a third amended complaint.  On August 24, ~~Plaintiff~~2012, Plaintiff moved

for class certification.  The Court has not yet ruled on class certification.

      1.4.    In the third amended complaint, Plaintiffs re-pled the above claims and

included additional claims for false advertising and breach of contract, and alleged additional

RICO predicate acts.  With respect to the Settling Defendants, the claims are based on

allegations that the defendants (1) misrepresented and/or failed adequately to disclose their

corporate affiliations, pricing, contract length, compatibility with existing equipment,

commissions, termination fees, cancellation provisions, taxes, personal guarantees and forum

provisions; (2) altered and/or failed to comply with contractual documents, (3) violated Visa and

MasterCard regulations, (4) made unlawful debits from customer bank accounts and (5) accessed

personal credit reports unlawfully

      1.5.    Settling Defendants deny all of Plaintiffs' allegations and all charges of

wrongdoing or liability against them arising out of any of the conduct, statements, acts or

omissions alleged, or that could have been alleged, in the Litigation.  Settling Defendants also

deny allegations that Plaintiffs or any other member of the Settlement Class has suffered damage

or harm by reason of any alleged conduct, statement, act or omission of any defendant, or in any

amount and type. Settling Defendants further deny that the Litigation meets the requirements for

certification as a class action under Rule 23 of the Federal Rules of Civil Procedure, except for

purposes of settlement, or that the evidence is sufficient to support a finding of liability.

1.6.     Plaintiffs' Counsel conducted a thorough examination and investigation of the facts and law relating to the matters in the Litigation, including but not limited to engaging in intensive discovery, both formal and informal, examining Settling Defendants' documents, deposing Settling Defendants and their representatives pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and requesting and receiving written discovery responses from Settling Defendants.  Plaintiffs also obtained documents, written discovery responses, and oral testimony from other defendants to this litigation and from more than eighteen former defendants and third parties, including banks, processors and interchanges.

1.7.     Since the filing of the Litigation, the Parties have engaged in several rounds of settlement discussions.  On November 7, 2012 and March 20, 2013, the Parties participated in all-day mediation sessions conducted by Antonio Piazza of Mediated Negotiations in San Francisco, California (the "Mediation").

1.8.     The undersigned Parties agree, subject to approval by the Court, that the Litigation between Plaintiffs, on the one hand, and Settling Defendants, on the other hand, shall be fully and finally compromised, settled and released on the terms and conditions set forth in this Agreement.  The Parties agree that the Litigation as between Plaintiffs and all other defendants will continue.

1.9.     Plaintiffs' Counsel has analyzed and evaluated the merits of all Parties' contentions and this settlement as it impacts upon all Parties and the Settlement Class Members. Among the risks of continued litigation are the risks of succeeding in a motion to certify a class and proving liability or damages on a classwide or individual basis.  In particular, there will be difficulties establishing: (1) that all class members were subjected to any or the same allegedly deceptive marketing practices; (2) that alleged marketing methods were likely to deceive

reasonable persons; (3) that alleged misrepresentations and omissions were material to reasonable persons; (4) that class members have the right to assert alleged violations of Visa or MasterCard regulations or enforce alleged contractual obligations of Merchant Services Defendants; (5) that criminal acts or conspiracies occurred that are predicate to the alleged RICO claims; (6) that credit reports were accessed unlawfully and shared with other defendants; (7) that common questions predominate over individual issues such that a class may be certified; and (8) the amount of damages or restitution due to the class or to any class member.

1.10.    Plaintiffs and Plaintiffs' Counsel, after taking into account the foregoing along with the risks and costs of further litigation, as well as the numerous potential appellate issues, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Litigation and the prompt provision of effective relief to the Settlement Class are in the best interests of the Settlement Class Members.

1.11.    Settling Defendants, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, consider it desirable to resolve the Litigation on the terms stated herein, in order to avoid further expense, inconvenience, and interference with ongoing business operations, and to dispose of burdensome litigation.  Therefore, Settling Defendants have determined that settlement of this Litigation on the terms set forth herein is in their best interests.

1.12.    This Agreement is contingent upon the issuance by the Court of both Preliminary Approval and Final Approval.  Settling Defendants do not waive, and instead expressly reserve, their rights to defend this Litigation, including, *inter alia*, challenging the sufficiency and propriety of all claims alleged and class certification for any purpose, and all rights of writ and appeal, should the Court not issue Preliminary Approval and Final Approval.

1.13.    This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of Settling Defendants, and all such allegations are expressly denied.  Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this settlement, subject to Court approval, under the following terms and conditions:

## II.    DEFINITIONS

Capitalized terms in this agreement shall be defined as follows:

2.1.    "Agreement" means this Amended Settlement Agreement, including all exhibits hereto.

2.2.    "Claim Administrator" means Kurtzman Carson Consultants, LLC or another third party administrator agreed to by the Parties and approved by the Court.

2.3.    "Claim Form" means a form in substantially the same form as Exhibit A hereto.

2.4.    "Claim Period" means the period beginning on the Notice Date and continuing until thirty (30) days after Final Approval.

2.5.    "Class Period" means the period from March 26, 2006 to March 20, 2013, inclusive.

2.6.    "Complaint" means the currently operative complaint in the Litigation.

2.7.    "Court" means the Honorable Judge Claudia Wilken of the United States District Court for the Northern District of California.

2.8.    "Effective Date" means the later of:  (i) the expiration date of the time for filing or noticing an appeal from Final Approval or (ii) if an appeal is filed, but the Final Approval is affirmed or the appeal is dismissed, the date upon which the mandate of the Court of Appeals is spread to the Court.

2.9.    "Escrow Account" means the settlement fund account as described in Section 6.2 of this Agreement.

2.10.    "Excluded Persons" are (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) ~~all persons who, after cancelling their leasing services through any of the Merchant Services Defendants, enrolled with another leasing company in a new fixed-term lease for bankcard processing equipment; (4)~~ the Honorable Judge Claudia Wilken and any member of her immediate family; (~~5~~4) Antonio Piazza and any member of his immediate family; (6) any government entity; (~~7~~6) any of the Released Parties; and/or (~~8~~7) any persons who timely opt-out of the Settlement Class.

2.11.    "Final Approval" means issuance of judgment, substantially in the form of Exhibit D, granting final approval of this Agreement as binding upon the Parties, which shall constitute a judgment respecting the Parties

2.12.    "Fiona Walshe's Counsel" means the law firm of Brown, Wegner & Berliner, LLP.

6

2.13.    "Litigation" means *Just Film, Inc., et al. v. Merchant Services, Inc., et al.,* United States District Court for the Northern District of California, Case No. 10-CV-01993-CW.

2.14.    "Mediation" means the mediation conducted by Antonio Piazza of Mediated Negotiations in San Francisco, California in person on November 7, 2012 and March 20, 2013.

2.15.    "Merchant Services Defendants" means Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; and Alicyn Roy.

2.16.    "Merchant Services Defendants' Counsel" means the law firm of Jones Day.

2.17.    "Non-Released Parties" means the Northern Leasing Parties, RBL Capital Group, LLC; William Healy; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal representatives.

2.18.    "Notice" means the Court-approved form of notice to Settlement Class Members in substantially the same form as Exhibit B, which will notify Settlement Class Members of the conditional certification of the Settlement Class, preliminary approval of the settlement, and scheduling of the Final Approval Hearing, among other things.

2.19.    "Notice Date" means the day on which the Claim Administrator mails the Notice.

2.20.    "Northern Leasing Parties" means Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source –LSI, LLC;

Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian Fitzgerald; Sam

Buono; MBF Merchant Capital, LLC; Joseph I. Sussman; Joseph I. Sussman, P.C.; SKS

Associates, LLC; Pushpin Holdings, LLC; and Cucumber Holdings, LLC.

      2.21.   "Parties" means Plaintiffs and Settling Defendants, collectively.

      2.22.   "Party" means any one of Plaintiffs or Settling Defendants.

      2.23.   "Plaintiffs" means Rainbow Business Solutions, d/b/a/ Precision Tune

Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a

Burlingame Motors; and Terry Jordan.

      2.24.   "Plaintiffs' Counsel" means the law firm of Gutride Safier LLP.

      2.25.   "Preliminary Approval" means issuance of an order, substantially in the

form of Exhibit C, granting preliminary approval of the settlement described in this Agreement.

      2.26.   "Released Claims" means the claims released as set forth in Sections 8.1

through 8.3 of this Agreement.

      2.27.   "Released Parties" means all of the Settling Defendants, and all of Settling

Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors,

agents, assigns, and legal representatives.  However, even if they would otherwise be included in

the above definition, "Released Parties" excludes the Non-Released Parties.

      2.28.   "Settlement Benefit" means the benefits provided to Settlement Class

Members as set forth in section 3.4 of this Agreement.

      2.29.   "Settlement Class" or "Settlement Class Members" means all persons

other than Excluded Persons, who, during the Class Period, were entered into an agreement for

bankcard processing services and an associated lease for bankcard processing equipment through

one or more of the Merchant Services Defendants.

2.30.   "Settlement Website" means an internet website created and maintained by the Claim Administrator.  The URL of the Settlement Website shall be "www.justfilmsettlement.com".   Each Settlement Class Member will receive, in the Notice postcard, the URL of the Settlement Website.

2.31.   "Undertaking" means an undertaking signed by Adam Gutride and Seth Safier substantially in the form of Exhibit E hereto.

2.32.   "Valid Claim" means a claim submitted in compliance with Part III of this Agreement.

## III.   CHANGED PRACTICES, SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

3.1.   Within 180 days after Preliminary Approval, Settling Defendants shall change their business practices as follows:

(a)   In all oral and written communications with any prospective customer (including telephone calls, business cards, and all other marketing materials) Merchant Services Defendants shall not use the name "Merchant Services" unless in connection with a complete corporate name as registered with the California Secretary of State and/or any duly registered fictitious business name.

(b)   If any written or electronic document created by any of the Settling Defendants is shown to a prospective customer to project the customer's debit card or credit card processing costs through any of the Settling Defendants as compared to a competitor, the document shall contain the following preprinted information or lines with preprinted headings on which the following information must be filled in:

1.   The name of:

          a.     the registered ISO that would be involved in the transaction;

          b.     the entity through which bankcard processing services would be provided; and

          c.     the entity through which leasing services (if any) would be provided,

2.     The fact that processing rates are estimated and that higher rates may apply depending on the type of card, including mileage and rewards cards;

3.     The fact that equipment leasing is optional; and

4.     The fact that a cancellation fee will apply for early termination;

and in addition, the sales representative also must leave with the prospective customer a copy of the above document and a current business card containing his or her current business address, phone number, and email address.

3.2.     Every Settlement Class Member shall have the right to submit a claim for Settlement Benefits.  A claim shall be valid only if submitted on the Claim Form pursuant to the procedures set forth herein.

3.3.     Claim Forms must be submitted to the Claim Administrator in paper form via first class mail or online through the Settlement Website.  On the Claim Form, the Settlement Class Member must certify all of the following under the penalty of perjury:

          (a)     The Settlement Class Member's name and address;

          (b)     That he/she/it is a member of the Settlement Class;

          (c)     That he/she/it is not an Excluded Person;

10

( )      That the Settlement Class Member was not aware of ~~and~~ or did not

agree to ~~the price point and/or length of~~fees or terms applied in connection with the processing

contract and/or equipment lease ~~at the time of enrollment by any of the Merchant Services~~

~~Defendants.~~

~~( )      That he/she/it previously complained, on or before the date of this~~

~~Agreement, about the matter(s) set forth in subparagraph (d) to one or more of the following: any~~

~~of the Settling Defendants or Northern Leasing Parties.~~

~~(d)      The approximate date and manner (e.g., email, letter, call to~~

~~customer service) of the complaint(s) referenced in subparagraph (d).~~

3.4.      Merchant Services Defendants shall be permitted to submit evidence to

their Counsel to dispute any claimant's purported membership in the Settlement Class.  Merchant

Services Defendants' Counsel shall, in turn, aver to the Claim Administrator and Plaintiffs'

Counsel as to the evidence submitted by the Merchant Services Defendants.  Such evidence shall

be made available, upon reasonable notice, to Plaintiffs' Counsel for inspection.  In addition,

Merchant Services Defendants may produce evidence establishing that any claimant is an

Excluded Person, as defined in section 2.10.

3.5.      Each Settlement Class Member who submits a valid claim shall receive a

check for $~~400~~350, offset by any cash or cash-equivalent reimbursement previously paid to the

claimant by any of the Merchant Services Defendants as a result of a previous complaint by the

Settlement Class Member to any of the Merchant Services Defendants about the price point

and/or length of the Settlement Class Member's equipment lease and/or processing agreement.

There shall be no offset for waiver or reduction of cancellation fees.  Merchant Services

Defendants may produce evidence to their Counsel establishing that they previously paid such

11

amounts to any claimant.  Merchant Services Defendants' Counsel shall, in turn, aver to the

Claim Administrator and Plaintiffs' Counsel as to the evidence submitted by Merchant Services

Defendants.  Such evidence shall be made available, upon reasonable notice, to Plaintiffs'

Counsel for inspection.

      3.6.    Within ten (10) days of the Effective Date, Settling Defendants shall pay

to the Claim Administrator the amount the Claim Adminstrator deems necessary to satisfy all

valid claims.  All valid claims shall be paid by the Claim Administrator within thirty (30) days of

the Effective Date.  In the event that an appeal is filed from Final Approval that pertains only to

the awards of attorneys' fees, expenses and/or incentive awards and not to remainder of the

settlement, then for purposes of this section 3.6, the Effective Date shall be computed under

section 2.8(i) rather than 2.8(ii).

      3.7.    The Parties agree that all settlement checks shall be subject to a one

hundred eighty (180) day void period, after which the checks shall no longer be negotiable.  If a

settlement check is not negotiated within this period, the claimant shall not be entitled to any

further payment under this Agreement.

      3.8.    No deductions will be taken from the payment at the time of distribution;

claimants are responsible for paying all taxes due on such payments.  All settlement payments

shall be deemed to be paid solely in the year in which such payments are actually issued.

Counsel do not purport to provide legal advice on tax matters.  To the extent this Agreement, or

any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any

U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot

be used, by any person or entity for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

3.9.     The Claim Administrator shall be responsible for processing Claim Forms and administering the Settlement Website, opt-out process, and fulfilling Settlement Benefit claims, as described herein.

3.10.     Merchant Services Defendants shall bear all fees and expenses incurred by the Claim Administrator, including the costs of paying all claims.

3.11.     Plaintiffs' Counsel and Merchant Services Defendants' Counsel shall monitor the Claim Administrator's work and upon request shall receive copies from the Claim Administrator of all Claim Form data and any associated documentation provided by the Claimant.  Should Plaintiffs dispute the rejection of any claim, Plaintiffs may contact the claimant for additional information, and Plaintiffs and Merchant Services Defendants will meet and confer in good faith to attempt to resolve the dispute.  Any unresolved disputes between Plaintiffs and Merchant Services Defendants regarding claim administration or the payment of a claim shall be resolved by the Court, unless the Parties mutually agree on another dispute resolution process.  Upon rejection of any claim, the Claim Administrator shall send a letter to the claimant stating the reasons for the rejection.

## IV.     NOTICE

4.1.     Prior to the Notice Date, the Claim Administrator shall establish the Settlement Website, which shall contain the Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions; a Contact Information page that includes the address for the Claim Administrator and addresses

and telephone numbers for Plaintiffs' Counsel, Merchant Services Defendants' Counsel, and

Fiona Walshe's Counsel; the Agreement; the signed order of Preliminary Approval; a

downloadable version of the Claim Form; a downloadable and online version of the form by

which persons may opt out of the Settlement Class; and (when it becomes available) Plaintiffs'

application for attorneys' fees, expenses and incentive awards.

4.2.    Not later than ~~seven (7~~ten (10) days following Preliminary Approval,

Merchant Services Defendants and Plaintiffs shall provide the Claim Administrator with the

names, business names, and last known addresses of all persons who may be Settlement Class

Members. As soon as reasonably practicable, but not later than ~~fourteen (14~~twenty-one (21) days

following Preliminary Approval, the Claim Administrator shall send the Notice postcard via first

class mail to each Settlement Class Member using the information provided, as updated through

a skiptracing process including use of the National Change of Address Database.

4.3.    Within the statutory notice period, Settling Defendants shall provide the

notices to the appropriate state and federal officials as required by 28 U.S.C. § 1715, et seq.

Within fourteen (14) days after Preliminary Approval, Settling Defendants shall provide an

additional notice to those same officials alerting them to the deadline for filing any objections to

the settlement.

4.4.    At least seven (7) days prior to the final approval hearing referenced in

Part VII of this Agreement, the Claim Administrator and Settling Defendants shall certify to the

Court that they have complied with the notice requirements set forth herein.

## V.    CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

5.1.    Solely for the purposes of this settlement and the proceedings

contemplated herein, the Parties stipulate that a Settlement Class shall be certified in accordance

with the definition set forth in this Agreement, that the Plaintiffs shall represent the Settlement

Class for settlement purposes, and that Plaintiffs' Counsel shall be appointed as the attorneys for

the Settlement Class.

       5.2.     In the event that the Court fails to enter the Preliminary Approval order or

fails to grant Final Approval (or enters any order that increases the cost or burden to Merchant

Services Defendants beyond what is set forth in this Agreement), Plaintiffs' Counsel,  Merchant

Services Defendants' Counsel, and Fiona Walshe's Counsel shall endeavor, consistent with this

Agreement, to resolve any issues identified by the Court; provided, however, that any of the

Settling Defendants shall have the right to notify Plaintiffs of their election to terminate this

Agreement if such resolution involves any increase in the cost (including, but not limited to,

administration costs) or burden of the Agreement to Settling Defendants.

       5.3.     In the event that this Agreement and the Settlement proposed herein are

not finally approved, or are terminated, cancelled, or fail to become effective for any reason

whatsoever, this class certification, to which the parties have stipulated solely for the purpose of

the settlement of the Litigation, shall be null and void and the Litigation shall revert to its status

as existed prior to the date of this Agreement.  In such event, neither this Agreement nor any

document filed or created in connection with this Settlement may be used as an admission or as

evidence concerning the appropriateness or inappropriateness of class certification or in any

other manner whatsoever.

## VI.    ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

       6.1.     <u>Attorneys' Fees, Costs, Expenses and Incentive Awards</u>.  Plaintiffs'

Counsel may apply to the Court for an award of attorneys' fees and expenses not to exceed

$~~1,000~~990,000.00.  Each Plaintiff may additionally apply to the Court for an incentive award as

compensation for (a) the time and effort undertaken in and risks of pursuing this Litigation, including the risk of liability for the Parties' costs of suit, and (b) the general release set forth in paragraph 8.2.  Such incentive awards shall be subject to the following limits: Rainbow Business Solutions d/b/a/ Precision Tune Auto Care and Jerry Su:  $~~15,0~~8,750.00 collectively; Verena Baumgartner d/b/a Burlingame Motors: $~~15,0~~8,750.00; Dietz Towing, Inc. and Terry Jordan: $~~15,0~~8,750.00 collectively; Volker Von Glasenapp: $~~15,0~~8,750.00.

6.2.    Settling Defendants agree not to oppose or to submit any evidence or argument challenging or undermining such application for attorneys' fees, costs, expenses, or incentive awards.  The attorneys' fees and expenses awarded by the Court as set forth under paragraph 6.1 shall be the total obligation of Settling Defendants to pay attorneys' fees and expenses of any kind to Plaintiffs' Counsel.  The incentives awarded to Plaintiffs by the Court as set forth in paragraph 6.1 shall be the total obligation of Settling Defendants to pay money to any Plaintiff, in connection with the Litigation and this settlement, other than amounts due to any Plaintiff for any valid claims submitted pursuant to Part III of this Agreement.  Plaintiffs' Counsel and Plaintiffs agree that the denial, downward modification or failure to grant the request for attorneys' fees, costs or incentive awards shall not constitute grounds for modification or termination of the settlement.

6.3.    Within thirty (30) days following Preliminary Approval of the settlement, Merchant Services Defendants will pay $~~1,000~~990,000.00 into a neutral, interest-bearing settlement fund account with Merrill Lynch, or, at Plaintiffs' election, another bank ("Escrow Account").  Merrill Lynch, or at Plaintiff's election, another bank, shall use reasonable efforts to obtain an interest rate equal to or greater than the Vanguard Prime Institutional money market

fund for a deposit of that size. The banking and administration fees, if any, shall be paid by Plaintiffs' Counsel.

6.4. All attorneys' fees and costs awarded to Plaintiffs' Counsel shall be paid from the Escrow Account to Plaintiffs' Counsel within seven (7) days after all of the following occur: (1) the Court enters Final Approval; (2) the Court makes an award of attorneys' fees and/or expenses to Plaintiffs' Counsel; and (3) Plaintiffs' Counsel execute the Undertaking. Any balance remaining in the Escrow Account, after payment of awarded Plaintiffs' Counsel attorneys' fees and costs, will be paid to Merchant Services Defendants. All interest accrued on any attorneys' fees and costs awarded and paid to Plaintiffs' Counsel will be paid to Merchant Services Defendants.

6.5. Within seven (7) days of the Effective Date, Settling Defendants shall pay the Court-approved incentive award to Plaintiffs.

**VII.   CLASS SETTLEMENT PROCEDURES**

7.1. <u>Settlement Approval</u>. As soon as practicable after the signing of this Agreement, Plaintiffs shall move, with the support of Settling Defendants, for a Preliminary Approval order, substantially in the form of Exhibit C, conditionally certifying the Settlement Class; preliminarily approving this Agreement and this settlement as fair, just, reasonable and adequate; approving Class Notice to the Settlement Class Members as described in Part IV above; and setting a hearing to consider Final Approval of the settlement and any objections thereto.

7.2. <u>Final Approval Order and Judgment</u>. At or before the hearing on Final Approval, Plaintiffs, with the support of Settling Defendants, shall move for entry of an order of Final Approval, substantially in the form of Exhibit D, granting final approval of this settlement

and holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided below, and ordering that the settlement relief be provided as set forth in this Agreement, ordering the releases as set forth in Part VII, below, and entering judgment in this case.

        7.3.    <u>Opt-Outs, Objections and Requests to Intervene</u>.  The Notice shall advise prospective Settlement Class Members of their rights:  (a) to forego the benefits of this settlement and pursue an individual claim; (b) to object to this settlement individually or through counsel; and/or (c) to request the opportunity to intervene in this case.

        7.4.    If, within such time as is ordered by the Court and contained in the Notice, any Settlement Class Member wishes to object to the settlement and/or to be heard, the Settlement Class Member must file a written notice of objection by the deadlines established by the Court and, if not filed through the Electronic Case Filing system, serve the same upon ~~Merchant Services Defendants' Counsel, Fiona Walshe's Counsel, and Plaintiffs' Counsel.~~the Claim Administrator.  Each such objection must include the name, address and telephone number of the Settlement Class Member; shall provide documents or testimony sufficient to establish membership in the Settlement Class; and shall provide a detailed statement of any objection asserted, including the grounds therefor and reasons, if any, for requesting the opportunity to appear and be heard at the final approval hearing.  Failure to include the foregoing information shall be grounds for striking an objection.  ~~If, within such time as is ordered by the Court and contained in the Notice, any Settlement Class Member wishes to intervene in the Litigation, such Settlement Class Member shall file and serve upon Plaintiffs' Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's Counsel a Motion to Intervene and all accompanying arguments and documents in support thereof.~~

7.5.    If, within such time as is ordered by the Court and contained in the Notice, any Settlement Class Member wishes to be excluded from this settlement, the Settlement Class Member may do so by downloading or completing the form at the Settlement Website and submitting a valid request to opt-out, as described in the Notice, to the Claim Administrator. Requests to opt-out must be received (not just postmarked) by the opt-out deadline or they shall not be valid.  A Settlement Class Member who elects to opt-out of this Settlement shall not be permitted to object to this settlement or request the right to intervene.  The proposed Preliminary Approval order and Notice will provide that any Settlement Class Member wishing to object, ~~intervene~~ or opt-out who fails to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.  At least fifteen (15) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Settling Defendants shall file that list with the Court, with service on Plaintiffs' Counsel.

7.6.    Merchant Services Defendants have the exclusive right to void this Settlement if more than 200 Settlement Class Members timely and properly submit opt-out requests.

7.7.    If a Settlement Class Member submits both a claim form and an opt-out request, the claim form shall take precedence and be considered valid and binding, and the opt-out request shall be deemed to have been sent by mistake and rejected.

7.8.    Effect if Settlement Not Approved or Agreement is Terminated.  This Agreement was entered into only for purposes of settlement.  In the event that Preliminary or Final Approval of this Settlement and this Agreement does not occur for any reason, including

19

without limitation termination of this Agreement by Defendant pursuant to Section 5.2, or if Final Approval is reversed on appeal, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Litigation, or in any other proceeding; the Litigation may continue as if the settlement had not occurred; and any order conditionally certifying or approving certification of a settlement class shall be vacated.  The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any person other than the Parties' counsel, and only for purposes of the Litigation.

## VIII.   RELEASES

8.1.   <u>Nature of Release</u>.  The obligations incurred by Settling Defendants pursuant to this Agreement shall be a full and final disposition and settlement of all claims, actions, suits, obligations, debts, demands, rights, causes of action, liabilities, controversies, costs, expenses, and attorneys' fees, known or unknown, which actually were, or could have been, asserted in the Litigation, whether individual, class, representative, legal, equitable, administrative, direct or indirect, or any other type or in any other capacity, all of which shall be finally and irrevocably compromised, settled, released, and discharged with prejudice, subject to the provisions of Sections 8.2 and 8.3 below.

8.2.   <u>Release Regarding Plaintiffs and Released Parties</u>.  Upon Final Approval, Plaintiffs (for purposes of this Section 8.2, Plaintiffs includes Plaintiffs and their predecessors, successors, agents, assigns, attorneys and members of their families) on the one hand, and the

Released Parties on the other hand, shall mutually release and forever discharge each other from and shall be forever barred from instituting, maintaining, or prosecuting:

(a)     any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, that Plaintiffs, on the one hand, and Settling Defendants, on the other hand, have had in the past, or now have, related in any manner to the Released Parties' products, services or business affairs;

(b)     any and all other claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Plaintiffs, on the one hand, and Settling Defendants, on the other hand, have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.  Plaintiffs and Settling Defendants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity.  Plaintiffs and Settling Defendants explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Settling Defendants with the knowledge of the possibility of such unknown claims, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and Settling Defendants expressly waive all provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous

provisions of the laws of the United States or any state or territory thereof, or of the common law).  **Section 1542 provides:**

> **"A general release does not extend to claims which the creditor does not**
>
> **know or suspect to exist in his favor at the time of executing the release,**
>
> **which if known by him must have materially affected his settlement with the**
>
> **debtor."**

   (c) Each and every term of this section shall be binding upon, and inure to the benefit of Plaintiffs and the Released Parties, and any of their successors and personal representatives, which persons and entities are intended to be beneficiaries of this section.

   8.3. <u>Release Regarding Settlement Class Members and Released Parties</u>.  Upon Final Approval, the members of the Settlement Class (except any such person who has filed a proper and timely request for exclusion from the Settlement Class) shall release and forever discharge the Released Parties from and shall be forever barred from instituting, maintaining, or prosecuting:

   (a) any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation related in any manner to the allegations set forth in the Complaint, which are summarized in section 1.4;

   (b) With respect to the released claims set forth in Subsection 8.3(a), each Settlement Class Member shall be deemed to have waived and relinquished, to the fullest

extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States or any state or territory thereof, or of the common law).  **Section 1542 provides:**

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

    (c) Each and every term of this section shall be binding upon the Settlement Class Members and any of their successors and personal representatives, and inure to the benefit of the Released Parties, and any of their successors and personal representatives, which persons and entities are intended to be beneficiaries of this section.

    (d) The Parties shall be deemed to have agreed that the release set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding based on the released claims.

    (e) No release is given by Plaintiffs or Settlement Class Members to the Non-Released Parties.

    (f) Nothing in this Section 8.3 shall operate to bar or release any defense, cross-claim or counter-claim in any action initiated by any of the Released Parties against any Settlement Class Member.

    8.4. <u>Effectuation of Settlement</u>.  None of the above releases include releases of claims to enforce the terms of the settlement.

    8.5. <u>No Admission of Liability</u>. This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this

Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party. Settling Defendants expressly deny the allegations of the complaints in the Litigation. Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement.

## IX.   ADDITIONAL PROVISIONS

9.1.   <u>Best Efforts</u>.  The Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement and settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, and to obtain Final Approval of this Agreement.

9.2.   <u>Change of Time Periods</u>.  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's counsel, without notice to Settlement Class Members except that the Claim Administrator shall ensure that such dates are posted on the Settlement Website.

9.3.   <u>Time for Compliance</u>.  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed

on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

        9.4.   <u>Public Comment</u>.  Plaintiffs and Settling Defendants, and their respective counsel, recognize and accept that the provisions of the Protective Order entered into in the Litigation shall remain in full force and effect and that all documents, testimony, or pleadings in the Litigation designated as Confidential or Highly Confidential pursuant to the Protective Order shall not be disclosed except as set forth in that Order.  The Parties further recognize and affirm that all aspects of mediation proceedings herein remain subject to the mediation privilege and shall not be disclosed except to the Court as necessary for the approval and enforcement of the Settlement.  No press release or public statement of any type, whether oral or in writing, shall be made or issued, nor shall any notice be published by any Party (including on any website), regarding this Agreement, the settlement of the Litigation, or the surrounding circumstances, except a notice substantially in the form of Exhibit F hereto.  Nothing in this paragraph shall preclude Plaintiffs' Counsel from discussing and answering questions about this Agreement, the settlement of the Litigation, and the surrounding circumstances with the Court, Settlement Class Members, and other individuals necessary to effectuate the terms of this Agreement.

        9.5.   <u>Governing Law</u>.  This Agreement is intended to and shall be governed by the laws of the State of California, without regard to conflicts of law principles.

        9.6.   <u>Entire Agreement</u>.  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Agreement constitutes the complete and exclusive

statement of its terms as between the Parties hereto, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Agreement.  Any amendment or modification of the Agreement must be in writing signed by Plaintiffs, Plaintiffs' Counsel, Merchant Services Defendants, Merchant Services Defendants' Counsel, Fiona Walshe, and Fiona Walshe's counsel.

       9.7.   <u>Advice of Counsel</u>.  The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel.  The presumption found in California Civil Code section 1654 that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

       9.8.   <u>Binding Agreement</u>.  This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Parties hereto.

       9.9.   <u>No Waiver</u>.  The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

       9.10.   <u>Execution in Counterparts</u>.  This Agreement shall become effective upon its execution by all of the undersigned.  The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

       9.11.   <u>Captions</u>.  Captions and section numbers herein are inserted merely for the reader's convenience, and in no way define, limit, construe, or otherwise describe the scope or intent of the provisions of this Agreement.

9.12.   <u>Extensions of Time</u>.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

9.13.   <u>Enforcement of this Agreement</u>.  The Court shall retain jurisdiction to enforce, interpret, and implement this Agreement.

9.14.   <u>Plaintiffs to be Included in Settlement Class</u>.  Plaintiffs hereby agree not to request to opt out or otherwise be excluded from the Settlement Class and not to object to any terms of this Agreement.  Any such request or objection shall be void and of no force or effect.

9.15.   <u>Notices</u>.  All notices to the Parties or counsel required by this Agreement, shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiffs or Plaintiffs' Counsel:

> Adam Gutride, Esq.
> Kristen Simplicio, Esq.
> Gutride Safier LLP
> 835 Douglass Street
> San Francisco, CA  94114
> Telephone:  (415) 271-6469
> Fax:  (415) 449-6469
> Email:  adam@gutridesafier.com, kristen@gutridesafier.com

If to Merchant Services Defendants or Merchant Services Defendants' Counsel:

> Cary D. Sullivan, Esq.
> Jones Day
> 3161 Michelson Drive, Suite 800
> Irvine, CA 92612
> Telephone: (949) 553-7513
> Fax: (949) 553-7539
> Email : carysullivan@jonesday.com

If to Fiona Walshe or Fiona Walshe's Counsel:

> Matthew K. Wegner, Esq.

Brown Wegner & Berliner LLP
2603 Main Street, Suite 1050
Irvine, CA 92614
Telephone: (949) 705-0080
Fax: (949) 794-4099
Email : mwegner@bwb-lawyers.com

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this

Agreement to be executed on the dates shown below and agree that it shall take effect on the date

it is executed by all of the undersigned.

**APPROVED AS TO FORM:**

DATED:  ~~April~~ June __, 2013          GUTRIDE SAFIER LLP

_____
Adam Gutride
Seth A. Safier
Kristen Simplicio
Attorneys for Plaintiffs

DATED: ~~January~~

~~DATED: April~~June __, 2013          JONES DAY

_____
Thomas R. Malcolm
Brian Hershman
Cary D. Sullivan
Attorneys for Defendants Merchant Services, Inc.; National
Payment Processing, Inc.; Universal Merchant Services,
LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk;
Robert Parisi; Eric Madura; and Alicyn Roy

DATED: ~~April~~June __, 2013      BROWN WEGNER & BERLINER LLP

_____
William J. Brown, Jr.
Matthew K. Wegner
Matthew A. Berliner
Attorneys for Defendant Fiona Walshe


**APPROVED AND AGREED:**

DATED: ~~April~~June __, 2013      RAINBOW BUSINESS SOLUTIONS, D/B/A/
PRECISION TUNE AUTO CARE

_____
Jerry Su
Its _____

DATED: ~~April~~June __, 2013

_____
Jerry Su


DATED: ~~April~~June __, 2013      DIETZ TOWING, INC.

_____
Terry Jordan
Chief Financial Officer

DATED: ~~April~~June __, 2013

_____
Terry Jordan


DATED: ~~April~~June __, 2013

_____
Verena Baumgartner d/b/a/ Burlingame Motors


DATED: ~~April~~June __, 2013

_____
Volker Von Glasenapp

DATED: ~~April~~June __, 2013                    MERCHANT SERVICES, INC.

By:_____

Name:_____

Its: _____

DATED: ~~April~~June __, 2013  NATIONAL PAYMENT PROCESSING, INC..

By:_____

Name:_____

Its: _____

DATED: ~~April~~June __, 2013    UNIVERSAL MERCHANT SERVICES, LLC

By:_____

Name:_____

Its: _____

DATED: ~~April~~June __, 2013    UNIVERSAL CARD, INC.

By:_____

Name:_____

Its: _____

DATED: ~~April~~June __, 2013

_____
Jason Moore

DATED: ~~April~~June __, 2013

_____
Nathan Jurczyk

DATED: ~~April~~June __, 2013

_____
Robert Parisi

DATED: ~~April~~June __, 2013

_____
Eric Madura

DATED: ~~April~~June __, 2013

_____
Alicyn Roy

DATED: ~~April~~June __, 2013

_____
Fiona Walshe

# EXHIBIT A

*Just Film, Inc., et al. v. Merchant Services, Inc., et al.*
**Class Action Settlement Claim Form**
**INSTRUCTIONS**

As set forth in the Amended Settlement Agreement, there has been a settlement involving certain parties in a lawsuit entitled *Just Film, Inc., et al. v. Merchant Services, Inc., et al.*, Case No. CV 10-01993 CW.

If you wish to participate in the settlement and make a claim, you must complete, sign, and return this Claim Form.  All information will be kept private, will not be disclosed to anyone other than the Court, the Claim Administrator, and the settling parties in this case, and will be used solely to administer the settlement.

YOUR COMPLETED AND SIGNED CLAIM FORM **MUST BE RECEIVED (NOT POSTMARKED) BY [DATE]**.  YOU MUSTMAY SEND THE FORMS BY FIRST-CLASS MAIL, OR THE EQUIVALENT, TO THE FOLLOWING ADDRESS, OR YOU MAY SUBMIT THE FORM THROUGH THIS WEBSITE.  (If you wish to have acknowledgement of receipt of your mailed form, you must send the form by certified mail, or the equivalent.):

Claim Administrator
c/o Kurtzman Carson Consultants, LLC
[address]

If you move, please send your new address to the Claim Administrator at the address listed above.  If you provide incomplete, incorrect, or inaccurate information, your claim may be denied.

Returning this Claim Form does not ensure that you will receive a payment.  You will receive a payment *only* if (1) the settlement receives final approval from the Court, and (2) your claim is verified.  If both occur, you will receive a check for $400350.00.[*]  Checks will be sent via first-class mail after the Effective Date.  Checks will be valid only for 180 days after issuance.  Please save a copy of this completed form for your records.

Only settlement class members or their legal representatives may submit a Claim Form.  Any executor, administrator, guardian, conservator, or trustee who submits a Claim Form on behalf of a settlement class member or his/her estate must (1) sign the Claim Form on the settlement class member's behalf; (2) indicate his or her title as representative (*e.g.*, executor, trustee); and (3) submit proof of his or her authority to act on the settlement class member's behalf.

For purposes of this claim form, "Settling Defendants" means Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe.  "Northern Leasing Parties" means Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source –LSI, LLC; Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian Fitzgerald; Sam Buono; MBF Merchant Capital, LLC; Joseph I. Sussman; Joseph I. Sussman, P.C.; SKS Associates, LLC; Pushpin Holdings, LLC; and Cucumber Holdings, LLC.

---

[*] This amount will be reduced by any cash or cash-equivalent reimbursement that the Settling Defendants demonstrate that they previously paid to you as a result of any complaint about the price point and/or length of your equipment lease or processing agreement.

EXHIBIT A

**For further information, visit www.justfilmsettlement.com.**

*Just Film, Inc., et al. v. Merchant Services, Inc., et al.*
**Class Action Settlement Claim Form**

Business Name:_____

Claimant ID (if available~~).*):~~ :*_____

First Name: _____  Last Name:_____

Position/Title: _____

Mailing Address: _____

City:_____  State: _____  Zip: Code_____

Email Address:_____@_____._____

I certify the following:

1. Between March 26, 2006 and March 20, 2013, our business entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Settling Defendants.

2. Our business did not remain in a bankcard processing agreement through any of the Settling Defendants for more than sixty (60) days after the expiration of its initial processing agreement.

3. Our business did not continue to lease bankcard processing equipment through any of the Settling Defendants for more than sixty (60) days after the expiration of our initial equipment lease.

5. ~~Our business did not enroll with another company in a new fixed-term lease for bankcard processing equipment after cancelling our lease through any of the Settling Defendants.~~

5. ~~Our business was not aware of and did not agree to the price point and/or length of the processing contract and/or equipment lease at the time of enrollment by the Settling Defendants.~~

5. ~~Our business previously complained to one or more of the Settling Defendants or Northern Leasing Parties about the price point and/or length of its processing agreement and/or equipment lease.~~

5. ~~Such complaint was made on or about [Month]_____ [Day]_____, 20____ and was in the form of [Examples: Letter, Phone Call, Fax, Email, In Person] _____.**~~

4. Our business was not aware of or did not agree to fees or terms applied in connection with the processing contract and/or equipment lease.

5. I understand and acknowledge that I am releasing and waiving certain claims, including but not limited to unknown claims and potential claims, against the Released Parties, as set forth in the Settlement Agreement, available at www.justfilmsettlement.com.  I understand that I am *not* releasing any claims against the Northern Leasing Parties.

_____

* If you received notice of the settlement by mail, this number appears on the front of the notice. It is not necessary; your claim will be processed even if you did not receive the mailed notice or no longer have it.

~~* If you received notice of the settlement by mail, this number appears on the front of the notice. It is not necessary; your claim will be processed even if you did not receive the mailed notice or no longer have it.~~

~~**You must provide this information, but it will not need to be verified by Defendants' records.~~

EXHIBIT A2

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed: _____     Date: _____

**[Submit]**

**[If printed]:** **Mail this claim form to: Claim Administrator, [address].**

# EXHIBIT B1

**ATTENTION CUSTOMERS OF**
**MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING, INC.;**
**UNIVERSAL MERCHANT SERVICES, LLC; and UNIVERSAL CARD, INC.:**

**IF YOU PROCESSED BANKCARD TRANSACTIONS AND WERE ENROLLED IN A
LEASE FOR BANKCARD PROCESSING EQUIPMENT BETWEEN MARCH 26, 2006
AND MARCH 20, 2013,**

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

*Capitalized Terms are further defined in the Settlement Agreement*

**Attention customers of:
Merchant Services, Inc.; National Payment Processing, Inc.;
Universal Merchant Services, LLC; And Universal Card, Inc.:**

**If you processed bankcard transactions and were enrolled in a lease for
bankcard processing equipment between March 26, 2006 and March 20, 2013,
this notice may affect your rights.  Please read it carefully.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

• The class action settlement will resolve a lawsuit over whether Merchant Services, Inc. and affiliated entities misled customers when enrolling them in agreements for bankcard processing services and leases, or took other inappropriate action.

• Each member of the class who submits a valid claim form will receive up to $350.

• The two sides disagree on how much money could have been won if class members won a trial.

• The lawyers who brought the lawsuit will separately ask the Court for up to $990,000 to be paid separately by the Settling Defendants, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

• Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The Only Way To Get Payment |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Settling Defendants, about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

EXHIBIT B1: LONG FORM NOTICE

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

EXHIBIT B1: LONG FORM NOTICE

## Contents                                                                    .

**[Clickable table of contents linking to bold paragraph headings]**


## How Do I Know If I Am Affected By The Settlement?                          .

     For purposes of settlement only, the Court has certified a ~~Settlement Class.~~settlement class.  You are a member of the Settlement Class if, between March 26, 2006 and March 20, 2013, you entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through the one or more of the Settling Defendants (defined below).  However, the Settlement Class excludes (1) all persons or companies who remained in a bankcard processing agreement through any of the Settling Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons or companies who continued to lease bankcard processing equipment through any of the Settling Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) ~~all persons or companies who, after cancelling their lease through any of the Settling Defendants, enrolled with another leasing company in a new fixed-term lease for bankcard processing equipment; (4)~~ the Honorable Judge Claudia Wilken and any member of her immediate family; (~~5~~4) Antonio Piazza and any member of his immediate family; (~~6~~5) any government entity; (~~7~~6) any of the Released Parties; and (~~8~~7) any persons who timely opt out of the Settlement Class.

     If you are a member of the Settlement Class, you will be bound by the settlement and judgment in this case, unless you request to be excluded.

## What Is The Lawsuit About?                                                 .

     The settlement resolves claims in a lawsuit against Merchant Services, Inc. and affiliated companies, and certain of their officers, employees, and current and former independent contractors.  The lawsuit is continuing to go forward against all other entities and individuals.

     The companies and individuals who are participating in the settlement are Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona

EXHIBIT B1: LONG FORM NOTICE

Walshe (collectively, "Settling Defendants").

The lawsuit is continuing against Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Sam Buono; and SKS Associates, LLC (collectively, "Northern Leasing Defendants.")

The lawsuit was filed in March 2010 by several merchants and their owners or personal guarantors. The Plaintiffs' names are: Rainbow Business Solutions d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Just Film, Inc., which has been dissolved; Volker Von Glasenapp; Jerry Su; Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan (collectively, "Plaintiffs").

In the lawsuit, Plaintiffs allege that Settling Defendants do business under the name "Merchant Services." and misleadingly state or imply that they are affiliates of other companies. Plaintiffs allege that Settling Defendants enrolled merchants in bankcard processing agreements with banks and processors such as Transfirst LLC, Chase Paymentech, and FirstData. Plaintiffs further allege that Settling Defendants enrolled merchants in leases for bankcard processing equipment with MBF Leasing, LLC and Northern Leasing Systems, Inc. Plaintiffs allege that Settling Defendants misrepresented and omitted the costs, term, early termination penalties, and other provisions of the processing agreements and leases and unlawfully collected commissions and, cancellation fees- and other amounts via automatic withdrawals from merchant bank accounts. Plaintiffs also allege that Settling Defendants forged signatures and modified contracts and authorization forms for electronic debits after those contracts and forms had been signed. Plaintiffs additionally contend that Settling Defendants' sales practices violated rules of MasterCard. Plaintiffs further assert that if customers defaulted on payment, Settling Defendants engaged in improper collection efforts by making unlawful credit inquiries on the personal credit reports of the personal guarantors who signed the agreements. Plaintiffs allege that many of the credit inquiries appeared with the trade line "Universal Merchant Services." Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Fair Credit Reporting Act ("FCRA"); fraud, deceit

EXHIBIT B1: LONG FORM NOTICE

and/or misrepresentation; negligent misrepresentation; conversion; breach of contract; breach of the duty of good faith; false advertising under California Business and Professions Code sections 17500, *et seq.*; unfair business practices under California Business and Professions Code sections 17200, *et seq.*

Settling Defendants deny that there is any factual or legal basis for Plaintiffs' allegations. By way of example, Settling Defendants produced thousands of audio recordings that they contend conclusively establish that merchants were aware of and consented to the price point and length of their contracts. Settling Defendants deny any liability and deny that Plaintiffs or any other members of the Settlement Class have suffered injury or are entitled to monetary or any other relief. Settling Defendants also deny that this case can be certified as a class action, except for purposes of settlement.

The Court has not determined whether Plaintiffs or Settling Defendants are correct.

**Why Is This Case Being Settled?**

In the lawsuit, Plaintiffs sought to obtain restitution of all monies paid by Settlement Class members to Settling Defendants, Northern Leasing Defendants, and associated companies, for credit card processing and leasing services. Plaintiffs also sought statutory damages of $1000 per violation under FCRA for unlawful accessing of consumer credit reports. Plaintiffs further sought treble damages and punitive damages, which could increase the amount by a factor of three or more.

Plaintiffs' counsel believes, however, that they are exceedingly unlikely to recover all the amounts sought for, at least, the following reasons. First, it is not clear that the case can proceed as a class action. Settling Defendants have argued, among other things, that there were no common sales scripts or marketing materials, that each merchant experiences a unique sales presentation, and that Settlement Class members knowingly enrolled in processing services and leases for a variety of individualized reasons. Second, even if the case goes forward as a class action, it would be difficult to prove that Settling Defendants' conduct violated the law. For example, it is not clear that FCRA prohibits credit inquiries on a personal guarantor or that

EXHIBIT B1: LONG FORM NOTICE

Plaintiffs can prove any RICO violation based on Settling Defendants' alleged failure to follow rules imposed by MasterCard, or that Settling Defendants violated any such rules.  Third, even if legal violations were proven, it would be difficult to prove damages, because Settling Defendants argue that customers paid *less* for the bankcard processing and equipment they received than they would have paid elsewhere.  Settling Defendants also contend that they cannot be required to refund amounts paid by Settlement Class members to the Northern Leasing Defendants.  Finally, even if a class were certified or damages were awarded, there is a likelihood that Settling Defendants would appeal, placing the ultimate outcome in further doubt and causing further delay.

The Parties have conducted substantial investigation of Settling Defendants' business practices, as well as the business practices of the Northern Leasing Defendants and other companies who provide bankcard processing or leasing services in association with Settling Defendants.  Settling Defendants have produced more than 300,000 pages of documents, which Plaintiffs' counsel reviewed.  Plaintiffs also have obtained and reviewed more than 1 million pages of documents and 30 GB of databases from the Northern Leasing Defendants and non-parties.  In addition, the Parties have taken depositions of 18 witnesses.  The Parties also have exchanged written responses, under oath, to questions posed by other Parties.

The Parties are not aware of any other pending lawsuits against the Settling Defendants that seek class action relief for any of the issues raised in this lawsuit.

In November 2012 and March 2013, Plaintiffs and Settling Defendants participated in all-day mediation sessions in San Francisco, California with Antonio Piazza of Mediated Negotiations.  As a result of the mediations, the Plaintiffs and Settling Defendants reached a settlement.   (Plaintiffs did not reach a settlement with the Northern Leasing Defendants.)  Plaintiffs and Plaintiffs' Counsel, after taking into account the foregoing issues along with the other risks and costs of further litigation, are satisfied that the terms and conditions of the proposed settlement are fair, reasonable, adequate and equitable, and that a settlement of the Litigation, as it concerns the Settling Defendants, and the prompt provision of effective relief to

EXHIBIT B1: LONG FORM NOTICE

the Settlement Class are in the best interest of the Settlement Class Members.

**What Can I Get In The Settlement?**

Every Settlement Class member who files a Valid Claim (defined below) will receive a check for $~~400~~350, offset by any cash or cash-equivalent reimbursement previously paid to the claimant by any of the Settling Defendants as a result of a previous complaint by the Settlement Class member to any of the Settling Defendants about the price point and/or length of the Settlement Class member's equipment lease and/or processing agreement.

A "Valid Claim" is one filed by a Settlement Class member who attests, under penalty of perjury, ~~(1)~~ that the merchant was not aware of ~~and~~ or did not agree to ~~the price point and/or length of the processing~~ fees or terms applied in connection with the processing contract and/or equipment lease ~~agreement at the time of enrollment, (2) that the merchant previously complained to one or more of the Settling Defendants about this fact, and (3) as to the approximate date and manner (e.g., email, phone call, letter) of such complaint. A claim is valid even if Settling Defendants do not have documentation of the prior complaint.~~

**How Do I Make A Claim?**

To make a claim, you must ~~print the~~ fill out a Claim Form ~~and mail it to the Claim Administrator at: [address]. CLAIM FORMS MUST BE RECEIVED, NOT JUST POST MARKED, BY [30 days after scheduled final approval hearing]~~.  The Claim Form is available on the Settlement Website, www.justfilmsettlement.com, or you may request a copy from the Claim Administrator.  The Claim Form may be submitted online at the Settlement Website, or you may print and mail it to the Claim Administrator at: [address].  **CLAIM FORMS MUST BE RECEIVED, NOT JUST POST MARKED, BY [30 days after scheduled final approval hearing].**

**What Do Plaintiffs And Their Lawyers Get?**

To date, Plaintiffs' Counsel has not been compensated for any of its work on this case. Plaintiffs' Counsel estimates that its lawyers have spent more than 5000 hours litigating this case.  In addition, Plaintiffs' Counsel has paid out-of-pocket expenses (including fees to expert

EXHIBIT B1: LONG FORM NOTICE

witnesses, deposition transcript fees, court reporter fees, filing fees, service costs, copying costs, and travel expenses) of more than $100,000.  None of these expenses has yet been reimbursed. As part of the settlement, Plaintiffs' Counsel may apply to the Court to award them up to $~~1 million~~ 990,000 to pay their attorneys' fees, costs, and expenses.

In addition, the named Plaintiffs in this case may apply to the Court for incentive awards of up to $~~15,000~~ 8,750 each, for a combined total of up to $~~60~~35,000.  These incentives are designed to compensate the named Plaintiffs for the time, effort and risks they undertook in pursuing this Litigation, including producing their documents and being deposed under oath~~, and for executing a broader release of claims than other Settlement Class members~~.

Plaintiffs and Plaintiffs' Counsel will file a motion with the Court on or before [42 days before final approval hearing] in support of their applications for attorneys' fees, costs and expenses and incentive awards.  A copy of that motion will be available on the Settlement Website at www.justfilmsettlement.com.

Under the Parties' settlement agreement, the award of attorneys' fees, costs, and expenses is subject to a "quick-pay" provision, meaning that it will be paid to Plaintiffs' Counsel within seven (7) days of Final Approval of the settlement.  If Final Approval of the settlement is later reversed on appeal, Plaintiffs' Counsel will be required to repay to Settling Defendants the previously awarded fees, costs and expenses, plus interest.

The Court will determine the amount of fees, costs, expenses, and incentives to award, up to the limits set forth above.

## What Claims Are Released By The Settlement?

The settlement releases all claims by Settlement Class members against ~~Settling Defendants and~~ the Released Parties that were or could have been asserted in the Litigation and that are related in any manner to the allegations set forth in the Complaint.  This release includes claims that may not yet be known or suspected.

The Released Parties are the all of the Settling Defendants, and all of Settling Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors,

EXHIBIT B1: LONG FORM NOTICE

agents, assigns, and legal representatives, but excluding the Non-Released Parties.  The Non-Released Parties are the Northern Leasing Defendants; Golden Eagle Leasing LLC; Lease Source –LSI, LLC; Lease Finance Group, LLC; Brian Fitzgerald; RBL Capital Group, LLC; William Healy; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal representatives.

For further information, please see Section 8.3 of the Settlement Agreement.

**How Do I Exclude Myself From The Settlement?** .

You can exclude yourself from the Settlement Class if you want to be able to sue any defendant separately for the claims released by the settlement.  If you exclude yourself, you cannot file a claim or object to the settlement.

To exclude yourself, you must complete and submit the online opt-out form at the Settlement Website or mail a request to opt out of the settlement to the Claim Administrator,[address].  (An exclusion request can also be submitted on your behalf by your attorney, trustee, or legal representative.)  The exclusion request must contain your name, address, the words "I wish to be excluded from the Just Film Class Action Settlement," and your signature.

If submitted online, exclusion requests must be made by [28 days before Final Approval Hearing].  Exclusion requests submitted by mail must be *received* by the Claim Administrator (not postmarked) by [28 days before Final Approval Hearing].

**How Do I Object To The Settlement?** .

You can object to the settlement by filing papers in Court.  If you object to the settlement, you also can ask to appear at the Final Approval hearing or can hire your own attorney to appear at your own expense.

All objections and requests to appear must show the name and number of this case: *Just Film, Inc., et al.  v. Merchant Services, Inc., et al.,* N.D. Cal. Case No. 4:10-cv-01993-CW. You

EXHIBIT B1: LONG FORM NOTICE

also must include documents or testimony sufficient to establish your membership in the Settlement Class and state the reasons for your objection.  You must file the documents ~~through the electronic filing system at ecf.cacd.uscourts.gov~~ by mailing them or ~~deliver~~having them delivered to the Clerk's Office, United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612.  (Attorneys registered to use the electronic filing system must file documents through ecf.cacd.uscourts.gov.) The ~~filing~~documents must be received by the Clerk (not postmark~~) deadline~~ed) is [28 days before Final Approval Hearing].

If you file any papers in Court (other than papers filed through the electronic filing system), you must also serve copies of those papers on the ~~three lawyers for the Parties. Plaintiffs' lawyer is Adam Gutride, Gutride Safier LLP, 835 Douglass St., San Francisco, CA 94114.~~ Just Film v. Merchant Services ~~Defendants' lawyer is Cary Sullivan, Jones Day, 3161 Michelson Drive, Suite 800, Irvine, CA 92612.  Fiona Walshe's lawyer is Matthew Wegner, Brown, Wegner & Berliner LLP, 2603 Main Street, Suite 1050, Irvine, CA 92614~~Claim Administrator, [address].

**When Will The Court Decide If The Settlement Is Approved?**

The Court will hold a hearing on [hearing date] to consider whether to approve the settlement.  The hearing will be held in Courtroom 2, 4th Floor, 1301 Clay St., Oakland, CA 94612.  The hearing is open to the public.  However, only persons who have filed a request to appear at the hearing may actually address the Court.  The date or time of the hearing may change, and the new date and time will be posted on the Settlement Website, but you will not be sent further notice of the change.

**How Do I Get More Information?**

You can inspect many of the court documents connected with this case on the Settlement Website.  Other papers filed in this lawsuit are available through PACER, the online service for the United States District Courts, at ecf.cacd.uscourts.gov.

You can also obtain additional information by contacting Plaintiffs' Counsel at *Just Film, Inc., et al. v. Merchant Services, Inc., et al.* Settlement, Gutride Safier LLP, P.O. Box 460823,

EXHIBIT B1: LONG FORM NOTICE

San Francisco, CA 94146 or the Claim Administrator at [address].

      Do not call or contact the Court concerning this notice, the settlement or the lawsuit.

IRI-51894v1

# EXHIBIT B2

# NOTICE OF CLASS ACTION SETTLEMENT

## To certain merchants enrolled in bankcard processing and leasing services

## Please read to learn your rights in the settlement

*Just Film, Inc., et al. v. Merchant Services, Inc., et al.*
Claims Administrator
[Address]
[Phone]

First-Class
Mail
US Postage
Paid
Permit #__



Postal Service: Please do not mark barcode

«Claimant ID»
«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip»

---

A proposed class action settlement has been reached with Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe (collectively, "Defendants"), regarding bankcard processing and leasing services provided to merchants. The settlement resolves part of a lawsuit entitled *Just Film, Inc., et al. v. Merchant Services, Inc., et al.*, Case No. CV 10-01993 CW (the "Lawsuit"), United States District Court, Northern District of California (the "Court"). The lawsuit will continue against other defendants. The Court authorized this notice.

The Lawsuit alleges, among other things, that Defendants misrepresented the terms and cost of bankcard processing and leasing services provided to merchants and improperly accessed merchant credit reports. Defendants deny all claims, assert that they have fully complied with the law at all times, and have vigorously defended against the Lawsuit, including by producing thousands of audio recordings that they contend conclusively establish merchants' awareness and consent to the price point and length of their contracts.

You received this notice because Defendants' records reflect that you may be a member of the Settlement Class. The Settlement Class includes merchants who entered into agreements for bankcard processing and leasing services through one or more of the Defendants between March 26, 2006 and March 20, 2013, except those who remained in a bankcard processing or lease agreement through any of the Defendants for more than sixty days after the expiration of the term of the initial agreement and/or enrolled through another company in a new fixed-term lease for bankcard processing equipment after cancelling their lease through any of the Defendants.

If you are a member of the Settlement Class, file a valid claim, and the Court approves the settlement, you will receive a payment of $~~400~~354, less any cash or cash-equivalent reimbursement that Defendants previously paid to you as a result of your complaint about the price point and/or length of your processing or lease agreement. To make a valid claim, you must attest under penalty of perjury that you were not aware of or did not agree to fees or terms applied in connection with the processing contract and/or equipment lease~~(1) that you were unaware at the time of enrollment of the price point and/or length of the processing or lease agreement, (2) that you previously complained to one or more of the Defendants or to Northern Leasing, MBF Leasing or one of its affiliates about this issue, and (3) as to the approximate date and manner (for example, letter, phone call, email) of such complaint~~.

If you wish to receive benefits and you qualify to do so, you must complete and submit a claim form. These forms must be received (not postmarked) by the Claims Administrator no later than [Deadline]. To access and print a claim form, please visit the settlement website at www.justfilmsettlement.com. The website also contains a more detailed notice of the terms of the settlement, answers to frequently asked questions, and other information about the Lawsuit. If you cannot access the website, you can obtain the claim form and detailed notice by contacting the Claims Administrator listed on the reverse side of this card.

If the settlement is approved by the Court, any legal claims you have against Defendants that were or could have been raised in the Lawsuit related to the allegations in the Lawsuit will be released. If you wish to preserve your right to bring a separate lawsuit, you must opt out of the settlement. Alternatively, you have the right to object to the settlement. Your opt-out request or objection must be received (not postmarked) by [Deadline]. For details on how to opt-out or object, visit the settlement website at www.justfilmsettlement.com.

The Court will hold a final approval hearing on [Date] at [Time] to consider whether to approve the settlement. The hearing date and time may change; check the Settlement Website for updates. The attorneys for the class will ask the court to award them up to $~~1 million~~990,000 in fees and costs, and up to $~~60~~35,000 as incentives for the named plaintiffs. You may appear at the hearing but you do not have to.

For more information, please visit the settlement website at www.justfilmsettlement.com.

Case 4:10-cv-01993-CW   Document 519   Filed 06/06/13   Page 131 of 166

# EXHIBIT C

1   GUTRIDE SAFIER LLP
    ADAM J. GUTRIDE (State Bar No. 181446)
2   SETH A. SAFIER (State Bar No. 197427)
    KRISTEN SIMPLICIO (State Bar No. 263291)
3   835 Douglass Street
    San Francisco, California 94114
4   Telephone: (415) 336-6545
    Facsimile: (415) 449-6469
5

6   Attorneys for Plaintiffs

7                   UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                        OAKLAND DIVISION

10

11  JUST FILM, INC.; et al.                CASE NO. 10-CV-01993-CW

12         Plaintiffs,

13         v.                              [PROPOSED] ORDER GRANTING MO-
                                           TION FOR PRELIMINARY APPROVAL
14  MERCHANT SERVICES, INC.; et al.,       OF CLASS ACTION SETTLEMENT

15         Defendants.                     DATE:
                                           JUDGE:  Hon. Claudia Wilken
16                                         CTRM: 2, 4th Floor

17

18

19

20

21

22

23

24

25

26

27

28

                                -1-

Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan ("Plaintiffs" or "Class Representatives") have moved the Court for preliminary approval of a proposed class action settlement, the terms and conditions of which are set forth in the Amended Settlement Agreement filed with the Court on ————June 6, 2013 (Dkt.# ___) ("Settlement Agreement"). Defendants Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; and Alicyn Roy ("Merchant Services Defendants") and Defendant Fiona Walshe do not oppose the motion for preliminary approval.

Having considered all matters submitted to it at the hearing on the motion the and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1.    The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2.    The Court preliminarily approves the Settlement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3.    For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of all persons who, between March 26, 2006 and March 20, 2013, entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Merchant Services Defendants, except for (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) all persons who, after cancelling their lease through any of the Merchant Services Defendants, enrolled with another leasing company in a new fixed-term lease for bankcard processing equipment; (4) the Honorable Judge Claudia Wilken and any member of her immediate family; (54) Antonio Piazza and any member of his immediate family; (65) any government en-

tity; (76) any of the Released Parties; and/or (87) any persons who timely opt out of the Settlement.

        4.    The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative is typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

        5.    The Court conditionally designates the law firm of Gutride Safier LLP as Class Counsel and Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan as Class Representatives for purposes of this Settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.  The Court designates, and approves, Kurtzman Carson Consultants, LLC to serve as Claims Administrator.

        6.    Not later than ——————August 1, 2013 [4249 days before final approval hearing], Representative Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs and incentive awards to the Representative Plaintiff.

        7.    A Final Approval Hearing shall be held before this Court at 1:30 p.m. on ——————September 19, 2013, at the United States District Court for the Northern District of California, Oakland Division, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and incentive awards should be approved

        8.    The Court approves, as to form and content, the Claim Form and the Notice, substantially similar to the forms attached as Exhibits A and B to the Settlement Agreement. The

parties shall have discretion to jointly make non-material minor revisions to the notice before

mailing.  Responsibility regarding settlement administration, including, but not limited to, notice

and related procedures, shall be performed the Claim Administrator, subject to the oversight of

the parties and this Court described in the Settlement Agreement.

9.    A settlement website shall be operative no later than the Notice Date.  The set-

tlement website shall contain downloadable copies of this Preliminary Approval Order, the No-

tice, the Settlement Agreement, the Claim Form, and, when filed, Class Counsel's application for

attorneys' fees, costs, and incentive awards. The settlement website shall also contain appropriate

links through which Settlement Class Members can submit online requests to opt out of the class.

10.    Within fourteen (14)twenty-one (21) days after this Preliminary Approval Order

is entered, Notice will be provided by mail to all Settlement Class Members for whom an address

is known to any of the parties, as is set forth in section IV of the Settlement Agreement.

11.    The Court finds that the parties' plan for providing notice to the Settlement

Class (the "Notice Plan") described in section IV of the Settlement Agreement is the best practi-

cable notice in the circumstances and is reasonably calculated to provide notice to the Settlement

Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settle-

ment Agreement, and the Final Approval Hearing, and complies fully with the requirements of

Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

12.    Any member of the Settlement Class who desires to submit a claim must mail to

the Claim Administrator or submit online, pursuant to the instructions set forth in the Notice and

on the settlement website, a timely and valid Claim Form, received (not postmarked) no later than

_____, 2013 [21 30 days prior toafter Final Approval Hearing].is issued.

13.    Any member of the Settlement Class who desires to be excluded from the Set-

tlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit

an online request for exclusion by _____August 22, 2013 [28 days prior to Final Approval

Hearing] or mail to the Claim Administrator, pursuant to the instructions set forth in the Notice

and on the settlement website, a timely and valid written request for exclusion, received (not

postmarked) no later than _____August 22, 2013 [28 days prior to Final Approval Hearing].

No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization that predates the Class Notice, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate unless such person has been appointed by a court of competent jurisdiction to represent that group, class or aggregation.

14.   At least fifteen (15) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiff's Counsel shall file that list with the Court.  The Court retains jurisdiction to resolve any disputed exclusion requests.

15.   Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the Action.

16.   Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court (and, if not filed through the Electronic Case Filing system, serve upon Class Counsel and Merchant Services Defendants' Counsel the Claim Administrator at the addresses set forth in the Class Notice) a written objection to the Settlement ("Objection"). The Objection must satisfy the requirements set forth in section 7.4 of the Settlement Agreement and must be filed and served, not postmarked, no later than ——— August 22, 2013 [28 days prior to Final Approval Hearing]. Any Settlement Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the Settlement.

1. Any Settlement Class Member who wishes to intervene in the Action must file, not postmark, a motion or application to do so with the Court and contemporaneously serve it upon

upon Class Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's counsel at the addresses set forth in the Class Notice by _____, 2013 [28 days prior to Final Approval Hearing].

20. Any Class Member who wishes to appear at the Final Approval Hearing must file a notice of his or her intention to do so with the Court and contemporaneously serve it upon Class Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's counsel at the addresses set forth in the Class Notice no later than _____, 2013 [28 days prior to Final Approval Hearing].

17.   Any Class Member who wishes to appear at the Final Approval Hearing must file a notice of his or her intention to do so with the Court (and, if not filed through the Electronic Case Filing system, serve the notice upon the Claim Administrator at the address set forth in the Class Notice) no later than August 22, 2013 [28 days prior to Final Approval Hearing].

18.   Any federal or state official who wishes to object to this settlement or intervene in Action must file, not postmark, all relevant documents with the Court and contemporaneously serve them upon Class Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's counsel at the addresses set forth in the Class Notice by ——August 22, 2013 [28 days prior to Final Approval Hearing].  Any lawyer who wishes to appear on behalf of any such federal or state official at the Final Approval Hearing must file and serve, not postmark, a notice of appearance by ——August 22, 2013 [28 days prior to Final Approval Hearing].  Within 14 days of this Order, Merchant Services Defendants shall serve a copy of this Order on all federal and state officials to whom notice of settlement is required by the Class Action Fairness Act.

19.   The Parties shall file their motions for Final Approval no later than ——August 1, 2013 [4249 days prior to Final Approval Hearing] and their reply in support of that motion and responses to any objections and requests to intervene no later than ——September 5, 2013 [14 days prior to Final Approval Hearing].

20.   In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and

void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

21.   The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by Order of the Court.  The Claim Administrator shall post on the Settlement Website the dates and deadlines set forth in this Order and shall revise that posting if the dates or deadlines are subsequently modified by the Court.

**IT IS SO ORDERED** this _____ day of _____, 2013.

_____
HON. CLAUDIA WILKEN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

IRI-51896v1

# EXHIBIT D

1  GUTRIDE SAFIER LLP
   ADAM J. GUTRIDE (State Bar No. 181446)
2  SETH A. SAFIER (State Bar No. 197427)
   KRISTEN SIMPLICIO (State Bar No. 263291)
3  835 Douglass Street
   San Francisco, California 94114
4  Telephone: (415) 336-6545
   Facsimile: (415) 449-6469
5
6  Attorneys for Plaintiffs

7               UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9                    OAKLAND DIVISION

10
   JUST FILM, INC.; et al.              CASE NO. 10-CV-01993-CW
11
              Plaintiffs,
12                                       [PROPOSED] ORDER GRANTING MO-
                                         TION FOR FINAL APPROVAL OF CLASS
13            v.                         ACTION SETTLEMENT AND JUDGMENT

14 MERCHANT SERVICES, INC.; et al.,
                                         DATE:
15            Defendants.                JUDGE:  Hon. Claudia Wilken
                                         CTRM:  2, 4th Floor
16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan ("Plaintiffs" or "Class Representatives"); Defendants Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; and Alicyn Roy ("Merchant Services Defendants") and Defendant Fiona Walshe have moved the Court for final approval of a proposed class action settlement, the terms and conditions of which are set forth in the Amended Settlement Agreement filed with the Court on _____, 2013 (Dkt.# ___) ("Settlement Agreement").

Having considered all matters submitted to it at the hearing on the motion the and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1.      The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      The Court has jurisdiction over this case and over all claims raised therein and all Parties thereto.

3.      The Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

4.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class: all persons who, between March 26,

2006 and March 20, 2013, entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Merchant Services Defendants, except for (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) ~~all persons who, after cancelling their leasing services through any of the Merchant Services Defendants, enrolled with another leasing company in a new fixed-term lease for bankcard processing equipment; (4)~~ the Honorable Judge Claudia Wilken and any member of her immediate family; (5~~4~~) Antonio Piazza and any member of his immediate family; (6~~5~~) any government entity; (7~~6~~) any of the Released Parties; and/or (8~~7~~) any persons who timely opt out of the Settlement.

5.    For the purpose of this Settlement, the Court hereby finally certifies Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan as Class Representatives, and Gutride Safier LLP as Class Counsel.

6.    The Parties complied in all material respects with the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in section IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Litigation; the existence and terms of the Settlement Agreement; their rights to make claims, opt out, or object; and the matters to be decided at the Final Approval Hearing.  Further, the Notice Plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law including Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Merchant Services Defendants provided notice of the Settlement to the appropriate state and federal government officials and filed with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice").

7.     The Court has determined that full opportunity has been given to the members of the Settlement Class, and federal and state officials, to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses and incentive awards, and otherwise participate in the Final Approval Hearing held on [         ], 2013.  The Court has considered all submissions and arguments made at the final approval hearing objecting to the Settlement as well as the Parties' responses to those objections, and has determined, for all the reasons set forth in the Parties' responses, that none of the objections have any merit or warrant disapproval of the Settlement Agreement.  In addition, [       ].  All such objections to the Settlement are overruled.

8.     The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for all the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of an independent, well respected, and experienced mediator; the record was sufficiently developed and complete through meaningful discovery and motion proceedings to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; the Litigation involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this matter; the Settlement provides meaningful remedial and monetary benefits for the disputed claims; and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests.

9.     The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the Class Claims. The relief provided to the settling Class Members under the Settlement Agreement is appropriate as to the individual members of the settling Class and to the Class as a whole. All requirements of statute, rule, and Constitution necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Settlement Agreement in accordance with its terms.

10.     By operation of this Final Approval Order and Judgment, Plaintiffs on the one hand,

and the Released Parties (defined below) on the other hand, shall have unconditionally, completely, and irrevocably released and discharged released and forever discharged each other from and shall be forever barred from instituting, maintaining, or prosecuting any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, that Plaintiffs on the one hand, and Merchant Services Defendants and Fiona Walshe on the other hand, have had in the past, or now have, related in any manner to the Released Parties' products, services or business affairs, and any and all other claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Plaintiff on the one hand, and Merchant Services Defendants and Fiona Walshe on the other hand, have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.

11.   By operation of this Final Approval Order and Judgment, Settlement Class Members shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses of any kind whatsoever, including any known or unknown claims, which Plaintiffs or Class Members that actually were, or could have been, asserted in the Litigation that relate to the facts alleged in the Complaint.

12.   "Released Parties" means each of the Merchant Services Defendants; all of Merchant Services Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns, and legal representatives; and Fiona Walshe.  Even if they would otherwise be included in the above definition, "Released Parties" shall exclude Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source – LSI, LLC; Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian Fitzgerald; Sam Buono; MBF Merchant Capital, LLC; RBL Capital Group, LLC; William Healy; Jo-

seph I. Sussman; Joseph I. Sussman, P.C.; SKS Associates, LLC; Pushpin Holdings, LLC; Cu-cumber Holdings, LLC; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal repre-sentatives.

13.    Plaintiffs and Settlement Class Members shall, by operation of this Final Approval Order and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code § 1542, and any similar law of any state or territory of the United States or principle of common law.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

14.    Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

15.    No action taken by the Parties, either previously or in connection with the negotia-tions or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowl-edgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party.  Neither the Settlement Agreement nor any act performed or document exe-cuted pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Agreement, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Agreement, in any proceeding in any court, administrative agency, or other tribunal. Merchant Services De-fendants' and Fiona Walshe's agreement not to oppose the entry of this Final Approval Order shall not be construed as an admission or concession by Merchant Services Defendants or Fiona Walshe that class certification was appropriate in the Litigation or would be appropriate in any

other action.

16.     For the reasons stated in the separate Order on Class Counsel's Application for an award of attorneys' fees and costs and incentives, Merchant Services Defendants and Fiona Walshe shall pay Class Counsel $[        ] in fees and expenses and shall pay incentive awards as follows:

> Jerry Su and Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care, collectively: $_____
>
> Terry Jordan and Dietz Towing, Inc., collectively: $_____
>
> Volker Von Glasenapp $_____
>
> Verena Baumgartner d/b/a Burlingame Motors $_____

Such amounts shall be paid according to the terms of the Settlement Agreement.

17.     Except as provided in this Order, Plaintiffs shall take nothing against Merchant Services Defendants or Fiona Walshe by their Complaint, and final judgment shall be entered thereon, as set forth in this Order.

18.     Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement.

19.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

20.     There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.     The Litigation between plaintiffs and all defendants other than Merchant Services Defendants and Fiona Walshe shall continue.

**IT IS SO ORDERED** this _____ day of _____, 2013.

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HON. CLAUDIA WILKEN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

# EXHIBIT E

1   GUTRIDE SAFIER LLP
    ADAM J. GUTRIDE (State Bar No. 181446)
2   SETH A. SAFIER (State Bar No. 197427)
    KRISTEN SIMPLICIO (State Bar No. 263291)
3   835 Douglass Street
    San Francisco, California 94114
4   Telephone: (415) 336-6545
    Facsimile: (415) 449-6469
5

6

7   Attorneys for Plaintiffs

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 OAKLAND DIVISION

11   JUST FILM, INC.; et al.          CASE NO. 10-CV-01993-CW

12      Plaintiffs,

13                     UNDERTAKING RE: ATTORNEYS'
                       FEES AND COSTS
14         v.

15   MERCHANT SERVICES, INC.; et al.,

16      Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREAS**, Class Counsel (as defined in the Amended Settlement Agreement) along with their principals Adam Gutride and Seth Safier (collectively "Obligors" ) desire to give an undertaking for repayment of its award of attorney fees and costs ("Undertaking"), as is required by the ~~Settlement~~ Agreement,

**NOW, THEREFORE**, each of the undersigned Obligors, on behalf of themselves as individuals and as agents for their law firm Gutride Safier LLP, hereby submit themselves and Gutride Safier LLP to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking. Capitalized terms used herein without definition have the meanings given to them in the ~~Settlement~~ Agreement. The obligations of Obligors are joint and several.

In the event that the Final Approval Order is reversed or modified on appeal, in whole or in part, Obligors shall, within seven (7) days after the order reversing or modifying the Final Approval Order, in whole or in part, becomes final, repay the Claim Administrator the full amount of the attorneys' fees and costs paid by the Claim Administrator to Class Counsel, plus the amount of Interest that would have accrued had the monies remained in the Escrow Account rather than been paid to Gutride and Safier.

In the event the Final Approval Order is not reversed on appeal but the attorneys' fees and costs awarded by the Court are vacated or reduced on appeal, Obligors shall, within seven (7) days after the order vacating or modifying the award of attorney fees and costs becomes final, repay to the Claim Administrator the amount of the vacated or reduced attorneys' fees and costs that the Claim Administrator paid to Class Counsel plus the amount of Interest that would have accrued had that amount remained in the Escrow Account rather than been paid to Class Counsel.

In the event Obligors fail to repay the Claim Administrator any amounts that are owed to it pursuant to this Stipulated Undertaking, the Court shall, upon application of Merchant Services Defendants or the Claim Administrator and notice to Obligors, summarily issue orders, including but not limited to judgments and attachment orders against each Obligor, and may make appropriate findings for sanctions for contempt of court.  Any such judgments shall accrue Interest as set forth herein.

Each Obligor hereby pledges and grants a continuing security interest to Merchant Servies Defendants in all of his or its assets (collectively, "Assets") to secure the obligations set forth in this Undertaking, and hereby agrees to execute and deliver such further documentation and take such further action as Merchant Services Defendants may request in order to enforce their security interest.  "Assets" means all properties and assets of any nature, including, without limitation, the full extent of each Obligor's right, title and interest in and to the following property (whether now existing or hereafter arising or acquired, wherever located):

(1)  All present and future accounts, accounts receivable, agreements, contracts, leases, contract rights, rights to payment (including, without limitation, any award or other legally enforceable payment of attorneys' fees, costs, and expenses for services rendered), instruments, documents, chattel paper, security agreements, guaranties, letters of credit, undertakings, surety bonds, insurance policies, notes and drafts, and all forms of obligations owing to each Obligor or in which each Obligor may have any interest, however created or arising and whether or not earned by performance;

(2)  All goods and equipment now owned or hereafter acquired, including, without limitation, all machinery, fixtures, vehicles, and any interest in any of the foregoing, and all attachments, accessories, accessions, replacements, substitutions, additions, and improvements to any of the foregoing, wherever located;

(3)  All other contract rights and general intangibles now owned or hereafter acquired, including, without limitation, goodwill, trademarks, service marks, trade styles, trade names, patents, patent applications, leases, license agreements, purchase orders, customer lists, route lists, infringements, claims, computer programs, computer discs, computer tapes, literature, reports, catalogs, design rights, income tax refunds, payments of insurance and rights to payment of any kind;

(4)  All deposit accounts, securities, securities entitlements, securities accounts, investment property, letters of credit and certificates of deposit now owned or hereafter acquired and each Obligor's books relating to the foregoing; and

3

1

2          (5) Each Obligor's books and records relating to the foregoing and any and all claims,

3    rights and interests in any of the above and all substitutions for, additions and accessions to and

4    proceeds thereof.

5          Each Obligor agrees, as applicable, that he or it will not change its state of organization or

6    locations at which the Assets are located without giving Merchant Services Defendants at least

7    thirty (30) days prior written notice thereof.  In addition, Gutride Safier LLP agrees that it will not

8    (i) change its name, federal employer identification number, entity structure or identity, or (ii)

9    create or operate under any new fictitious name without giving Merchant Services Defendants at

10   least thirty (30) days prior written notice thereof.

11         Each Obligor hereby authorizes Merchant Services Defendants to file UCC financing

12   statements covering the Assets without Obligor's signature in all applicable jurisdictions.

13         In the event of a default by Obligors in their repayment obligations, the Obligors each

14   shall cooperate with Merchant Services Defendants in identifying their respective Assets and

15   shall take no steps to conceal any such Assets or otherwise render them unavailable to satisfy

16   their repayment obligations.

17         This Undertaking and all obligations set forth herein shall expire on the first day after

18   which the Final Approval and any Fee Award have been affirmed on appeal and are not subject to

19   further judicial review, or if no such appeal is filed, upon the expiration of the time in which to

20   bring such an appeal.

     ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1    ///

2    ///

3    ///

4          The undersigned stipulate, warrant and represent that they have both actual and apparent

5    authority to enter into this stipulation, agreement and Undertaking on behalf of their respective

6    law firm.  This Undertaking may be executed in one or more counterparts, each of which shall be

7    deemed an original but all of which together shall constitute one and the same instrument.

8    Signatures by facsimile shall be as effective as original signatures.  The undersigned declare

9    under penalty of perjury under the laws of the State of California that they have read and

10   understand the foregoing and that it is true and correct.

11
                                    ADAM GUTRIDE
12                                  GUTRIDE SAFIER LLP

13

14
     DATED: _____, 2013        _____
15                                 Adam Gutride, on behalf of himself and Gutride Safier LLP

16

17                                  SETH SAFIER
                                    GUTRIDE SAFIER LLP
18

19
     DATED: _____, 2013        _____
20                                 Seth Safier, on behalf of himself and Gutride Safier LLP

21

22

23

24

25

26

27

28

                                        5

# EXHIBIT F

**PRESS RELEASE/PUBLIC STATEMENT**

(Oakland, California)  Certain parties to a federal lawsuit here have [applied for/obtained] [preliminary/final] approval for a class action settlement involving agreements for bankcard processing services and leases for bankcard processing equipment.

The lawsuit alleges that a group of companies did not disclose the costs and length of their merchant processing and leasing agreements, unlawfully collected various fees, and made unlawful credit inquiries.  The lawsuit claims violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); Fair Credit Reporting Act ("FCRA"); and California state law.

Under the settlement, class members can apply for a payment of $400350, less any prior refunds they received.  Class members must have enrolled through one or more of the Settling Defendants (defined below) in an agreement for bankcard processing service and a lease for bankcard processing equipment between March 26, 2006 and March 20, 2013.  They are ineligible, however, if they continued to process or lease for more than sixty (60) days after the expiration of the initial term of their processing or lease agreement, or if they enrolled through another company in a new fixed term lease after cancelling a lease through any of the Settling Defendants..  Class members who wish to receive a payment also must

attest, under penalty of perjury, to certain items.  The settling Defendants also agreed to make various changes to their business practices.

The lawsuit was filed in March 2010 by several merchants, including Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Just Film, Inc., which has been dissolved; Volker Von Glasenapp; Jerry Su; Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan.

The Settling Defendants are Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe.

Settling Defendants deny any wrongdoing, and the Court has made no determinations regarding liability or damages. [United States District Judge Claudia Wilken granted preliminary/final approval of the settlement on _____.] [A final approval hearing for the settlement is scheduled for _____.]

The lawsuit will continue to go forward against other defendants that have not settled, including Northern Leasing Systems, Inc., MBF Leasing LLC, and SKS Associates, LLC.

Adam Gutride, one of the lawyers representing the class, said "We believe that our case against these Defendants is strong and that the merchants who are members of the class were defrauded.  However, there were serious risks that we would be unable to recover any compensation for class members.  We believe that this settlement is a fair result, and we urge class members to participate."

According to Cary Sullivan, one of the attorneys representing the Settling Defendants, "We do not believe there is any merit to the claims brought in the lawsuit, as evidenced by, among other things, thousands of audio recordings in which merchants expressly confirmed their awareness of and consent to the price point and length of their contracts, and we believe our clients' business practices fully complied with all applicable laws at all times.  Nevertheless, because of the expense and burden of litigation, we believe resolving this matter through settlement is in the best interests of our clients."

# EXHIBIT 3

1  GUTRIDE SAFIER LLP
   ADAM J. GUTRIDE (State Bar No. 181446)
2  SETH A. SAFIER (State Bar No. 197427)
   KRISTEN SIMPLICIO (State Bar No. 263291)
3  835 Douglass Street
   San Francisco, California 94114
4  Telephone: (415) 336-6545
   Facsimile: (415) 449-6469
5
6  Attorneys for Plaintiffs
7                    UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA
9                         OAKLAND DIVISION
10
   JUST FILM, INC.; et al.                 CASE NO. 10-CV-01993-CW
11
            Plaintiffs,
12                                          [PROPOSED] ORDER GRANTING MO-
                                            TION FOR PRELIMINARY APPROVAL
13          v.                              OF CLASS ACTION SETTLEMENT
14  MERCHANT SERVICES, INC.; et al.,
                                            DATE:
15          Defendants.                     JUDGE:   Hon. Claudia Wilken
                                            CTRM: 2, 4th Floor
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-

Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan ("Plaintiffs" or "Class Representatives") have moved the Court for preliminary approval of a proposed class action settlement, the terms and conditions of which are set forth in the Amended Settlement Agreement filed with the Court on June 6, 2013 (Dkt.# ___) ("Settlement Agreement"). Defendants Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; and Alicyn Roy ("Merchant Services Defendants") and Defendant Fiona Walshe do not oppose the motion for preliminary approval.

Having considered all matters submitted to it at the hearing on the motion the and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1.    The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2.    The Court preliminarily approves the Settlement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3.    For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of all persons who, between March 26, 2006 and March 20, 2013, entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Merchant Services Defendants, except for (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3)  the Honorable Judge Claudia Wilken and any member of her immediate family; (4) Antonio Piazza and any member of his immediate family; (5) any government entity; (6) any of the Released Parties; and/or (7) any persons who timely opt out of the Settlement.

4.    The Court preliminarily finds, solely for purposes of considering this Settle-

ment, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative is typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5.     The Court conditionally designates the law firm of Gutride Safier LLP as Class Counsel and Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan as Class Representatives for purposes of this Settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.  The Court designates, and approves, Kurtzman Carson Consultants, LLC to serve as Claims Administrator.

6.     Not later than August 1, 2013 [49 days before final approval hearing], Representative Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs and incentive awards to the Representative Plaintiff.

7.     A Final Approval Hearing shall be held before this Court at 1:30 p.m. on September 19, 2013, at the United States District Court for the Northern District of California, Oakland Division, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and incentive awards should be approved

8.     The Court approves, as to form and content, the Claim Form and the Notice, substantially similar to the forms attached as Exhibits A and B to the Settlement Agreement. The parties shall have discretion to jointly make non-material minor revisions to the notice before mailing.  Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed the Claim Administrator, subject to the oversight of

the parties and this Court described in the Settlement Agreement.

9.    A settlement website shall be operative no later than the Notice Date.  The settlement website shall contain downloadable copies of this Preliminary Approval Order, the Notice, the Settlement Agreement, the Claim Form, and, when filed, Class Counsel's application for attorneys' fees, costs, and incentive awards. The settlement website shall also contain appropriate links through which Settlement Class Members can submit online requests to opt out of the class.

10.    Within twenty-one (21) days after this Preliminary Approval Order is entered, Notice will be provided by mail to all Settlement Class Members for whom an address is known to any of the parties, as is set forth in section IV of the Settlement Agreement.

11.    The Court finds that the parties' plan for providing notice to the Settlement Class (the "Notice Plan") described in section IV of the Settlement Agreement is the best practicable notice in the circumstances and is reasonably calculated to provide notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

12.    Any member of the Settlement Class who desires to submit a claim must mail to the Claim Administrator or submit online, pursuant to the instructions set forth in the Notice and on the settlement website, a timely and valid Claim Form, received (not postmarked) no later than 30 days after Final Approval is issued.

13.    Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit an online request for exclusion by August 22, 2013 [28 days prior to Final Approval Hearing] or mail to the Claim Administrator, pursuant to the instructions set forth in the Notice and on the settlement website, a timely and valid written request for exclusion, received (not postmarked) no later than August 22, 2013 [28 days prior to Final Approval Hearing].  No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settle-

ment Class as a group, class, or in the aggregate unless such person has been appointed by a court of competent jurisdiction to represent that group, class or aggregation.

14.   At least fifteen (15) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiff's Counsel shall file that list with the Court.  The Court retains jurisdiction to resolve any disputed exclusion requests.

15.   Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the Action.

16.   Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court (and, if not filed through the Electronic Case Filing system, serve upon the Claim Administrator at the address set forth in the Class Notice) a written objection to the Settlement ("Objection"). The Objection must satisfy the requirements set forth in section 7.4 of the Settlement Agreement and must be filed and served, not postmarked, no later than August 22, 2013 [28 days prior to Final Approval Hearing]. Any Settlement Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the Settlement.

17.   Any Class Member who wishes to appear at the Final Approval Hearing must file a notice of his or her intention to do so with the Court (and, if not filed through the Electronic Case Filing system, serve the notice upon the Claim Administrator at the address set forth in the Class Notice) no later than August 22, 2013 [28 days prior to Final Approval Hearing].

18.   Any federal or state official who wishes to object to this settlement or intervene in Action must file, not postmark, all relevant documents with the Court and contemporaneously serve them upon Class Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's

counsel at the addresses set forth in the Class Notice by August 22, 2013 [28 days prior to Final Approval Hearing].  Any lawyer who wishes to appear on behalf of any such federal or state official at the Final Approval Hearing must file and serve, not postmark, a notice of appearance by August 22, 2013 [28 days prior to Final Approval Hearing].  Within 14 days of this Order, Merchant Services Defendants shall serve a copy of this Order on all federal and state officials to whom notice of settlement is required by the Class Action Fairness Act.

19.    The Parties shall file their motions for Final Approval no later than August 1, 2013 [49 days prior to Final Approval Hearing] and their reply in support of that motion and responses to any objections and requests to intervene no later than September 5, 2013 [14 days prior to Final Approval Hearing].

20.    In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

21.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by Order of the Court.  The Claim Administrator shall post on the Settlement Website the dates and deadlines set forth in this Order and shall revise that posting if the dates or deadlines are subsequently modified by the Court.

**IT IS SO ORDERED** this _____ day of _____, 2013.

1

2
_____
HON. CLAUDIA WILKEN
3
CHIEF JUDGE
UNITED STATES DISTRICT COURT
4
IRI-51896v1
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28