1  GUTRIDE SAFIER LLP
   ADAM J. GUTRIDE (State Bar No. 181446)
2  SETH A. SAFIER (State Bar No. 197427)
   KRISTEN SIMPLICIO (State Bar No. 263291)
3  835 Douglass Street
4  San Francisco, California 94114
   Telephone: (415) 336-6545
5  Facsimile: (415) 449-6469

6  Attorneys for Plaintiffs

7                 UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9                        OAKLAND DIVISION

10

11 JUST FILM, INC.; et al.                      CASE NO. 10-CV-01993-CW

12         Plaintiffs,

13         v.                                   [PROPOSED] ORDER GRANTING
                                                MOTION FOR PRELIMINARY
                                                APPROVAL OF CLASS ACTION
14 MERCHANT SERVICES, INC.; et al.,             SETTLEMENT

15         Defendants.                          DATE:
                                                JUDGE:   Hon. Claudia Wilken
16                                              CTRM:  2, 4th Floor

17

18

19

20         Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing,

21 Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry

22 Jordan ("Plaintiffs" or "Class Representatives") have moved the Court for preliminary approval

23 of a proposed class action settlement, the terms and conditions of which are set forth in the

24 Amended Settlement Agreement filed with the Court on June 6, 2013 (Dkt.# 519) ("Settlement

25 Agreement").  Defendants Merchant Services, Inc.; National Payment Processing, Inc.; Universal

26 Merchant Services LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric

27 Madura; and Alicyn Roy ("Merchant Services Defendants") and Defendant Fiona Walshe do not

28 oppose the motion for preliminary approval.

Having considered all matters submitted to it at the hearing on the motion the and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. The Court preliminarily approves the Settlement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3. For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of all persons who, between March 26, 2006 and March 20, 2013, entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Merchant Services Defendants, except for (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) the Honorable Judge Claudia Wilken and any member of her immediate family; (4) Antonio Piazza and any member of his immediate family; (5) any government entity; (6) any of the Released Parties; and/or (7) any persons who timely opt out of the Settlement.

4. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representative is typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5. The Court conditionally designates the law firm of Gutride Safier LLP as Class Counsel and Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz

Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan as Class Representatives for purposes of this Settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.  The Court designates, and approves, Kurtzman Carson Consultants, LLC to serve as Claims Administrator.

6. Not later than August 29, 2013 [49 days before final approval hearing], Representative Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs and incentive awards to the Representative Plaintiff.

7. A Final Approval Hearing shall be held before this Court at 2:00 p.m. on October 17, 2013, at the United States District Court for the Northern District of California, Oakland Division, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and incentive awards should be approved

8. The Court approves, as to form and content, the Claim Form and the Notice, including in the short-form and long-form versions thereof, substantially similar to the forms attached hereto as Exhibits A and B.[1]  The parties shall have discretion to jointly make non-material minor revisions to the notice before mailing.  The parties shall also ensure that all placeholders and blanks are fully and accurately completed prior to mailing.  Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed the Claim Administrator, subject to the oversight of the parties and this Court described in the Settlement Agreement.

9. A settlement website shall be operative no later than the Notice Date.  The settlement website shall contain downloadable copies of this Preliminary Approval Order, the Notice, the Settlement Agreement, the Claim Form, and, by the same date that it is filed with the Court, Class Counsel's application for attorneys' fees, costs, and incentive awards.  The

---

[1] The Court has modified the proposed Claim Form and Notice submitted by the parties and attaches the approved form to this Order.

settlement website shall also contain appropriate links through which Settlement Class Members can submit online requests to opt out of the class.

10. Within twenty-one (21) days after this Preliminary Approval Order is entered, Notice will be provided by mail to all Settlement Class Members for whom an address is known to any of the parties, as is set forth in section IV of the Settlement Agreement.

11. The Court finds that the parties' plan for providing notice to the Settlement Class (the "Notice Plan") described in section IV of the Settlement Agreement is the best practicable notice in the circumstances and is reasonably calculated to provide notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

12. Any member of the Settlement Class who desires to submit a claim must mail to the Claim Administrator or submit online, pursuant to the instructions set forth in the Notice and on the settlement website, a timely and valid Claim Form, received (not postmarked) no later than 30 days after Final Approval is issued.

13. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit an online request for exclusion by September 19, 2013 [28 days prior to Final Approval Hearing] or mail to the Claim Administrator, pursuant to the instructions set forth in the Notice and on the settlement website, a timely and valid written request for exclusion, received (not postmarked) no later than September 19, 2013 [28 days prior to Final Approval Hearing].  No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate unless such person has been appointed by a court of competent jurisdiction to represent that group, class or aggregation.

14. At least fifteen (15) days prior to the hearing on Final Approval, the Claim

Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiff's Counsel shall file that list with the Court.  The Court retains jurisdiction to resolve any disputed exclusion requests.

15. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the Action.

16. Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement. Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member must file with the Court (and, if not filed through the Electronic Case Filing system, serve upon the Claim Administrator at the address set forth in the Class Notice) a written objection to the Settlement ("Objection"). The Objection must satisfy the requirements set forth in section 7.4 of the Settlement Agreement and must be filed and served, not postmarked, no later than September 19, 2013 [28 days prior to Final Approval Hearing]. Any Settlement Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the Settlement.

17. Any Class Member who wishes to appear at the Final Approval Hearing must file a notice of his or her intention to do so with the Court (and, if not filed through the Electronic Case Filing system, serve the notice upon the Claim Administrator at the address set forth in the Class Notice) no later than September 19, 2013 [28 days prior to Final Approval Hearing].

18. Any federal or state official who wishes to object to this settlement or intervene in Action must file, not postmark, all relevant documents with the Court and contemporaneously serve them upon Class Counsel, Merchant Services Defendants' Counsel, and Fiona Walshe's counsel at the addresses set forth in the Class Notice by September 19, 2013 [28 days prior to Final Approval Hearing].  Any lawyer who wishes to appear on behalf of any such federal or state official at the Final Approval Hearing must file and serve, not postmark, a notice of appearance

by September 19, 2013 [28 days prior to Final Approval Hearing]. Within 14 days of this Order, Merchant Services Defendants shall serve a copy of this Order on all federal and state officials to whom notice of settlement is required by the Class Action Fairness Act.

19. The Parties shall file their motions for Final Approval no later than August 29, 2013 [49 days prior to Final Approval Hearing] and their reply in support of that motion and responses to any objections and requests to intervene no later than October 3, 2013 [14 days prior to Final Approval Hearing].

20. In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

21. The Court may, for good cause, extend any of the deadlines set forth in this Order without further direct notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further direct notice to the Settlement Class Members, be continued by Order of the Court. The Claim Administrator shall post on the Settlement Website the dates and deadlines set forth in this Order and shall revise that posting if the dates or deadlines are subsequently modified by the Court.

**IT IS SO ORDERED** this 24th day of June, 2013.

_____
HON. CLAUDIA WILKEN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

IRI-51896v1