**Attention customers of:
Merchant Services, Inc.; National Payment Processing, Inc.;
Universal Merchant Services, LLC; And Universal Card, Inc.:**

**If you processed bankcard transactions and were enrolled in a lease for bankcard processing equipment between March 26, 2006 and March 20, 2013, you could get a payment from a class action settlement.**

**This notice may affect your rights.  Please read it carefully.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit.  Records show that you may be a class member.  As a class member, you have the right to know about the proposed settlement, and your options, before the Court decides whether to approve the settlement.

- The proposed class action settlement will resolve a lawsuit over whether Merchant Services, Inc. and affiliated entities misled customers when enrolling them in agreements for bankcard processing services and leases, or took other inappropriate action.

- Each member of the class who submits a valid claim form will receive up to $350.

- The two sides disagree on how much money could have been won if class members won a trial.

- The lawyers who brought the lawsuit will separately ask the Court for up to $990,000 to be paid separately by the Settling Defendants, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The Only Way To Get Payment |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Settling Defendants, about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

EXHIBIT B1: LONG FORM NOTICE

**Contents**

[Clickable table of contents linking to bold paragraph headings]

**How Do I Know If I Am Affected By The Settlement?**

For purposes of settlement only, the Court has certified a settlement class. You are a member of the Settlement Class if, between March 26, 2006 and March 20, 2013, you entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through the one or more of the Settling Defendants (defined below). However, the Settlement Class excludes (1) all persons or companies who remained in a bankcard processing agreement through any of the Settling Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons or companies who continued to lease bankcard processing equipment through any of the Settling Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) the Honorable Judge Claudia Wilken and any member of her immediate family; (4) Antonio Piazza and any member of his immediate family; (5) any government entity; (6) any of the Released Parties; and (7) any persons who timely opt out of the Settlement Class. You are not a member of the Settlement Class if you fall into one of these exclusions.

If you are a member of the Settlement Class, you will be bound by the settlement and judgment in this case, unless you request to be excluded, by following the procedures set forth below.

**What Is The Lawsuit About?**

The settlement resolves claims in a lawsuit against Merchant Services, Inc. and affiliated companies, and certain of their officers, employees, and current and former independent contractors. The lawsuit is called *Just Film, Inc., et al. v. Merchant Services, Inc., et al.,* Case No. 4:10-cv-01993-CW, and is pending in the United States District Court in the Northern District of California. The lawsuit is continuing to go forward against all other entities and individuals.

EXHIBIT B1: LONG FORM NOTICE

The companies and individuals who are participating in the settlement are Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe (collectively, "Settling Defendants").

The lawsuit is continuing against Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Sam Buono; and SKS Associates, LLC (collectively, "Northern Leasing Defendants.")

The lawsuit was filed in March 2010 by several merchants and their owners or personal guarantors.  The Plaintiffs' names are:  Rainbow Business Solutions d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Just Film, Inc., which has been dissolved; Volker Von Glasenapp; Jerry Su; Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan (collectively, "Plaintiffs").

In the lawsuit, Plaintiffs allege that Settling Defendants do business under the name "Merchant Services" and misleadingly state or imply that they are affiliates of other companies. Plaintiffs allege that Settling Defendants enrolled merchants in bankcard processing agreements with banks and processors such as Transfirst LLC, Chase Paymentech, and FirstData.  Plaintiffs further allege that Settling Defendants enrolled merchants in leases for bankcard processing equipment with MBF Leasing, LLC and Northern Leasing Systems, Inc.  Plaintiffs allege that Settling Defendants misrepresented and omitted the costs, term, early termination penalties, and other provisions of the processing agreements and leases and unlawfully collected commissions, cancellation fees and other amounts via automatic withdrawals from merchant bank accounts. Plaintiffs also allege that Settling Defendants forged signatures and modified contracts and authorization forms for electronic debits after those contracts and forms had been signed. Plaintiffs additionally contend that Settling Defendants' sales practices violated rules of MasterCard.  Plaintiffs further assert that if customers defaulted on payment, Settling Defendants engaged in improper collection efforts by making unlawful credit inquiries on the personal credit reports of the personal guarantors who signed the agreements.  Plaintiffs allege that many of the

EXHIBIT B1: LONG FORM NOTICE

credit inquiries appeared with the trade line "Universal Merchant Services." Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Fair Credit Reporting Act ("FCRA"); fraud, deceit and/or misrepresentation; negligent misrepresentation; conversion; breach of contract; breach of the duty of good faith; false advertising under California Business and Professions Code sections 17500, *et seq.*; unfair business practices under California Business and Professions Code sections 17200, *et seq.*

Settling Defendants deny that there is any factual or legal basis for Plaintiffs' allegations. By way of example, Settling Defendants produced thousands of audio recordings that they contend conclusively establish that merchants were aware of and consented to the price point and length of their contracts. Settling Defendants deny any liability and deny that Plaintiffs or any other members of the Settlement Class have suffered injury or are entitled to monetary or any other relief. Settling Defendants also deny that this case can be certified as a class action, except for purposes of settlement.

The Court has not determined whether Plaintiffs or Settling Defendants are correct.

**Why Is This Case Being Settled?**

In the lawsuit, Plaintiffs sought to obtain repayment of all monies paid by Settlement Class members to Settling Defendants, Northern Leasing Defendants, and associated companies, for credit card processing and leasing services. Plaintiffs also sought statutory damages of $1000 per violation under FCRA for unlawful accessing of consumer credit reports. Plaintiffs further sought treble damages and punitive damages, which could increase the amount of money by a factor of three or more.

Plaintiffs' counsel believes, however, that they are exceedingly unlikely to win all the amounts sought for, at least, the following reasons. First, it is not clear that the case can proceed as a class action. Settling Defendants have argued, among other things, that there were no common sales scripts or marketing materials, that each merchant experiences a unique sales presentation, and that Settlement Class members knowingly enrolled in processing services and leases for a variety of individualized reasons. Second, even if the case goes forward as a class

EXHIBIT B1: LONG FORM NOTICE

action, it would be difficult to prove that Settling Defendants' conduct violated the law. For example, it is not clear that FCRA prohibits credit inquiries on a personal guarantor or that Plaintiffs can prove any RICO violation based on Settling Defendants' alleged failure to follow rules imposed by MasterCard, or that Settling Defendants violated any such rules. Third, even if legal violations were proven, it would be difficult to prove damages, because Settling Defendants argue that customers paid *less* for the bankcard processing and equipment they received than they would have paid elsewhere. Settling Defendants also contend that they cannot be required to refund amounts paid by Settlement Class members to the Northern Leasing Defendants. Finally, even if a class were certified or damages were awarded, there is a likelihood that Settling Defendants would appeal, placing the ultimate outcome in further doubt and causing further delay.

The Parties have conducted substantial investigation of Settling Defendants' business practices, as well as the business practices of the Northern Leasing Defendants and other companies who provide bankcard processing or leasing services in association with Settling Defendants. Settling Defendants have produced more than 300,000 pages of documents, which Plaintiffs' counsel reviewed. Plaintiffs also have obtained and reviewed more than 1 million pages of documents and 30 GB of databases from the Northern Leasing Defendants and non-parties. In addition, the Parties have taken depositions of 18 witnesses. The Parties also have exchanged written responses, under oath, to questions posed by other Parties.

The Parties are not aware of any other pending lawsuits against the Settling Defendants that seek class action relief for any of the issues raised in this lawsuit.

In November 2012 and March 2013, Plaintiffs and Settling Defendants participated in all-day mediation sessions in San Francisco, California with Antonio Piazza of Mediated Negotiations. As a result of the mediations, the Plaintiffs and Settling Defendants reached a settlement. (Plaintiffs did not reach a settlement with the Northern Leasing Defendants.)

Plaintiffs and Plaintiffs' Counsel, after taking into account the foregoing issues along with the other risks and costs of further litigation, are satisfied that the terms and conditions of

EXHIBIT B1: LONG FORM NOTICE

the proposed settlement are fair, reasonable, adequate and equitable, and that a settlement of the Litigation, as it concerns the Settling Defendants, and the prompt provision of effective relief to the Settlement Class are in the best interest of the Settlement Class Members.

**What Can I Get In The Settlement?**

If you are a Settlement Class member and you file a Valid Claim (as described below), you will receive a check for $350. This amount will be reduced by any cash or cash-equivalent reimbursement that you were previously paid by any of the Settling Defendants as a result of a previous complaint you made to any of the Settling Defendants about the price point and/or length of your equipment lease and/or processing agreement.

**How Do I Make A Claim?**

To make a Valid Claim, you must fill out, and timely return, a Claim Form, in which you swear under penalty of perjury that either you were not aware of, or you did not agree to, fees or terms of the processing contract and/or equipment lease.

The Claim Form is available on the Settlement Website, www.justfilmsettlement.com, or you may request a copy from the Claim Administrator. The Claim Form may be submitted online at the Settlement Website, or you may print and mail it to the Claim Administrator at: [address]. **CLAIM FORMS MUST BE RECEIVED, NOT JUST POST MARKED, BY [30 days after scheduled final approval hearing].**

**When Will I Get Paid?**

As discussed below, the Court will hold a hearing on October 17, 2013, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**What Do Plaintiffs And Their Lawyers Get?**

To date, Plaintiffs' Counsel has not been compensated for any of its work on this case. Plaintiffs' Counsel estimates that its lawyers have spent more than 5000 hours litigating this case. In addition, Plaintiffs' Counsel has paid out-of-pocket expenses (including fees to expert

EXHIBIT B1: LONG FORM NOTICE

witnesses, deposition transcript fees, court reporter fees, filing fees, service costs, copying costs, and travel expenses) of more than $100,000. None of these expenses has yet been reimbursed. As part of the settlement, Plaintiffs' Counsel may apply to the Court to award them up to $990,000 to pay their attorneys' fees, costs, and expenses.

In addition, the named Plaintiffs in this case may apply to the Court for incentive awards of up to $8,750 each, for a combined total of up to $35,000. These incentives are designed to compensate the named Plaintiffs for the time, effort and risks they undertook in pursuing this Litigation, including producing their documents and being deposed under oath.

Plaintiffs and Plaintiffs' Counsel will file a motion with the Court on or before [42 days before final approval hearing] in support of their applications for attorneys' fees, costs and expenses and incentive awards. A copy of that motion will be available on the Settlement Website at www.justfilmsettlement.com.

Under the Parties' settlement agreement, the award of attorneys' fees, costs, and expenses is subject to a "quick-pay" provision, meaning that it will be paid to Plaintiffs' Counsel within seven (7) days of Final Approval of the settlement. If Final Approval of the settlement is later reversed on appeal, Plaintiffs' Counsel will be required to repay to Settling Defendants the previously awarded fees, costs and expenses, plus interest.

The Court will determine the amount of fees, costs, expenses, and incentives to award, up to the limits set forth above.

**What Claims Are Released By The Settlement?**

The settlement releases all claims by Settlement Class members against the Released Parties that were or could have been asserted in this lawsuit and that are related in any manner to the allegations set forth in the lawsuit. This release includes claims that may not yet be known or suspected.

The Released Parties are the all of the Settling Defendants, and all of Settling Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors, agents, assigns, and legal representatives, but excluding the Non-Released Parties. The Non-

Released Parties are the Northern Leasing Defendants; Golden Eagle Leasing LLC; Lease Source –LSI, LLC; Lease Finance Group, LLC; Brian Fitzgerald; RBL Capital Group, LLC; William Healy; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal representatives.

For further information, please see Section 8.3 of the Settlement Agreement.

**How Do I Exclude Myself From The Settlement?**

You can exclude yourself from the Settlement Class if you want to be able to sue any defendant separately for the claims released by the settlement. If you exclude yourself, you cannot file a claim or object to the settlement.

To exclude yourself, you must complete and submit the online opt-out form at the Settlement Website or mail a request to opt out of the settlement to the Claim Administrator,[address]. (An exclusion request can also be submitted on your behalf by your attorney, trustee, or legal representative.) The exclusion request must contain your name, address, the words "I wish to be excluded from the Just Film Class Action Settlement," and your signature.

If submitted online, exclusion requests must be made by [28 days before Final Approval Hearing]. Exclusion requests submitted by mail must be *received* by the Claim Administrator (not postmarked) by [28 days before Final Approval Hearing].

**How Do I Object To The Settlement?**

If you're a Class member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file papers with the Court stating what you don't like about the settlement. If you object to the settlement, you also can ask to appear to address the Court at the Final Approval Hearing, discussed in the next section, or you can hire your own attorney to appear at your own expense.

EXHIBIT B1: LONG FORM NOTICE

All objections and requests to appear must include the following information:

(1) your name, address and telephone number;

(2) the name and number of this case: *Just Film, Inc., et al. v. Merchant Services, Inc., et al.*, N.D. Cal. Case No. 4:10-cv-01993-CW;

(3) documents or testimony sufficient to show that you are a member of the Settlement Class; and

(4) the reasons for your objection.

You must file the documents by mailing them or having them delivered to the Clerk's Office, United States District Court for the Northern District of California, 1301 Clay St., Suite 400 S, Oakland, CA 94612. (Attorneys registered to use the electronic filing system must file documents through ecf.cand.uscourts.gov.) The documents must be received by the Clerk (not postmarked) is [28 days before Final Approval Hearing].

If you file an objection, notice of intent to appear or any other papers by delivering them to the Clerk's Office (other than papers filed through the electronic filing system), you must also mail copies of those papers to the Just Film v. Merchant Services Claim Administrator, [address].

**When Will The Court Decide If The Settlement Is Approved?**

The Court will hold a Final Approval hearing on [hearing date] to consider whether the settlement is fair, reasonable and adequate and if it should be approved. The Final Approval hearing will be held before Chief Judge Claudia Wilken in Courtroom 2, 4th Floor, 1301 Clay St., Oakland, CA 94612. The hearing is open to the public. You may attend, but you don't have to. However, only persons who have filed a request to appear at the hearing, as set forth in the above section, may actually address the Court. The date or time of the Final Approval hearing may change, and the new date and time will be posted on the Settlement Website, but you will not be sent further direct notice of the change.

After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

EXHIBIT B1: LONG FORM NOTICE

**What Happens if I Do Nothing At All?**

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants about the legal issues in this case, ever again.

**How Do I Get More Information?**

You can inspect many of the court documents connected with this case on the Settlement Website. Other papers filed in this lawsuit are available through PACER, the online service for the United States District Courts, at www.pacer.gov.

You can also obtain additional information by contacting Plaintiffs' Counsel at *Just Film, Inc., et al. v. Merchant Services, Inc., et al.* Settlement, Gutride Safier LLP, P.O. Box 460823, San Francisco, CA 94146 or the Claim Administrator at [address].

Do not call or contact the Court concerning this notice, the settlement or the lawsuit.

IRI-51894v1