1   JONES DAY
    Thomas R. Malcolm (State Bar No. 39248)
2   trmalcolm@jonesday.com
    Cary D. Sullivan (State Bar No. 228527)
3   carysullivan@jonesday.com
    3161 Michelson Drive, Suite 800
4   Irvine, California  92612
    Telephone:  (949) 851-3939
5   Facsimile:  (949) 553-7539

6   Brian Hershman (State Bar No. 168175)
    bhershman@jonesday.com
7   555 South Flower Street
    Fiftieth Floor
8   Los Angeles, California  90071
    Telephone:  (213) 489-3939
9   Facsimile:  (213) 243-2539

10  Attorneys for defendants Merchant Services, Inc.,
    Universal Card, Inc., National Payment Processing, Inc.,
11  Jason Moore, Eric Madura, Nathan Jurczyk, Robert Parisi,
    Alicyn Roy, and Universal Merchant Services, LLC

12  (Additional counsel listed on signature page)

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                    OAKLAND DIVISION

17  RAINBOW BUSINESS SOLUTIONS,            Case No. CV 10-01993 CW
    D/B/A PRECISION TUNE AUTO CARE;
18  BURLINGAME MOTORS, INC.; DIETZ         SETTLING DEFENDANTS'
    TOWING, INC.; THE ROSE DRESS, INC.;    POSITION STATEMENT
19  VOLKER VON GLASENAPP; JERRY SU;        REGARDING FINAL APPROVAL OF
    VERENA BAUMGARTNER; TERRY              CLASS ACTION SETTLEMENT
20  JORDAN; ERIN CAMPBELL; AND
    LEWIS BAE on behalf of themselves, the
21  general public and those similarly situated,

22         Plaintiffs,

23         v.

24

25  MERCHANT SERVICES, INC.;
    NATIONAL PAYMENT PROCESSING;
26  UNIVERSAL MERCHANT SERVICES
    LLC; UNIVERSAL CARD, INC.; JASON
27  MOORE; NATHAN JURCZYK; ROBERT
    PARISI; ERIC MADURA; FIONA
28

    ─────────────────────────────────────────────
    SETTLING DEFENDANTS' POSITION STATEMENT REGARDING FINAL APPROVAL
                              1

1   WALSHE; ALICYN ROY; MBF LEASING
2   LLC; NORTHERN FUNDING LLC;
    NORTHERN LEASING SYSTEMS, INC.;
3   GOLDEN EAGLE LEASING LLC; LEASE
    SOURCE-LSI, LLC; LEASE FINANCE
4   GROUP, LLC; JAY COHEN; LEONARD
    MEZEI; SARA KRIEGER; BRIAN
5   FITZGERALD; SAM BUONO; MBF
    MERCHANT CAPITAL, LLC; RBL
6   CAPITAL GROUP, LLC; WILLIAM
7   HEALY; JOSEPH I. SUSSMAN; JOSEPH I.
    SUSSMAN, P.C.; AND SKS ASSOCIATES,
8   LLC,

9              Defendants.

10  AND RELATED ACTIONS.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SETTLING DEFENDANTS' POSITION STATEMENT REGARDING FINAL APPROVAL

1  **I.     INTRODUCTION**

2      This preliminarily approved settlement is part of a putative class action that has been

3  pending for nearly four years.  During that time, the parties[1] conducted substantial discovery,

4  including the production of more than 1 million pages of documents and 30GB of electronic data,

5  and approximately 30 depositions.  Following completion of discovery, the parties engaged in a

6  comprehensive mediation before Antonio Piazza, one of the most accomplished and respected

7  mediators in the business.  After two full-day mediation sessions with Mr. Piazza, and after taking

8  into account a number of suggestions from the Court, the parties reached a proposed settlement

9  that is "fair, reasonable, and adequate" within the meaning of Federal Rule of Civil Procedure

10  23(e).  Indeed, the Court found that the settlement is fair and reasonable, and the result of arms-

11  length negotiations, when it preliminarily approved the settlement on June 24, 2013.  Numerous

12  other factors also strongly favor the settlement, including the risks of further litigation and the

13  informed opinion of experienced counsel on all sides who have negotiated and approved it based

14  upon their views of the strengths and weaknesses of the claims and defenses.

15      Following preliminary approval, the settling parties complied with the notice requirements

16  established by the Court.  The settling parties hired an experienced claims administrator to

17  administer the claims process.  The administrator sent notice to the 7,366 settlement class

18  members.  And it is clear the notice reached the class members; there were 2,276 visits to the

19  settlement website as of November 29, 2013.  Despite service of the requisite notice and

20  substantial activity on the settlement website, only 344 claims were submitted as of November

21  29, 2013.  Significantly, however, ***no one objected and only one class member opted out***, further

22  confirming that the settlement is fair and reasonable.

23      Notwithstanding the parties' compliance with the notice requirements and the lack of *any*

24  objections, the Court indicated at the final approval hearing that it was considering whether to

25  deny final approval based on the relatively low number of claims submitted.  In doing so, the

26  Court did not suggest that the reasons for granting preliminary approval were not satisfied.  To

27

28

[1] The settling defendants are Merchant Services, Inc.; National Payment Processing, Inc.; Universal Merchant Services, LLC; Universal Card, Inc.; Jason Moore; Nathan Jurczyk; Robert Parisi; Eric Madura; Alicyn Roy; and Fiona Walshe.

SETTLING DEFENDANTS' POSITION STATEMENT REGARDING FINAL APPROVAL
2

1  the contrary, all of the factors that bear on final approval are still present.  Rather, the Court

2  indicated that it was considering denying final approval solely because the ratio of likely class

3  recovery to *requested* attorney's fees is disproportionate.  As discussed below, denying final

4  approval because few class members elected to submit claims such that the amount of requested

5  attorney's fees may be excessive is both unfair to the settling defendants and would constitute an

6  abuse of discretion.  The settling defendants urge the Court to grant final approval.

7  **II.      THE COURT SHOULD GRANT FINAL APPROVAL**

8       **A.      Applicable Standards**

9       Federal law strongly favors and encourages settlements, especially in class actions.  *See*

10  *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989).  When considering approval of a

11  class settlement, the Court should give due regard to "what is otherwise a private consensual

12  agreement negotiated between the parties" and must therefore limit the inquiry "to the extent

13  necessary to reach a reasoned judgment that the agreement is not the product of fraud or

14  overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

15  whole, is fair, reasonable and adequate to all concerned."  *See Officers for Justice v. Civil Svc.*

16  *Comm'n of City and Cnty of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

17       To approve a proposed settlement under Rule 23(e), the Court must find that the proposed

18  settlement is "fair, adequate and reasonable," recognizing that "it is the settlement taken as a

19  whole, rather than the individual component parts, that must be examined for overall fairness."

20  *See Staton v. Boeing Co.*, 327 F.3d 938, 960 (internal citation and quotations omitted).  The Ninth

21  Circuit has identified several factors courts should consider in making this determination:  (1) the

22  strength of the case; (2) the size of the claims and amount offered to settle them; (3) the risk,

23  expense, complexity, and likely duration of further litigation; (4) the stage of the proceedings,

24  (5) whether the class has been fairly and adequately represented during settlement negotiations by

25  experienced counsel; and (6) the reaction of the class to the proposed settlement. *Hanlon v.*

26  *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  As set forth below, all of these factors are

27  met and weigh heavily in support of final approval here.

28

---

## B.  All Of The Relevant Criteria For Final Approval Have Been Met

As set forth in the final approval briefing, all of the factors courts consider at the final approval stage have been satisfied and weigh heavily in favor of final approval.  *First*, the settling parties have evaluated the merits of plaintiffs' claims and understand the serious risks associated with continued litigation.  Plaintiffs' counsel have assessed the strength of the case and believe that the settlement is fair and reasonable, in the best interests of the class, and should be finally approved by the Court.  This is particularly true given the claims and affirmative defenses the settling defendants would pursue both as to the merits and as to certification if litigation were to continue.

*Second*, the notice plan, which was approved by the Court, informed settlement class members about the nature of the claims and the amount claimants would receive upon submission of a valid claim ($350, less any prior compensation received as a result of complaints about the price point or length of contracts).  Settlement class members are fully aware of the value of the settlement available to them (with roughly 7,400 settlement class members, the settlement makes available approximately $2.6 million to the class), and visited the settlement website more than 2,200 times.  Although the claim rate thus far is relatively low, the settling defendants submit that this is simply an indication that their customers do not believe they were deceived or misled in any way and instead are highly satisfied with the services provided by the settling defendants.

*Third*, settlement favors the interests of the class because further litigation in this matter could require, among other things, that each class member provide individualized evidence, and the delay, uncertainty, and litigation costs associated with such efforts would be significant.  The Settlement Agreement affords the class prompt and substantial relief, while avoiding significant legal and factual hurdles that may otherwise prevent the class from recovering anything.

*Fourth*, the parties reached the Settlement Agreement after two full-day sessions with a highly respected mediator, Antonio Piazza.  In fact, Mr. Piazza describes in great detail in his declaration, filed concurrently herewith, why he believes the preliminarily approved settlement "represents not only a fair and equitable resolution of plaintiffs' claims against the settling defendants, but also the best practicable resolution of those claims."  In addition, the resolution

was reached after more than three years of litigation, which included significant discovery and motion practice.  Accordingly, the litigation has reached a stage where "the parties certainly have a clear view of the strengths and weaknesses of their cases."  *See In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 735 (S.D.N.Y. 1985), *aff'd* 798 F.2d 35 (2d Cir. 1986).

*Fifth*, it is undisputed that the putative settlement class is and has been represented by experienced and highly qualified class action attorneys.  As asserted in both the preliminary and final approval briefing, plaintiffs' counsel have significant experience in both the substance of consumer fraud and RICO claims and the class action procedure; the settling defendants likewise are and were represented by experienced and highly qualified counsel.

*Sixth*, and perhaps most tellingly, ***no one objected to the settlement***.  And only one class member opted out.  This factor demonstrates the fairness of the settlement, and weighs heavily in favor of final approval.  In sum, all the relevant factors demonstrate that this is a fair and reasonable settlement, and that final approval is appropriate.

Moreover, the parties fully complied with the notice plan that the Court found to be "the best practicable notice in the circumstances and … reasonably calculated to provide notice to the Settlement Class … and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law." (Dkt. No. 524 (filed June 24, 2013), at 4.)

Notwithstanding the above, the Court apparently is concerned that the amount of requested attorney's fees is disproportionate to the likely class recovery, because only a limited number of class members elected to submit claims.  However, as set forth in *Hanlon*, this is not one of the factors that the Court can or should consider in deciding whether to grant final approval.  *See* 150 F.3d at 1026.  Rather, the Court has broad discretion to remedy any such imbalance because it has the inherent authority to award the amount of attorney's fees it deems appropriate, and is not bound by the parties' agreement in this respect.[2]  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  Instead of rejecting the settlement

---

[2] To be clear, the settling defendants do not oppose the amount of plaintiffs' counsel's requested fees and costs, but the Court ultimately can award whatever amount it feels is appropriate.

SETTLING DEFENDANTS' POSITION STATEMENT REGARDING FINAL APPROVAL

5

1  based on a factor the Ninth Circuit does not recognize, which the settling defendants submit

2  would be an abuse of discretion, the Court has the authority to rectify any imbalance and still

3  approve the settlement.

4      **C.    It Would Be Manifestly Unfair To The Settling Defendants To Deny Final Approval**

5      If the Court were to deny final approval because, in the Court's view, the ratio of the

6  likely class recovery to putative class counsel's *requested* fees is excessive, such a ruling would

7  be inherently unfair.  It is undisputed that the settling defendants have complied with all of the

8  Court's requirements and requests to obtain final approval.  To the extent the claims rate is

9  relatively low, there is a likely and compelling explanation:  the settling defendants' customers do

10  not believe they were defrauded.  As the settling defendants have maintained throughout this

11  litigation, they place a premium on customer service and satisfaction, and the vast majority of

12  their customers are highly satisfied with the products and services they receive from the settling

13  defendants.  Indeed, the high level of customer satisfaction is demonstrated by the large number

14  of long-term and repeat customers.  For many or most of these customers, the settling defendants

15  provide services at a substantial savings over that available elsewhere.

16      While the settling defendants maintain that they have done nothing wrong, they also

17  support the settlement, and believe it is fair and reasonable and should be finally approved.  This

18  is so precisely because they place a premium on customer satisfaction.  The settling defendants

19  hope and expect that all of their customers are highly satisfied.  To the extent any of their

20  customers believe they were mistreated or misinformed by representatives of the settling

21  defendants (which the settling defendants hope and expect is not the case), the settling defendants

22  wish to compensate those customers through a fair and reasonable settlement.  With the assistance

23  of Mr. Piazza and this Court, the settling defendants came to what they believe is a fair and

24  reasonable resolution – a payment of $350 (less any prior compensation received as a result of

25  complaints about the price point or length of contracts) to any class member that submitted a

26  claim that it was defrauded.

27

28

---

SETTLING DEFENDANTS' POSITION STATEMENT REGARDING FINAL APPROVAL

6

1    As it turns out, a relatively small number of class members are willing to submit such a

2    claim.  But to effectively punish the settling defendants because they have *satisfied customers*

3    who are unwilling to file such a claim (which is what the denial of final approval would do) is

4    both unorthodox and patently unfair.  If final approval is denied, the settling defendants will be

5    forced to spend a substantial sum in legal and expert witness fees to defend against a lawsuit they

6    continue to believe is without merit.  Even if the settling defendants prevail at summary judgment

7    or trial (as they expect), the cost to the settling defendants will be enormous.  The settling

8    defendants and plaintiffs reached a fair, adequate, and reasonable settlement, and the Court

9    preliminarily agreed.  To deny final settlement at this juncture, due to class members' satisfaction

10   with and unwillingness to make claims against the settling defendants, would constitute an abuse

11   of discretion.

## III.   CONCLUSION

13   For these reasons, the settling defendants request that the Court grant final approval of the

14   Settlement Agreement.

15   / / /

December 4, 2013

Respectfully submitted,

JONES DAY

By: */s/ Cary D. Sullivan*
     Cary D. Sullivan

Attorneys for defendants Merchant Services, Inc., Universal Card, Inc., National Payment Processing, Inc., Jason Moore, Eric Madura, Nathan Jurczyk, Robert Parisi, Alicyn Roy, and Universal Merchant Services, LLC

BROWN, WEGNER & BERLINER LLP
Matthew Wegner (State Bar No. 223062)
mwegner@bwb-lawyers.com
2603 Main Street, Suite 1050
Irvine, CA  92614
Telephone:  (949) 705-0080
Facsimile:   (949) 794-4099

By: */s/ Matthew Wegner*
     Matthew Wegner

Attorneys for defendant Fiona Walshe

I, Cary D. Sullivan, am the ECF user whose ID and password are being used to file this document.  In compliance with section X(B) of General Order 45, I hereby attest that Matthew Wegner concurred in this filing.

*/s/ Cary D. Sullivan*

IRI-57905v1

SETTLING DEFENDANTS' POSITION STATEMENT REGARDING FINAL APPROVAL