1   GUTRIDE SAFIER LLP
    ADAM J. GUTRIDE (State Bar No. 181446)
2   SETH A. SAFIER (State Bar No. 197427)
    KRISTEN SIMPLICIO (State Bar No. 263291)
3   835 Douglass Street
    San Francisco, California 94114
4   Telephone: (415) 336-6545
    Facsimile: (415) 449-6469
5

6   Attorneys for Plaintiffs

7                         UNITED STATES DISTRICT COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9                               OAKLAND DIVISION

10

11  JUST FILM, INC.; et al.                    CASE NO. 10-CV-01993-CW

12          Plaintiffs,
                                               ORDER GRANTING MOTION FOR FINAL
13          v.                                 APPROVAL OF CLASS ACTION
                                               SETTLEMENT AND JUDGMENT
14  MERCHANT SERVICES, INC.; et al.,
                                               DATE: December 12, 2013
15          Defendants.                        JUDGE:  Hon. Claudia Wilken
                                               CTRM:  2, 4th Floor
16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

1

2        Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing,

3    Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry

4    Jordan ("Plaintiffs" or "Class Representatives"); Defendants Merchant Services, Inc.; National

5    Payment Processing, Inc.; Universal Merchant Services LLC; Universal Card, Inc.; Jason Moore;

6    Nathan Jurczyk; Robert Parisi; Eric Madura; and Alicyn Roy ("Merchant Services Defendants")

7    and Defendant Fiona Walshe have moved the Court for final approval of a proposed class action

8    settlement, the terms and conditions of which are set forth in the Amended Settlement Agreement

9    filed with the Court on June 6, 2013 (Dkt.# 519) as amended in the Stipulation Regarding

10   Amended Settlement ("Stipulation") ("Settlement Agreement"), and filed with the Court on

11   December 9, 2013 (Dkt. # 572).

12        Having considered all matters submitted to it at the hearing on the motion the and

13   otherwise, including the complete record of this action, and good cause appearing therefore, the

14   Court hereby finds and concludes as follows:

15       1.    The capitalized terms used in this Final Approval Order and Judgment shall have the

16   same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

17       2.    The Court has jurisdiction over this case and over all claims raised therein and all

18   Parties thereto.

19       3.    The Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and

20   (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes

21   because: Settlement Class Members are ascertainable and are so numerous that joinder of all

22   members is impracticable; there are questions of law and fact common to the Settlement Class;

23   the claims and defenses of the Class Representatives are typical of the claims and defenses of the

24   Settlement Class they represent; the Class Representatives have fairly and adequately protected

25   the interests of the Settlement Class with regard to the claims of the Settlement Class they

26   represent; the common questions of law and fact predominate over questions affecting only

27   individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to

28   warrant a class settlement; and the certification of the Settlement Class is superior to individual

litigation and/or settlement as a method for the fair and efficient resolution of this matter.

1
2
3
4
5
6
7
8
9
10
11
12

4.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class: all persons who, between March 26, 2006 and March 20, 2013, entered into an agreement for bankcard processing services and an associated lease for bankcard processing equipment through one or more of the Merchant Services Defendants, except for (1) all persons who remained in a bankcard processing agreement through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial processing agreement; (2) all persons who continued to lease bankcard processing equipment through any of the Merchant Services Defendants for more than sixty (60) days after the expiration of their initial equipment lease; (3) the Honorable Judge Claudia Wilken and any member of her immediate family; (4) Antonio Piazza and any member of his immediate family; (5) any government entity; (6) any of the Released Parties; and/or (7) any persons who timely opt out of the Settlement.

13
14
15
16

5.      For the purpose of this Settlement, the Court hereby finally certifies Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; Volker Von Glasenapp; Jerry Su, Verena Baumgartner d/b/a Burlingame Motors; and Terry Jordan as Class Representatives, and Gutride Safier LLP as Class Counsel.

17
18
19
20
21
22
23
24
25
26
27
28

6.      The Parties complied in all material respects with the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in section IV of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Litigation; the existence and terms of the Settlement Agreement; their rights to make claims, opt out, or object; and the matters to be decided at the Final Approval Hearing.  Further, the Notice Plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law including Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Merchant Services Defendants provided notice of the Settlement to the appropriate state and federal government officials and filed with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.      The Court has determined that full opportunity has been given to the members of the

Settlement Class, and federal and state officials, to opt out of the Settlement, object to the terms

of the Settlement or to Class Counsel's request for attorneys' fees and expenses and incentive

awards, and otherwise participate in the Final Approval Hearing held on November 21, 2013.

The Court did not receive any submissions and arguments objecting to the Settlement.  The Court

has considered all issues raised at the final approval hearing, as well as the Parties' responses to

those issues, including the Stipulation, and has determined, for all the reasons set forth in the

Parties' responses, that nothing merits or warrants disapproval of the Settlement Agreement.

8.      The Court finds that the Settlement is in all respects fair, reasonable and adequate.

The Court therefore finally approves the Settlement for all the reasons set forth in the Motion for

Final Approval, and supplemental briefs and declarations filed in support thereof (Dkts. # 555,

556, 564, 565, 573, 574) including, but not limited to, the fact that the Settlement Agreement as

amended by the Stipulation was the product of informed, arms-length negotiations between

competent, able counsel and conducted with the oversight and involvement of an independent,

well respected, and experienced mediator; the record was sufficiently developed and complete

through meaningful discovery and motion proceedings to have enabled counsel for the Parties to

have adequately evaluated and considered the strengths and weaknesses of their respective

positions; the Litigation involved disputed claims, and this dispute underscores the uncertainty

and risks of the outcome in this matter; the Settlement provides meaningful remedial and

monetary benefits for the disputed claims; the cy pres component serves the interests of class

members and furthers the goals of the litigation; and the Parties were represented by highly

qualified counsel who, throughout this case, vigorously and adequately represented their

respective parties' interests.

9.      The Settlement is in the best interests of the Settlement Class in light of the degree of

recovery obtained in relation to the risks faced by the Settlement Class in litigating the Class

Claims. The relief provided to the settling Class Members under the Settlement Agreement is

appropriate as to the individual members of the settling Class and to the Class as a whole. The cy

pres recipients, the Lawyers' Committee for Civil Rights of the San Francisco Bay Area to

benefit the Legal Services for Entrepreneurs program, Start Small Think Big, Inc. in New York City, and the National Consumers League in Washington, DC, will advance the goals of this lawsuit and the needs of the small business class. There is a geographic nexus between the organizations receiving the funds and the nationwide class.  Notice to the class of the cy pres component is not required due to the fact that the donation is being made from funds unclaimed by class members, and notice thereof would not have a material impact on the claim rate. All requirements of statute, rule, and Constitution necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Settlement Agreement in accordance with its terms.

10.    By operation of this Final Approval Order and Judgment, Plaintiffs on the one hand, and the Released Parties (defined below) on the other hand, shall have unconditionally, completely, and irrevocably released and discharged released and forever discharged each other from and shall be forever barred from instituting, maintaining, or prosecuting any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, that Plaintiffs on the one hand, and Merchant Services Defendants and Fiona Walshe on the other hand, have had in the past, or now have, related in any manner to the Released Parties' products, services or business affairs, and any and all other claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Plaintiff on the one hand, and Merchant Services Defendants and Fiona Walshe on the other hand, have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.

11.    By operation of this Final Approval Order and Judgment, Settlement Class Members shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, rights, demands, actions, causes of action, suits, debts, liens,

1 contracts, liabilities, agreements, costs, expenses, or losses of any kind whatsoever, including any

2 known or unknown claims, which Plaintiffs or Class Members that actually were, or could have

3 been, asserted in the Litigation that relate to the facts alleged in the Complaint.

4     12.    "Released Parties" means each of the Merchant Services Defendants; all of Merchant

5 Services Defendants' past and present officers, directors, parents, subsidiaries, successors,

6 predecessors, assigns, and legal representatives; and Fiona Walshe.  Even if they would otherwise

7 be included in the above definition, "Released Parties" shall exclude Northern Leasing Systems,

8 Inc.; MBF Leasing LLC; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source –

9 LSI, LLC; Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian

10 Fitzgerald; Sam Buono; MBF Merchant Capital, LLC; RBL Capital Group, LLC; William Healy;

11 Joseph I. Sussman; Joseph I. Sussman, P.C.; SKS Associates, LLC; Pushpin Holdings, LLC;

12 Cucumber Holdings, LLC; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party

13 Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past

14 and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal

15 representatives.

16     13.    Plaintiffs and Settlement Class Members shall, by operation of this Final Approval

17 Order and Judgment, be deemed to have waived the provisions, rights and benefits of California

18 Civil Code § 1542, and any similar law of any state or territory of the United States or principle

19 of common law.  Section 1542 provides:

20       A general release does not extend to claims which the creditor does not know or suspect to

21       exist in his or her favor at the time of executing the release, which if known by him or her

22       must have materially affected his or her settlement with the debtor.

23     14.    Nothing herein shall bar any action or claim to enforce the terms of the Settlement

24 Agreement.

25     15.    No action taken by the Parties, either previously or in connection with the

26 negotiations or proceedings connected with the Settlement Agreement, shall be deemed or

27 construed to be an admission of the truth or falsity of any claims or defenses heretofore made or

28 an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind

1

2   whatsoever to any other Party.  Neither the Settlement Agreement nor any act performed or

3   document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be

4   or may be used as an admission of, or evidence of, the validity of any claim made by the

5   Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or

6   entities released under this Agreement, or (b) is or may be deemed to be or may be used as an

7   admission of, or evidence of, any fault or omission of any of the persons or entities released under

8   this Agreement, in any proceeding in any court, administrative agency, or other tribunal.

9   Merchant Services Defendants' and Fiona Walshe's agreement not to oppose the entry of this

10  Final Approval Order shall not be construed as an admission or concession by Merchant Services

11  Defendants or Fiona Walshe that class certification was appropriate in the Litigation or would be

12  appropriate in any other action.

13      16.     For the reasons stated in the separate Order on Class Counsel's Application for an

14  award of attorneys' fees and costs and incentives, Merchant Services Defendants and Fiona

15  Walshe shall pay Class Counsel $923,000 in fees and expenses and shall pay incentive awards as

16  follows:

                Jerry Su and Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care,

17              collectively: $7,500

18              Terry Jordan and Dietz Towing, Inc., collectively: $7,500

19              Volker Von Glasenapp $7,500

20              Verena Baumgartner d/b/a Burlingame Motors $7,500

21  Such amounts shall be paid according to the terms of the Settlement Agreement.

22      17.     Except as provided in this Order, Plaintiffs shall take nothing against Merchant

23  Services Defendants or Fiona Walshe by their Complaint, and final judgment shall be entered

24  thereon, as set forth in this Order.

25      18.     Without affecting the finality of the judgment hereby entered, the Court reserves

26  jurisdiction over the implementation of the Settlement Agreement.

27      19.     Without further order of the Court, the parties may agree to reasonable extensions of

28  time to carry out any provisions of the Settlement Agreement.

1    20.    There is no just reason for delay in the entry of this Judgment, and immediate entry by

2    the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil

3    Procedure.

4    21.    The Litigation between plaintiffs and all defendants other than Merchant Services

5    Defendants and Fiona Walshe shall continue.

6

7         **IT IS SO ORDERED** this 11th day of December, 2013.

8

9

10

11   HON. CLAUDIA WILKEN
     CHIEF JUDGE
12   UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28