GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN SIMPLICIO (State Bar No. 263291)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUST FILM, INC.; et al.<br><br>Plaintiffs,<br><br>v.<br><br>MERCHANT SERVICES, INC.; et al.,<br><br>Defendants. | CASE NO. 10-CV-01993-CW<br><br>ORDER RE PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS<br><br>DATE: December 12, 2013<br>JUDGE:  Hon. Claudia Wilken<br>CTRM: 2, 4th Floor |

Class counsel have applied for an award of $923,000 in attorneys' fees and expenses and for an incentive award of $8750 to each named plaintiff. Defendants do not oppose the application, and no objections to the application were received from settlement class members. For GOOD CAUSE shown, the Court finds and concludes as follows.

Class counsel have submitted evidence that they incurred $97,509.06 in expenses, and that prior counsel incurred $7,875.27 in expenses, for which they assigned the right to recover to Class counsel. Class counsel has submitted a detailed declaration summarizing the work performed during the four years of investigation and litigation, and stating that it performed 5445 hours of work through November 7, 2013. Prior counsel has submitted declarations summarizing the work performed, and stating that they performed 1499.80 hours of work. Class counsel's rates ranged from $450 and hour to $700 an hour for attorneys. Prior counsel's rates ranged from $275 to $475 for attorneys, and $100 to $150 for support staff. Class counsel has computed the total lodestar as $3,278,608.50 through November 7, 2013. Class counsel has explained that the work and costs are not easily segregated between Settling Defendants and Leasing Defendants. This Court need not determine at this time the percentage of the expenses and fees that is allocable to Settling Defendants, because Class counsel is requesting only a small portion of what has been incurred to date; if necessary, such allocation can be made at the conclusion of litigation against Leasing Defendants. Depending on how much of the $105,384 in costs are allocated to Settling Defendants, the fee request is between $923,000 and $817,616, which equates to 28% to 25% of the lodestar.

This Court is familiar with the work performed by Class counsel over the course of the four year litigation, and the expenses incurred, work performed, time spent, and rates charged appear to be reasonable. The requested fee award is paid pursuant to the statutory fee shifting provisions in the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§ 1964(c), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n(c). This Court applies the lodestar method to award fees under those statutes. Further, the Settlement includes changed practices and a cy pres component that will provide educational materials and legal assistance to class members. This Court finds that the class benefit cannot be monetized within a reasonable

degree of certainty, and accordingly applies the lodestar method to determine reasonable attorneys' fees for class counsel. *See Faigman v. AT & T Mobility LLC*, 2011 WL 672648 (N.D. Cal. Feb. 16, 2011). The Court finds the fees meet the reasonableness standard. *See Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003).

The fee award is also fair when cross-checked against the funds made available to the class, which is the standard used by the Ninth Circuit. *See, e.g., Williams v. MGM Pathe Communications Corp.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *Lopez v. Youngblood*, 2011 WL 10483569, *12 (E.D. Cal. Sept. 2, 2011) ("It is well established that, in claims made or class reversion cases where there is a maximum fund, and unclaimed funds revert to the defendant, it is appropriate to award class fund attorneys' fees based on the gross settlement fund"), *citing* Herbert B. Newberg and Alba Conte, *Newberg on Class Actions* § 14.6 (4th Ed.2007 update). The fee award equates to between 22.8% and 25.7% of the total putative common fund.[1] These amounts are consistent with Ninth Circuit precedent establishing a benchmark of 25%-30%. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989)

Finally, the fee award will benefit class members because Class counsel continues to litigate this matter on behalf of the class against the Leasing Defendants.

Plaintiffs have also requested an incentive award to each named plaintiff of $7500. Incentive awards may be made to class representatives based on "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulty encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (of lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). This Court finds that all the named plaintiffs remained involved for many years, and incurred risks of liability for Settling Defendants' costs

---

[1] These figures are obtained by cross-checking $923,000 and $817,616 against $3,586,100, which is the total estimated value of the settlement value as if it were a common fund. That total reflects that $2,578,100 was available to 7,366 class members in the form of cash refunds, $35,000 was made available in the form of incentive awards, and $923,000 was provided for fees and costs. Finally, it assumes claims administration costs of approximately $50,000.

1 for the four year litigation.  Further, the named plaintiffs assumed responsibility for searching
2 both personal and business records, and provided several years of banking records and other
3 sensitive, private financial documents for inspection and questioning.  They each responded to
4 dozens of interrogatories and more than a hundred document requests.  They participated in
5 mediation, appeared for lengthy depositions, and submitted multiple declarations.  They had little
6 to personally gain from the litigation.  Accordingly, the requests are approved.

For the foregoing reasons, the Court approves Class counsel's application for an award of $923,000 in attorneys' fees and expenses and a $7500 incentive to each named plaintiff.

**IT IS SO ORDERED** this 11th day of December, 2013.

_____
HON. CLAUDIA WILKEN
CHIEF JUDGE
UNITED STATES DISTRICT COURT