IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; ERIN CAMPBELL; and LEWIS BAE,<br><br>    Plaintiffs,<br><br>  v.<br><br>MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; SAM BUONO; and SKS ASSOCIATES, LLC,<br><br>    Defendants.<br>_____/ | No. C 10-1993 CW<br><br>ORDER GRANTING PLAINTIFF ERIN CAMPBELL'S MOTION FOR RECONSIDERATION (Docket No. 584) |

    On February 7, 2014, the Court granted Plaintiff Erin Campbell's motion for leave to file a motion for reconsideration of its order granting in part Plaintiffs' motion for class certification. Plaintiff Campbell seeks reconsideration of the Court's denial of certification of a nationwide SKS Post-Lease Expiration class to pursue Racketeer Influenced and Corrupt Organizations Act (RICO) and RICO conspiracy claims. Leasing

Defendants oppose the motion. Having considered the parties' papers and the record in the case, the Court GRANTS Plaintiff Campbell's motion for reconsideration and CERTIFIES the nationwide SKS Post-Lease Expiration class to pursue RICO and RICO conspiracy claims.

## DISCUSSION

### I. Commonality and Predominance

In its original order denying certification of the SKS Post-Lease Expiration class, the Court found that Plaintiff Campbell failed to establish that common issues of law and fact predominate with respect to her alleged RICO and RICO conspiracy claims. The Court based this finding on its commonality and predominance analysis for the Excessive Lease Amount class. However, as Plaintiff Campbell points out in her motion for reconsideration, the factual basis for the SKS Post-Lease Expiration class's RICO claim is different than the Excessive Lease Amount class's RICO claim. Accordingly, the Court revisits its analysis of this issue.

Like Plaintiff Campbell's UCL claim on behalf of the SKS Post-Lease Expiration California subclass, Plaintiff Campbell's RICO and RICO conspiracy claims on behalf of the proposed SKS Post-Lease Expiration class are based on the theory that Leasing Defendants conspired with one another to defraud former lessees by collecting purported taxes that were not actually due or paid to any taxing authority. Plaintiff Campbell alleges that Leasing Defendants conducted a faulty simulation to determine how much to charge those former lessees and compiled the results on a spreadsheet referred to as Schedule 1. Plaintiff Campbell further

2

alleges that Leasing Defendants made or attempted to make unauthorized ACH deductions from merchants' bank accounts in their efforts to collect the purported taxes. Moreover, Plaintiff Campbell alleges that, in order to process those deductions, Leasing Defendants conspired to defraud the third-party ACH processors.

Leasing Defendants argue that Plaintiff Campbell has failed to "prove" reliance and proximate cause for the RICO claim. Leasing Defendants' Opposition at 5. However, at the class certification stage, Plaintiff Campbell need not prove reliance. Rather, Plaintiff Campbell must demonstrate that the RICO claim "depend[s] upon a common contention" that is "of such a nature that it is capable of classwide resolution--which means that determination of the truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart, 131 S. Ct. at 2551. Here, Plaintiff Campbell's theory is that Leasing Defendants made fraudulent misrepresentations upon which the ACH processors relied when making or attempting to make deductions from the proposed class members' bank accounts. This allegation, whether true or false, will resolve the issue for the entire class. See Friedman v. 24 Hour Fitness USA, Inc., 2009 U.S. Dist. LEXIS 81975, *26 (C.D. Cal.) ("Because the injury to class members was inflicted automatically through electronic processes, as a result of the payment processors' reliance on the alleged misrepresentation, the proximate cause requirement is not a barrier to class treatment of the RICO claim.").

3

To the extent that Leasing Defendants contend that class certification is improper, because the facts presented by Plaintiff Campbell do not support her claim of fraudulent misrepresentation, the Court notes that Plaintiff Campbell has submitted a signed ACH processing agreement in which Defendant Jay Cohen affirmed that the ACH payments were authorized. Simplicio Dec., Ex. WWW. That document provides, "Regulations governing origination of an ACH debit payment require that the Originator (You the Merchant) have and retain evidence that the Payer duly authorized the payment." Id. Leasing Defendants argue that the merchants' ACH forms and leases provided them with authorization to make these debits. However, whether these documents authorized debits after the leases expired is a disputed question of fact that is common to the proposed class.

The Court finds that common questions exist and predominate for Plaintiff Campbell's RICO claim on behalf of the proposed SKS Post-Lease Expiration class. These questions include the propriety of Leasing Defendants' simulation to determine whether taxes were due, whether class members' form ACH agreements authorized the deductions after their leases had expired and whether ACH processors relied on fraudulent misrepresentations by Leasing Defendants when they processed the debits.

II.  Other Factors

    A.  Numerosity

The Court previously found that Plaintiff Campbell satisfied the numerosity requirement with respect to the SKS Post-Lease Expiration Class.

4

B.  Typicality

Leasing Defendants argue that Plaintiff Campbell's claim is not typical of the proposed class and she lacks standing to pursue a RICO claim because Leasing Defendants were not able to debit any taxes or fees from her bank account.  However, a plaintiff who has suffered an injury to "business or property" caused by the racketeering conduct has standing to bring a racketeering claim. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 495 (1984).  Although Leasing Defendants were not able to deduct money from her bank account, Plaintiff Campbell alleges that, when she received the notice of debt from Leasing Defendants, she spent time away from her usual work and paid an assistant to help her research and compile financial records.  This payment to an assistant is sufficient to establish a "concrete financial loss" for purposes of standing for the RICO claim.  Oscar v. University Sutdents Co-op Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).

Leasing Defendants also argue that Plaintiff Campbell's decision to pay an assistant to compile her records defeats typicality because her damages are not similar to those of the bulk of class members.  However, even if her damages differ from those of many class members, her RICO and UCL claims are identical to the class's.  "Under Rule 23(a)(3) it is not necessary that all class members suffer the same injury as the class representative."

Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 734 (9th Cir. 2007).[1]

The Court finds that Plaintiff Campbell has satisfied the typicality requirement with respect to the SKS Post-Lease Expiration class.

C.   Adequacy

The Court previously found that Plaintiff Campbell met her burden on this prong.

D.   Superiority

The Court finds that Plaintiff Campbell has satisfied the superiority prerequisite with respect to the SKS Post-Lease Expiration class's RICO and RICO conspiracy claims. The risks, small recovery, and relatively high costs of litigation here make it unlikely that individual merchants will pursue claims against Leasing Defendants independently. A class action, however, "would offer those with small claims the opportunity for meaningful redress." Sullivan v. Kelly Services, Inc., 268 F.R.D. 356, 365 (N.D. Cal. 2010). In addition, a class action would more efficiently resolve the numerous legal and factual questions relevant to this class's claims against Leasing Defendants.

---

[1] Leasing Defendants have also filed a motion for leave to file a motion for reconsideration of the Court's class certification order, making further arguments about the typicality of Plaintiff Campbell's injuries and also seeking reconsideration of the Court's certification of the Property Tax Equipment Cost Basis Class. Docket No. 587. To the extent the Court addresses the arguments Leasing Defendants raise in their motion for leave, the Court GRANTS the motion for leave to file a motion for reconsideration and DENIES the motion for reconsideration. In all other respects, the Court DENIES the motion for leave to file a motion for reconsideration.

Accordingly, the class action is superior to individual litigation for this class.

The Court certifies the SKS Post-Lease Expiration class to pursue its RICO and RICO conspiracy claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff Campbell's motion for reconsideration and certifies the SKS Post-Lease Expiration Class, which is defined as: "All persons and businesses whose lease numbers appeared on Schedule 1" to pursue RICO and RICO conspiracy claims.

IT IS SO ORDERED.

Dated: 3/17/2014

CLAUDIA WILKEN
United States District Judge