IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; ERIN CAMPBELL; and LEWIS BAE,<br><br>    Plaintiffs,<br><br>  v.<br><br>MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; SAM BUONO; and SKS ASSOCIATES, LLC,<br><br>    Defendants. | No. C 10-1993 CW<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO STAY (Docket Nos. 604, 605) |

    On April 24, 2014, Defendants Northern Leasing Systems, Inc.; MBF Leasing, LLC; Northern Funding, LLC; SKS Associates, LLC; Jay Cohen; Sara Krieger; Leonard Mezei; and Sam Buono filed a motion to stay this case pending the resolution of the Federal Civil Procedure Rule 23(f) petitions Defendants filed with the Ninth Circuit Court of Appeals. In those petitions, Defendants seek permission from the Ninth Circuit to appeal this Court's December 20, 2013 order granting in part Plaintiffs' motion for class certification and its March 17, 2014 order granting Plaintiff Erin Campbell's motion for reconsideration of the December 20, 2013 order. On April 29, 2014, Defendants filed a motion for a

temporary stay pending hearing on their April 24, 2014 motion to stay. Plaintiffs have filed an opposition to the April 29, 2014 motion for a temporary stay.[1] Having considered the parties' papers and the record in this case, the Court DENIES the motion for a stay without prejudice to renewal if the Ninth Circuit grants Defendants' Rule 23(f) petitions (Docket No. 604) and DENIES as moot the motion for a temporary stay (Docket No. 605).

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(f) provides a mechanism for interlocutory appeal of a court's order granting or denying class certification. However, such appeals do "not stay proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 129 S. Ct. 1749, 1760 (2009) (citation and internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." Id. (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. Id.

The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction. Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). A party seeking a stay must establish that he is

---

[1] Plaintiffs' response to Defendants' April 24, 2014 motion to stay is not due until May 8, 2014.

2

1  likely to succeed on the merits, that he is likely to suffer
2  irreparable harm in the absence of relief, that the balance of
3  equities tips in his favor, and that a stay is in the public
4  interest.  Nken, 129 S. Ct. at 1761 (noting overlap with Winter v.
5  Natural Resources Defense Council, 555 U.S. 7 (2008)).  The first
6  two factors of this standard "are the most critical." Id.  Once
7  these factors are satisfied, courts then assess "the harm to the
8  opposing party" and weigh the public interest.  Id. at 1762.
9  　　　　An alternative to this standard is the "substantial
10 questions" test.  Under this test, "serious questions going to the
11 merits and a balance of hardships that tips sharply towards the
12 plaintiff" can support the issuance of a stay, "so long as the
13 plaintiff also shows that there is a likelihood of irreparable
14 injury and that the injunction is in the public interest."  See
15 Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135
16 (9th Cir. 2011) (holding that the substantial questions test, for
17 purposes of a motion for preliminary injunction, survives Winter,
18 555 U.S. at 7).

## DISCUSSION

20 　　　　Defendants contend that they are entitled to a stay under the
21 substantial question test based on questions regarding the
22 interpretation of the Supreme Court's recent decision in Comcast
23 v. Behrend, 133 S. Ct. 1426 (2013).  Even assuming that
24 substantial questions exist, Defendants have failed to establish a
25 likelihood of irreparable injury if the stay is denied or that the
26 stay is in the public interest.  Defendants assert that, if the
27 stay is denied, they will be forced to "deliver class notice to
28 tens of thousands of purported members of the certified classes

3

and continu[e] to engage in costly discovery, including motion practice." Docket No. 605 at 2. However, Defendants themselves acknowledge that "Rule 23(f) appeals are expected to be resolved quickly." Docket No. 604 at 12. Moreover, as Plaintiffs point out, class notice cannot happen without court approval, and no motion for approval has been made.

CONCLUSION

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendants' motion for a stay pending appeal (Docket No. 604). If the Ninth Circuit grants Defendants' Rule 23(f) petitions and agrees to hear Defendant's appeal of the class certification orders, Defendants may again move to stay the case. In the meantime, the parties should continue with discovery and scheduled hearing dates. The Court will not order any class notice to be sent until after the Ninth Circuit has ruled on Defendants' Rule 23(f) petitions. Defendants' administrative motion for a temporary stay is DENIED as moot (Docket No. 605).

IT IS SO ORDERED.

Dated: 5/5/2014

CLAUDIA WILKEN
United States District Judge

4