IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINBOW BUSINESS SOLUTIONS, doing business as PRECISION TUNE AUTO CARE; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; ERIN CAMPBELL; and LEWIS BAE,<br><br>    Plaintiffs,<br><br>  v.<br><br>MERCHANT SERVICES, INC.; NATIONAL PAYMENT PROCESSING; UNIVERSAL MERCHANT SERVICES LLC; UNIVERSAL CARD, INC.; JASON MOORE; NATHAN JURCZYK; ROBERT PARISI; ERIC MADURA; FIONA WALSHE; ALICYN ROY; MBF LEASING LLC; NORTHERN FUNDING, LLC; NORTHERN LEASING SYSTEMS, INC.; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; SAM BUONO; and SKS ASSOCIATES, LLC,<br><br>    Defendants.<br>_____/ | No. C 10-1993 CW<br><br>ORDER DENYING PLAINTIFFS' MOTION TO LIFT THE STAY (Docket No. 650) |

    On July 22, 2014, this Court granted the parties' stipulation to stay this case pending the Ninth Circuit's resolution of Defendants' appeal of this Court's class certification orders. The stipulation provided that either party could petition the Court to lift the stay for good cause. Plaintiffs now move to lift the stay so they may file a petition for an interim fee award. Defendants oppose the motion and Plaintiffs have filed a reply.

    Plaintiffs argue that they are entitled to attorneys' fees for work performed to secure a preliminary injunction prohibiting Defendant SKS Associates from collecting money based on expired

lease agreements.  The preliminary injunction was entered on June 13, 2011.  SKS Associates appealed the preliminary injunction and, on March 22, 2012, the Ninth Circuit affirmed.  In its memorandum disposition, the Ninth Circuit specifically stated that it affirmed the preliminary injunction "on the understanding that the district court will review the continued existence and the scope of the preliminary injunction, if and when a class is certified."  Docket No. 352 at 3.

Plaintiffs assert that a February 28, 2013 consent decree between Defendants and the New York State Attorney General permanently enjoins the behavior prohibited by the preliminary injunction in this case.  Accordingly, Plaintiffs argue, the preliminary injunction is moot, they are necessarily the prevailing party as to the issues in the preliminary injunction, nothing in the pending appeal will impact the analysis with respect to their entitlement to fees, and they are entitled to seek an interim fee award.  Plaintiffs further argue that good cause exists to lift the stay because an interim fee award will assist it in continuing to seek money damages on behalf of the same individuals protected by the injunction.

Defendants counter that one of the issues on appeal is the certification of the SKS Post-Lease Expiration Class to bring claims for injunctive relief and money damages based on the alleged behavior prohibited by the preliminary injunction.  Defendants argue that, even if the claim for injunctive relief, and therefore the preliminary injunction, is mooted by the New York consent decree, whether the SKS Post-Lease Expiration Class is decertified should be considered in determining the

2

reasonableness of fees expended to seek a preliminary injunction on behalf of the class.

Assuming without deciding that Plaintiffs' claim for injunctive relief against Defendant SKS Associates is moot and the question of whether Plaintiffs are entitled to attorneys' fees for work towards obtaining the preliminary injunction is ripe for decision, the Court finds that the question of the amount of fees attributable to that work is intertwined with Plaintiffs' potential claim for attorneys' fees for work on other pending claims.  Accordingly, the Court declines to lift the stay for the limited purpose of allowing Plaintiffs to file an interim fee request.

IT IS SO ORDERED.

Dated: April 5, 2016

CLAUDIA WILKEN
United States District Judge

3