IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINBOW BUSINESS SOLUTIONS, d/b/a PRECISION TUNE AUTO CARE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MERCHANT SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 10-cv-01993-CW<br><br>ORDER DENYING UNIVERSAL CARD, INC.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND TO PERMANENTLY ENJOIN STATE COURT COUNTERCLAIMS<br><br>(Dkt. No. 694, 695) |

Former Defendant Universal Card, Inc., moves to enforce a settlement agreement and permanently enjoin counterclaims brought in a New York state court lawsuit by an individual named Michael A. Han. Han and Plaintiffs oppose the motion. Defendants Northern Leasing Systems, Inc., MBF Leasing, LLC (MBF), Northern Funding, LLC, SKS Associates, LLC, Jay Cohen, Sara Krieger, Leonard Mezei and Sam Buono (Leasing Defendants) filed a memorandum in support of the motion. Universal Card filed a reply. Universal Card, Han, Plaintiffs, and Leasing Defendants also filed supplemental briefs on a jurisdictional question posed by the Court. Having considered the parties' papers, the record and applicable authority, the Court denies Universal Card's motion.

BACKGROUND

In this action, Plaintiffs allege that Merchant Services Defendants, including Universal Card, Inc., conspired with Leasing Defendants, including MBF, to enroll small businesses in

long term, unconscionable lease agreements for payment card processing equipment and services. Plaintiffs further allege that, when merchants stopped making payments under those leases, MBF filed debt collection lawsuits in New York, without regard to the merchant's location.

Merchant Services Defendants reached a settlement with Plaintiffs. See Settlement Agreement, Dkt. No. 519, Ex. 1.[1] On December 11, 2013, the Court granted final approval of the settlement. The settlement included a release of claims between the settlement class members and Merchant Services Defendants, which provided, in relevant part:

> <u>Release Regarding Settlement Class Members and Released Parties.</u> Upon Final Approval, the members of the Settlement Class (except any such person who has filed a proper and timely request for exclusion from the Settlement Class) shall release and forever discharge the Released Parties from and shall be forever barred from instituting, maintaining, or prosecuting:
>
> (a) any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation related in any manner to the allegations set forth in the Complaint, which are summarized in section 1.4; . . .
>
> (e) <u>No release is given by Plaintiffs or Settlement Class Members to the Non-Released Parties.</u>

Id. § 8.3 (emphasis added). The parties agreed that the release would be binding upon their respective "successors and personal representatives." Id. § 8.3(c). The settlement agreement

---

[1] In this order, except where otherwise indicated, references to the settlement agreement relate to the 2013 Merchant Services Settlement Agreement, Dkt. No. 519, Ex. 1. References to the 2017 Leasing Defendants Settlement Agreement, Dkt. No. 684-3, are specifically noted.

2

further included the following definitions:

> "Non-Released Parties" means <u>the Northern Leasing Parties</u>, RBL Capital Group, LLC; William Healy; TransFirst Holdings, Inc.; TransFirst, LLC; TransFirst Third Party Sales, LLC; Columbus Bank And Trust Co.; Fifth Third Bank; Merrick Bank; and all of their past and present officers, directors, parents, subsidiaries, successors, predecessors, assigns and legal representatives. . . .
>
> "Northern Leasing Parties" means Northern Leasing Systems, Inc.; <u>MBF Leasing LLC</u>; Northern Funding LLC; Golden Eagle Leasing LLC; Lease Source-LSI, LLC; Lease Finance Group, LLC; Jay Cohen; Leonard Mezei; Sara Krieger; Brian Fitzgerald; Sam Buono; MBF Merchant Capital, LLC; Joseph I. Sussman; Joseph I. Sussman, P.C.; SKS Associates, LLC; Pushpin Holdings, LLC; and Cucumber Holdings, LLC. . . .
>
> "Released Parties" means all of the Settling Defendants, and all of Settling Defendants' past and present officers, directors, parents, subsidiaries, successors, predecessors, agents, assigns, and legal representatives. <u>However, even if they would otherwise be included in the above definition, "Released Parties" excludes the Non-Released Parties.</u>

Id. §§ 2.17, 2.20, 2.27 (emphasis added).

Plaintiffs continue to pursue claims in this action against the non-released parties. The Court granted a motion for preliminary approval of a settlement between Plaintiffs and Leasing Defendants on August 3, 2017, and a final approval hearing is scheduled for November 28, 2017.

One of the 2013 settlement class members was a company called WRS, Inc. dba The Wedding Ring Shop (WRS). In August 2009, MBF filed an action in the Civil Court of the City of New York, County of New York against Han. MBF alleged that it had entered into an equipment finance lease agreement with WRS, "payment on which was personally guaranteed by" Han. Universal

3

Card RJN ¶ 2 & Ex. C, ¶ 2.[2] It alleged that WRS had failed to make its required monthly payments and Han therefore owed the balance, with interest, by reason of his personal guarantee. Neither Universal Card nor WRS was a party to the action. Han filed a verified answer and counterclaims, raising claims similar to those in this action. Almost eight years later, in June 2017, MBF filed a third party complaint in the same court against Universal Card and its alleged employee Tina Marie Shorter, seeking indemnification with regard to Han's counterclaims against MBF. Universal Card has submitted evidence that it was not aware of the dispute between Han and MBF until MBF demanded indemnification. Nathan Jurczyk Decl. ¶ 5.

## DISCUSSION

In its motion, Universal Card contends that, even though MBF is a non-released party in the 2013 Merchant Services settlement, Han's New York counterclaims are premised on Universal Card's alleged misconduct in procuring the WRS lease. It contends that the 2013 release in this action extended not only to the released parties such as Universal Card, but to all claims, against anyone, that could have been or actually were brought in this action and are related in any way to the settled claims. Thus, it argues, Han's claims are barred by the release and by the doctrine of claim preclusion. It requests that this Court permanently enjoin Han from pursuing his state court counterclaims.

---

[2] The Court grants Universal Card's request for judicial notice of various documents filed in New York state court.

4

I. The Court Has Jurisdiction over the Motion to Enforce.

Universal Card contends that this Court has jurisdiction to grant its requested relief because the Court expressly retained jurisdiction over enforcement of the settlement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (holding that federal court may not enforce settlement agreement absent language in agreement retaining jurisdiction or independent basis for federal jurisdiction). Two paragraphs of the Court's December 11, 2013 Order Granting Motion for Final Approval of Class Action Settlement and Judgment are relevant to the Court's continuing jurisdiction. Paragraph 14 provides, "Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement." Paragraph 18 provides, "Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement." In the settlement agreement, the parties agreed that the "Court shall retain jurisdiction to enforce, interpret, and implement this Agreement." Settlement Agreement § 9.13.

The Court directed the parties to file simultaneous supplemental briefs addressing whether the language of the settlement agreement and final approval order preserved this Court's jurisdiction to enforce the release in the agreement. In particular, the Court ordered that the supplemental briefs should address whether the provision reserving jurisdiction over "implementation" of the settlement agreement also extends to "enforcement," in light of the separate provision that the agreement does not bar (rather than reserves jurisdiction over),

5

actions to "enforce" the agreement.

The authority submitted by the parties does not squarely address the language of the settlement agreement here, although it suggests that some courts have used the words "implement" and "enforce" interchangeably. See, e.g., In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 367 (3d Cir. 2001) (appellate court held that "district court expressly retained exclusive jurisdiction to oversee the implementation of the settlement and the judgment" but district court order actually retained "exclusive jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation") (citing In re Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. 450, 566 (D.N.J. 1997)); California River Watch v. Fluor Corp., No. 10-cv-05105-WHO (JCS), 2017 WL 1208067, at *1 (N.D. Cal. Apr. 3, 2017) (court referred to its continuing jurisdiction over implementation, but settlement agreement and order of dismissal had retained jurisdiction over enforcement).

In its own final approval order, the Court did not intend to narrow the provision in the settlement agreement retaining jurisdiction. Plaintiffs have informed the Court that any apparent narrowing of the jurisdictional provision in the proposed final approval order was inadvertent.

The Court has broad discretion to determine when to terminate its continuing jurisdiction over a settlement agreement after the parties have satisfied their obligations under the agreement and the exercise of jurisdiction is no longer necessary. See Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). The Court finds that it is not presently

6

appropriate to terminate its continuing jurisdiction over this settlement, because Universal Card contends that the release has not yet been fully implemented and enforced.[3]

The Court finds that the express language of the order is sufficient to retain the Court's jurisdiction to enforce the settlement agreement, and turns to the question of Universal Card's motion for enforcement.

II. The Merchant Services Settlement Agreement Does Not Bar Han's Counterclaims against MBF.

Universal Card argues that Han's counterclaims against MBF in the New York action are barred by the express language of the Merchant Services settlement agreement, and by the doctrine of res judicata, otherwise known as claim preclusion. Universal Card concedes that MBF was not a released party in the Merchant Services settlement. It contends, however, that "the release is not only as to the released parties, including Universal, but also as to all claims that could have been or were actually brought in this action related in any way to the settled claims." Opp. at 14. In other words, it argues that the class members released claims against the entire world, including parties such as MBF that were expressly excluded from the release. It bases this argument on the language of section 8.3 of the settlement agreement, which states that the members of the settlement class release and discharge the released parties from "and shall be forever barred from instituting, maintaining, or prosecuting" any

---

[3] The Court notes that Universal Card provides no support for its claim that this Court has <u>exclusive</u> jurisdiction to enforce the settlement agreement. For the purpose of the present motion, however, it is enough to find that the Court has jurisdiction, even if other courts do as well.

7

claims related to the allegations of the Complaint that were, or could have been, asserted in this litigation. Settlement Agreement § 8.3 (emphasis added). Universal Card's position is that the word "and" in section 8.3 means that the bar on bringing related claims is not limited to claims against the released parties.

Universal Card's argument is contrary to the plain language of the agreement, which expressly and repeatedly provides that no release is given to the defined non-released parties. See, e.g., Settlement Agreement §§ 2.27, 8.3(e). It would render meaningless the first half of the relevant sentence in section 8.3 of the settlement agreement, which provides that settlement class members "shall release and forever discharge the released parties from" the enumerated claims, because this narrowed language would be wholly subsumed in the broader language of the supposed release of the entire world. It also makes no sense in light of the fact that Plaintiffs have continued to pursue such claims against the non-released parties in this very action. See, e.g., Leasing Defendants Settlement Agreement, §§ 1.5, 8.2, Dkt. No. 684-3.

Because the Merchant Services settlement agreement did not release any claims against MBF, Han's counterclaims are not barred by claim preclusion. Settling parties may waive or limit the effect of res judicata by consent, as they did here. See, e.g., California v. Randtron, 284 F.3d 969, 975 (9th Cir. 2002) (quoting United States ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 911 (9th Cir. 1998) ("A settlement can limit the scope of the preclusive effect of a dismissal with prejudice by

8

its terms.")); Perez v. Gordon & Wong Law Grp., P.C., No. 11-cv-03323-LHK, 2012 WL 1029425, at *4 (N.D. Cal. Mar. 26, 2012) (It "is well settled under California law in the context of consent decrees, stipulated judgments, and court-approved class action settlements that when 'applying the doctrine of res judicata, courts may examine the terms of the settlement to ensure that the defendant did not waive res judicata as a defense.'").

Additionally, MBF and Universal Card are not in privity either in connection with their interests in this lawsuit or in the New York lawsuits. The contractual relationship between MBF and Universal Card, the fact that both were Defendants in this lawsuit and MBF's attempt to seek indemnification from Universal Card are not sufficient to support a finding of privity. For the purpose of the privity analysis, "only the parties' relationship with respect to the relevant lawsuits matters." SpeedTrack, Inc. v. Office Depot, Inc., No. C 07-3602 PJH, 2014 WL 1813292, at *6 (N.D. Cal. May 6, 2014) (citing Transclean Corp. v. Jiffy Lube Int'l, Inc., 474 F.3d 1298, 1306 (Fed. Cir. 2007) ("privity exists when the parties are so closely related and their interests so nearly identical that it is fair to treat them as the same parties for the purposes of determining the preclusive effect of the first judgment"); In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) ("Privity--for the purposes of applying the doctrine of res judicata--is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.")).

In this action, as discussed, Merchant Services Defendants

(including Universal Card) and Leasing Defendants (including MBF) negotiated separate settlement agreements expressly involving separate releases, and only the Merchant Services settlement has been granted final approval by the Court so far.

Likewise, in New York, MBF and Universal are adversaries in the third-party indemnity litigation. MBF apparently did not even notify Universal Card of Han's counterclaims for many years, until it decided to sue Universal Card to enforce its alleged right to indemnification. Also, MBF has taken the position in the New York litigation that it is not in privity with Universal Card. See, e.g., Universal Card RJN Ex. D (Third Party Complaint), ¶ 16 ("As is typical in any vendor lease financing program agreement between an equipment lessor such as MBF and a Vendor such as Universal, the Program Agreement expressly states that Universal 'understands that it is not an agent for MBF and [that] this agreement does not confer upon it any powers of an agent.'") (citing MBF Program Agreement ¶ 6(d)) (alteration in original); Han Ex. 4 (Lina Kravic Decl. on behalf of Northern Leasing Systems, Inc.), ¶ 19 (Universal Merchant Services and MBF "are wholly unaffiliated and independent entities that do not share any principles [sic], directors or employees in common. MBF's relationship with Merchant Services is governed strictly by the Program Agreement which the parties negotiated at arms-length."). This further supports the finding that MBF and Universal are not in privity for the purpose of res judicata in this case.

The Court also finds that Universal Card has not shown that WRS is the real party in interest in the New York action, where

MBF expressly alleged claims against Han as a guarantor rather than in his capacity as an officer or agent of WRS.

In light of the Court's conclusion that MBF and Universal are not in privity, and res judicata does not apply, the Court need not consider whether Han and WRS are in privity. Because the New York counterclaims are brought against non-released party MBF rather than against Universal Card, Universal Card's motion to enforce the settlement must be denied regardless of the role of WRS in the New York lawsuit.

CONCLUSION

For the foregoing reasons, the Court DENIES Universal Card's motion to enforce the settlement agreement and permanently enjoin Han's state court counterclaims (Docket No. 694).

The Court GRANTS Universal Card's request for judicial notice (Docket No. 695).

IT IS SO ORDERED.

Dated: October 24, 2017

CLAUDIA WILKEN
United States District Judge

11