UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAINBOW BUSINESS SOLUTIONS, D/B/A PRECISION TUNE AUTO CARE; DIETZ TOWING, INC.; THE ROSE DRESS, INC.; VOLKER VON GLASENAPP; JERRY SU; VERENA BAUMGARTNER; TERRY JORDAN; ERIN CAMPBELL; AND LEWIS BAE on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MBF LEASING LLC; NORTHERN LEASING SYSTEMS, INC.; JAY COHEN; LEONARD MEZEI; SARA KRIEGER; SAM BUONO; AND SKS ASSOCIATES, LLC,<br><br>Defendants. | CASE NO. 10-cv-01993-CW<br><br>ORDER GRANTING FINAL APPROVAL OF APPLICATION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS<br><br>DATE: November 28, 2017<br>TIME: 2:30 p.m.<br><br>JUDGE: Hon. Claudia Wilken |

Class counsel have applied for an award of $1,600,000 in attorneys' fees and expenses and for an incentive award of $5,000 to each named plaintiff. Defendants do not oppose the application, and no objections to the application were received from settlement class members. For GOOD CAUSE shown, the Court finds and concludes as follows.

Class counsel have submitted detailed evidence that they incurred $117,571.65 in expenses and that prior counsel incurred $7890.69 in expenses, the recovery of which has been assigned to them. Of the total $125,462.34 in expenses, Class counsel were reimbursed $52,000.00 in connection with the settlement with the Merchant Services Defendants (Dkt. # 579), leaving a balance of $73,462.34. The Court finds that these expenses were reasonably incurred.

Class counsel also has submitted a detailed declaration summarizing the work performed during the more than seven years of investigation and litigation, totaling 7088.86 hours through August 31, 2017. Prior counsel has submitted declarations summarizing the work performed, totaling an additional 1499.80 hours of work. The hourly rates of all counsel range from $275 to $950 per hour, and $100 to $150 for support staff. Class counsel has computed the total lodestar as $5,062,299.50 through August 31. Additional work has been performed since that date. Class counsel previously received $871,000.00 in attorneys' fees in connection with the previous settlement with the Merchant Services Defendants, leaving a balance of $4,191,299.50. The fee request of $1,526,537.66 is only 30% of the total lodestar and 36% of the unreimbursed lodestar, meaning that counsel requests a "negative" or "fractional" multiplier of approximately 0.36.

The settlement negotiation was overseen by experienced mediators and no discussion of fees began until after all other terms of the settlement had been agreed. (Dkt. # 684, Safier Decl. ¶ 7.) *See, e.g., In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 2017 WL 1047834, at *4 (N.D. Cal., Mar. 17, 2017) ("Volkswagen's agreement not to oppose the application does not evidence collusion and was not obtained by Class Counsel to Class Members' detriment."); *G. F. v. Contra Costa Cty.*, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015) (noting that "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"). Thus, the Court finds that the negotiations about

fees, costs, and an incentive award could not have had any negative impact on the benefits made available to class members.

The requested fee award is paid pursuant to the statutory fee shifting provisions in the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§ 1964(c), and section 1021.5 of the California Code of Civil Procedure. This Court is required to analyze an attorneys' fee request based on either (1) the "lodestar" method or (2) a percentage of the total benefit made available to the settlement class, including costs, fees, and injunctive relief. *See e.g.*, *Nwabueze v. AT&T, Inc.*, No. C 09-01529 SI, 2014 WL 324262, at *2-3 (N.D. Cal. Jan. 29, 2014; *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *11-12 (E.D. Cal. Sept. 2, 2011); *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2007 WL 4105971, at *13-14 (N.D. Cal. Nov. 16, 2007).

Under the lodestar approach, "[t]he lodestar (or touchstone) is produced by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate." *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 26 (2000); *see also Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'") (alteration in original) (internal citation omitted) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative "multiplier to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained and the contingent risk presented." *Id.*; *see also Serrano v. Priest ("Serrano III")*, 20 Cal. 3d 25, 48-49 (1977); *Ramos v. Countrywide Home Loans, Inc*. 82 Cal. App. 4th 615, 622 (2000); *Beasley v. Wells Fargo Bank,* 235 Cal. App. 3d 1407, 1418 (1991) (multipliers are used to compensate counsel for the risk of loss, and to encourage counsel to undertake actions that benefit the public interest).

Having overseen this litigation for over seven years, the Court finds that the hours claimed were reasonably worked and that the rates charged are reasonable and commensurate with those

charged by attorneys with similar experience who appear in this Court. The Court also finds that Plaintiff's counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes at, and risks of proceeding to, trial. The fact that Plaintiffs' counsel are seeking substantially less in fees than they reasonably incurred further suggests there has been no collusion or self-dealing.

The fee award is also fair when cross-checked against the funds made available to the class, which is the standard used by the Ninth Circuit. *See, e.g., Williams v. MGM Pathe Communications Corp.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *Lopez v. Youngblood*, 2011 WL 10483569, *12 (E.D. Cal. Sept. 2, 2011) ("It is well established that, in claims made or class reversion cases where there is a maximum fund, and unclaimed funds revert to the defendant, it is appropriate to award class fund attorneys' fees based on the gross settlement fund") (citing Herbert B. Newberg and Alba Conte, *Newberg on Class Actions* § 14.6 (4th Ed.2007)).[1] The settlement makes available $5.6 million to the SKS Class and $3.6 million to the Property Tax Class. (Dkt. # 684, Safier Decl., ¶ 8; Dkt. # 693, p. 1-2.) The settlement also reaffirms the temporary restraining order and preliminary injunction that prevented the Defendants from debiting class members' accounts, saving class members another at least $7 million or more, perhaps as much as $12.3 million. (Dkt. # 668, p. 2, n. 2)[2] In addition, Defendants have agreed to pay costs of notice and claim administration, estimated at $800,000. (Dkt. # 724, Schachter Decl., ¶ 23), plus the fees and expenses of $1.6 million. Thus the grand total value of the settlement is at least $18.6 million. The requested fee award of just over $1.5 million equates to approximately 8% of this total. That amount is well below the 25-30% benchmark that the Ninth

---

[1] Fairness of the fee should be determined by the amount made available to the class, not the amount actually paid in claims. *Williams*, 129 F.3d at 1027 ("We conclude that the district court abused its discretion by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund or on the lodestar."); *accord Ellsworth v. U.S. Bank, N.A.,* 2015 WL 12952698, at *4 (N.D. Cal. Sept. 24, 2015) ("precedent requires courts to award class counsel fees based on the total benefits being made available to class members rather than the actual amount that is ultimately claimed"); *Miller v. Ghirardelli Chocolate Co.,* 2015 WL 758094, at *5 (N.D. Cal. Feb. 20, 2015) (same); *Miller v. Sw. Airlines Co.,* 2014 WL 11369764, at *2 (N.D. Cal. Mar. 21, 2014) (same).

[2] *Cf. Watson v. City of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (awarding attorneys fees; finding that the plaintiff prevailed where "the preliminary injunction had done its job").

Circuit has adopted. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989).

Plaintiffs have also requested an incentive award to each named plaintiff of $5,000. Incentive awards may be made to class representatives based on "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulty encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and (5) the personal benefit (of lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). This Court finds that all the named plaintiffs remained involved for many years, and incurred risks of liability for Defendants' costs for the lengthy litigation. Further, the named plaintiffs assumed responsibility for searching both personal and business records, and provided several years of banking records and other sensitive, private financial documents for inspection and questioning. They each responded to dozens of interrogatories and more than a hundred document requests. They participated in mediation, appeared for lengthy depositions, and submitted multiple declarations. They had little to personally gain from the litigation. In addition, they are releasing numerous claims beyond those released by members of the settlement classes, including claims relating to alleged fraud in the procurement of their leases and other unconscionable conduct. See Sett. Agt. ¶¶ 1.5, 8.2.[3] Accordingly, the incentive awards are approved.

For the foregoing reasons, the Court approves Class counsel's application for an award of $1,600,000 in attorneys' fees and expenses and an $5,000 incentive to each named plaintiff.

**IT IS SO ORDERED** this 5th day of December, 2017.

_____
HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[3] The named plaintiffs who are not class members are receiving $2500 each for the release of these individual claims.