GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAINBOW BUSINESS SOLUTIONS, INC.; et al.<br><br>Plaintiffs,<br><br>v.<br><br>MBF LEASING LLC, et al.,<br><br>Defendants. | CASE NO. 10-cv-01993-CW<br><br>ORDER AS MODIFIED GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT<br><br>DATE: November 28, 2017<br>TIME: 2:30 p.m.<br>JUDGE: Hon. Claudia Wilken |

Plaintiffs Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; The Rose Dress, Inc., Volker Von Glasenapp; Terry Jordan; and Erin Campbell (collectively, "Class Representatives") have moved the Court for final approval of a proposed class action settlement, the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on July 5, 2017 (Dkt.# 684-3), as amended on August 2, 2017 (Dkt. # 690-1) and October 27, 2017 (Dkt. # 722) ("Settlement Agreement"). Defendants Northern Leasing Systems, Inc.; MBF Leasing LLC; Northern Funding, Inc.; SKS Associates, LLC.; Jay Cohen; Leonard Mezei; Sara Krieger; and Sam Buono (collectively, "Leasing Defendants") have joined in the motion.

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefor, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered. As stated in the Settlement Agreement, the term "Plaintiffs" shall mean the Class Representatives, Verena Baumgartner d/b/a Burlingame Motors, and the Estate of Lewis Bae, collectively.

2. The Court has jurisdiction over this case and over all claims raised therein and all Parties thereto.

3. The Court finds and reaffirms its findings that the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for the members of the Settlement Class because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or

settlement as a method for the fair and efficient resolution of this matter. (See (Dkt. ## 581, 592.)

4. The Court hereby finally certifies the following Settlement Class: "all persons and businesses (1) who from March 26, 2006 to the present paid any Leasing Defendants property taxes based on a cost greater than the "equipment cost" or (2) whose lease numbers appeared on Schedule 1." A copy of Schedule 1 appears at Docket # 684-3. Excluded from the class are the Honorable Judge Claudia Wilken and any member of her immediate family; (2) any government entity; (3) any person or entity who acted as an independent sales organization or independent sales or marketing agent on behalf of Leasing Defendants with respect to any equipment finance lease; (4) the Leasing Defendants, and all of the Leasing Defendants' past and present officers, directors, attorneys, parents, subsidiaries, managers, successors, predecessors, agents, assigns, and legal representatives; (5) Antonio Piazza and Mark Segall and any members of their immediate families; and (6) any persons who timely opt-out of the Settlement Class, whose names are provided in Exhibit E to the November 14, 2017 Declaration of Eric Schachter Regarding Notice Administration (Dkt. # 724-2) .

5. The Court reaffirms its appointment of and finally appoints Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care; Dietz Towing, Inc.; The Rose Dress, Inc.; Volker Von Glasenapp; Terry Jordan; and Erin Campbell as Class Representatives, and Gutride Safier LLP as Class Counsel.

6. The Parties complied in all material respects with the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in section V of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Litigation; the existence and terms of the Settlement Agreement; their rights to make claims, opt out, or object; and the matters to be decided at the Final Approval Hearing. Further, the Notice Plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law including Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. The Claim Administrator provided notice of the Settlement to the appropriate state and federal government officials and

filed with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

The Court has determined that full opportunity has been given to the members of the Settlement Class, and federal and state officials, to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses and incentive awards, and otherwise participate in the Final Approval Hearing held on November 28, 2017. The Court has considered all filings and all arguments submitted at the final approval hearing objecting to the Settlement as well as the Parties' responses to those objections, and has determined, for all the reasons set forth in the Parties' responses, that none of the objections warrant disapproval of the Settlement Agreement.

Objector Guoxin Xing, owner of HD Auto-1 LLC, filed a written objection and appeared at the Final Approval Hearing. The Court grants his request to file his objection on November 3, 2017, three days after the deadline. Also, he submitted an additional written objection at the Final Approval Hearing, which the Court has considered. The Court shall file Guoxin Xing's additional written objection, submitted at the hearing, under seal because it pervasively includes and attaches information such as financial account numbers subject to protection under Federal Rule of Civil Procedure 5.2. He describes problems that he allegedly has had with Northern Leasing that are not part of this class litigation and that, as discussed at the Final Approval Hearing, are not addressed or released by the settlement and may be the subject of a new lawsuit. (Dkt. # 723.) His letter does not identify any problems with the settlement nor describe any claims involving either the SKS Post-Lease Expiration Class or the Property Tax Equipment Cost Basis Class. As his objection does not relate to the merits of the settlement, it is overruled.

The other objector, William Kaufman, objects that the settlement is an "abuse of the class action process" on the ground that the suit "does not result in a measurable benefit." (Dkt. # 699.) But Mr. Kaufman does not dispute, that the lawsuit (1) prevented Defendants from collecting at least $7 million from SKS class members (Dkt. # 668, p. 2, n. 2) and (2) makes an additional $9.2 million in cash benefits available to class members who submit claims. (Dkt. # 719, p. 7-9.) *Cf. Shames v. Hertz Corp.*, 2012 WL 5392159, at \*14 (S.D. Cal. Nov. 5, 2012) (under claims-made

settlement, analyzing fairness in terms of amount made available, explaining that "the parties in this case have negotiated a settlement that provides direct payment to class members and the value of which dwarfs the negotiated fee amount"); *see also Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, at *6 (C.D. Cal. July 27, 2015) ("BSH's agreement up front to be on the hook for all valid claims is worth something greater than simply the value of the actual payment that will be made to class members."). He also objects that he could not determine if he was a class member, but contact information for class counsel and the claim administrator was provided to him in the notice. Finally, he objects that the notice did not contain instructions on how to write to the court to object, but this Court has reviewed the notice, and finds that it did. (Dkt. # 724, Schachter Decl., Ex. C, p. 6.) His objections are overruled.

7. The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for all the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of independent, well respected, and experienced mediators; the record was sufficiently developed and complete through meaningful discovery and motion proceedings to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; the Litigation involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this matter; the Settlement provides meaningful remedial and monetary benefits for the disputed claims; and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests.

8. The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the Class Claims. The relief provided to the settling Class Members under the Settlement Agreement is appropriate as to the individual members of the settling Class and to the Class as a whole. All requirements of statute, rule, and Constitution necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Settlement Agreement in accordance with its

terms.

9. By operation of this Final Approval Order and Judgment, Plaintiffs on the one hand, and the Released Parties (defined below) on the other hand, shall have unconditionally, completely, and irrevocably released and forever discharged each other from and shall be forever barred from instituting, maintaining, or prosecuting any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, that Plaintiffs on the one hand, and Released Parties on the other hand, have had in the past, or now have, related in any manner to the Released Parties' products, services or business affairs, and any and all other claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Plaintiffs on the one hand, and Released Parties on the other hand, have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.

10. By operation of this Final Approval Order and Judgment, members of the Property Tax Equipment Cost Basis Class shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, which were or could have been asserted in the Litigation and that are based on allegations that, during the period from March 26, 2006 to 2010, while assessing the members of the Property Tax Equipment Cost Basis Class for property taxes allegedly owing on leased equipment, Leasing Defendants computed the taxes by (i) using an inflated cost basis, (ii) failing to use the actual "equipment cost," or (iii) using an "acquisition cost" that improperly included commissions paid to ISOs who induced merchants to enter into the leases.

11. By operation of this Final Approval Order and Judgment, members of the SKS Post-

Lease Expiration Class shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, which were or could have been asserted in the Litigation and that are based on allegations that, in 2011, Leasing Defendants conspired to defraud members of the SKS Post-Lease Expiration Class by: collecting purported taxes that were not actually due nor paid to any taxing authority, conducting a faulty simulation to determine how much to charge those former lessees in property taxes and purported administrative fees, or attempting to collect or collecting the purported taxes and fees shown on Schedule 1 after leases had expired.

12A. Notwithstanding any language in section 8.1 of the Settlement Agreement, the only claims released by Settlement Class Members are those set forth in paragraphs 11 and 12 of this Order. For avoidance of doubt, claims based on the allegations described in section 1.5 of the Settlement Agreement are released only by the named Plaintiffs, not by Settlement Class Members.

12. "Released Parties" means all of the Leasing Defendants, and all of Leasing Defendants' past and present officers, directors, attorneys, shareholders, members, parents, subsidiaries, managers, successors, predecessors, agents, assigns, and legal representatives. Plaintiffs (with respect to the claims released in paragraph 10 of this Order), Property Tax Equipment Cost Basis Class Members (only with respect to the claims released in paragraph 11 of this Order) and SKS Post-Lease Expiration Class (only with respect to the claims released in paragraph 12 of this Order) shall, by operation of this Final Approval Order and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code § 1542, and any similar law of any state or territory of the United States or principle of common law. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

13. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

14. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Agreement, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Agreement, in any proceeding in any court, administrative agency, or other tribunal. Leasing Defendants' support of entry of this Final Approval Order shall not be construed as an admission or concession by Leasing Defendants that class certification was appropriate in the Litigation or would be appropriate in any other action.

15. For the reasons stated in the separate Order on Class Counsel's Application for an award of attorneys' fees and costs and incentives, Leasing Defendants shall pay Class Counsel $1,600,000.00 in fees and expenses and shall pay incentive awards as follows:

> Jerry Su and Rainbow Business Solutions, d/b/a/ Precision Tune Auto Care, collectively: $5,000.00
>
> Terry Jordan and Dietz Towing, Inc., collectively: $5,000.00
>
> Volker Von Glasenapp: $5,000.00
>
> Erin Campbell: $5,000.00

In addition, Leasing Defendants shall pay Verena Baumgartner d/b/a Burlingame Motors $2,500, and the Estate of Lewis Bae and The Rose Dress, Inc., collectively, $2,500, in consideration for the release of their individual claims as set forth in paragraph 10 of this Order. All amounts set forth in this paragraph shall be paid according to the terms of the Settlement Agreement.

16. Except as provided in this Order, Plaintiffs shall take nothing against Leasing Defendants by their Complaint, and final judgment shall be entered thereon, as set forth in this Order.

17. Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction to enforce, interpret, and implement the Settlement Agreement.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

19. The Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED** this 5th day of December, 2017.

_____
HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE